# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## MIDLAND/ODESSA DIVISION

|  |  |
|---|---|
| CHIP PACKAGING TECHNOLOGIES, LLC,<br>*Plaintiff,*<br><br>v.<br><br>STMICROELECTRONICS, INC.,<br>*Defendant.* | Civil Action No. 7:25-cv-00505-DC-DTG<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANT STMICROELECTRONICS, INC.'S ANSWER AND COUNTERCLAIMS TO PLAINTIFF CHIP PACKAGING TECHNOLOGIES, LLC'S FIRST AMENDED COMPLAINT

Defendant STMicroelectronics, Inc. ("ST" or "Defendant") hereby files its Answer to Plaintiff Chip Packaging Technologies, LLC's ("Chip Packaging" or "Plaintiff") First Amended Complaint for Patent Infringement and Damages and Demand for Jury Trial filed on January 22, 2026 ("FAC") (ECF No. 27).

Except as expressly admitted below, ST denies each and every allegation set forth in the FAC. Any factual allegation admitted below is admitted only as to the specific admitted facts, and not as to any purported conclusions, characterizations, or implications that might follow from the admitted facts. For example, the FAC purports to reproduce various images or depictions of ST products; ST does not concede the accuracy or authenticity of any such image or depiction. Pending further investigation and in the absence of evidence to the contrary, ST specifically denies that such images or depictions are accurate or authentic and further denies the Plaintiff's characterization of such images or depictions. ST responds to the numbered paragraphs of the FAC and prayer for relief as follows:

## PLAINTIFF'S ALLEGATIONS REGARDING THE PARTIES

1.      ST is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 1 of the FAC and therefore denies them.

2.      ST is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 2 of the FAC and therefore denies them.

3.       ST admits the allegations of Paragraph 3 of the FAC.

4.      ST admits that it has an office at 11809 Domain Drive, Suite 300, Austin, Texas 78758, and that its registered agent is CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201. The remaining allegations of Paragraph 4 of the FAC contain legal conclusions to which no response is required.

## PLAINTIFF'S ALLEGATIONS REGARDING JURISDICTION AND VENUE

5.      ST admits that the FAC purports to present a claim for patent infringement arising under the patent laws of the United States and that this Court has subject matter jurisdiction over such claims.

6.      Paragraph 6 of the FAC contains legal conclusions to which no response is required. ST does not contest personal jurisdiction at this time and for purposes of this litigation only. ST admits that it conducts business in this District, but ST specifically denies committing any acts of infringement in this District, the state of Texas, or elsewhere.

7.      ST denies the allegations of Paragraph 7 of the FAC.

8.      ST denies infringing any of the asserted patents in this District, the State of Texas, or elsewhere. ST admits that it conducts certain business in this District and the State of Texas and derives revenue from those business activities, but ST expressly denies any allegation of infringement or wrongdoing with respect to such activities.

9.      Paragraph 9 of the FAC contains legal conclusions to which no response is required. ST does not contest personal jurisdiction at this time and for purposes of this litigation only.

10.     Paragraph 10 of the FAC contains legal conclusions to which no response is required. ST does not contest personal jurisdiction at this time and for purposes of this litigation only. ST admits only that it conducts certain business in this District and the State of Texas but expressly denies any allegation of infringement or wrongdoing with respect to such activities.

11.     Paragraph 11 of the FAC contains legal conclusions to which no response is required. ST does not contest personal jurisdiction at this time and for purposes of this litigation only. ST admits only that it conducts certain business in this District and the State of Texas but expressly denies any allegation of infringement or wrongdoing with respect to such activities.

12.     Paragraph 12 of the FAC contains legal conclusions to which no response is required. At this time and for purposes of this action only, ST does not contest that venue is proper in this district, but ST expressly denies that this District is the most convenient forum for this action. ST admits that it conducts certain business in this District and the State of Texas but expressly denies any allegation of infringement or wrongdoing with respect to such activities.

13.     ST admits the allegations of Paragraph 13 of the FAC.

14.     ST admits the allegations of Paragraph 14 of the FAC.

15.     ST admits that it has not contested venue in certain prior actions in this District and previously made admissions regarding its facilities and employees in this District but denies that those prior admissions are relevant to the present action.

**PLAINTIFF'S ALLEGATIONS REGARDING THE ASSERTED PATENTS**

16.     ST admits that U.S. Patent No. 9,263,299 (the "'299 Patent") is titled "Exposed Die Clip Bond Power Package" and indicates on its face that it issued on February 16, 2016. ST admits

that a copy of the '299 Patent appears to have been attached as Exhibit A to the FAC. ST denies the remaining allegations of Paragraph 16 of the FAC.

17.    Paragraph 17 of the FAC states legal conclusions to which no response is necessary. To the extent a response is necessary, ST is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 17 of the FAC and therefore denies them.

18.    ST admits that U.S. Patent No. 9,299,646 (the "'646 Patent") is titled "Lead Frame with Power and Ground Bars" and indicates on its face that it issued on March 29, 2016. ST admits that a copy of the '646 Patent appears to have been attached as Exhibit B to the FAC. ST denies the remaining allegations of Paragraph 18 of the FAC.

19.    Paragraph 19 of the FAC states legal conclusions to which no response is necessary. To the extent a response is necessary, ST is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 19 of the FAC and therefore denies them.

20.    ST admits that U.S. Patent No. 8,643,189 (the "'189 Patent") is titled "Packaged Semiconductor Die with Power Rail Pads" and indicates on its face that it issued on February 4, 2014. ST admits that a copy of the '189 Patent appears to have been attached as Exhibit C to the FAC. ST denies the remaining allegations of Paragraph 20 of the FAC.

21.    Paragraph 21 of the FAC states legal conclusions to which no response is necessary. To the extent a response is necessary, ST is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 21 of the FAC and therefore denies them.

22.    ST admits that U.S. Patent No. 9,685,351 (the "'351 Patent") is titled "Wire Bond Mold Lock Method and Structure" and indicates on its face that it issued on June 20, 2017. ST

admits that a copy of the '351 Patent appears to have been attached as Exhibit D to the FAC. ST denies the remaining allegations of Paragraph 22 of the FAC.

23.    Paragraph 23 of the FAC states legal conclusions to which no response is necessary. To the extent a response is necessary, ST is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 23 of the FAC and therefore denies them.

24.    ST admits that U.S. Patent No. 10,151,658 (the "'658 Patent") is titled "Pressure-sensing Integrated Circuit Device with Diaphragm" and indicates on its face that it issued on December 11, 2018. ST admits that a copy of the '658 Patent appears to have been attached as Exhibit E to the FAC. ST denies the remaining allegations of Paragraph 24 of the FAC.

25.    Paragraph 25 of the FAC states legal conclusions to which no response is necessary. To the extent a response is necessary, ST is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 25 of the FAC and therefore denies them.

26.    Paragraph 26 contains legal conclusions to which no response is necessary. To the extent a response is necessary, ST denies the allegations in Paragraph 26 of the FAC.

### PLAINTIFF'S FACTUAL ALLEGATIONS

27.    ST denies the allegations of Paragraph 27 of the FAC.

28.    ST admits that the '299 Patent names as inventors Leonardus Antonius Elisabeth van Gemert and Emil Casey Israel and lists the assignee as NXP B.V. ST is without information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 28 of the FAC and therefore denies them.

29.    ST admits that the '646 Patent names as inventors Shailesh Kumar and Piyush Kumar Mishra and lists the assignee as Freescale Semiconductor, Inc. ST is without information

sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 29 of the FAC and therefore denies them.

30.     ST admits that the '189 Patent names as inventors Boon Yew Low, Navas Khan Oratti Kalandar, and Lan Chu Tan and lists the assignee as Freescale Semiconductor, Inc. ST is without information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 30 of the FAC and therefore denies them.

31.     ST admits that the '351 Patent names as inventor Leo M. Higgins, III and lists the assignee as NXP USA, Inc. ST is without information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 31 of the FAC and therefore denies them.

32.     ST admits that the '658 Patent names as inventors Mariano Layson Ching, Jr., Allen M. Descartin, and Alexander M. Arayata and lists the assignee as NXP USA, Inc. ST is without information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 32 of the FAC and therefore denies them.

33.     ST admits that the STL220N6F7 and SPC582B60E1 products are available to purchase through one or more authorized distributors in the United States. ST denies that the website located at www.st.com is operated by Defendant STMicroelectronics, Inc. ST admits that the web page located at the cited web address appears to list certain distributors but denies that the web page "specifically identifies its distributors that ship into the United States." ST is without information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 33 of the FAC and therefore denies them.

34.     ST denies that the website located at www.st.com is operated by Defendant STMicroelectronics, Inc. ST admits that the STL220N6F7 appears to be available for purchase from the cited web address. ST is without information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 34 of the FAC and therefore denies them.

35.    ST denies that the website located at www.st.com is operated by Defendant STMicroelectronics, Inc. ST admits that certain products in the SPC582B60E1 family are available to purchase in the United States. ST admits that the SPC582B60E1 appears to be available for purchase from the web page reproduced in the FAC. ST is without information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 35 of the FAC and therefore denies them.

36.    ST denies that the website located at www.st.com is operated by Defendant STMicroelectronics, Inc. ST admits that the STM32G071CB product is available to purchase in the United States. ST is without information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 36 of the FAC and therefore denies them.

37.    ST denies that the website located at www.st.com is operated by Defendant STMicroelectronics, Inc. ST admits that the SR5E1E7 and SR5E1E770C30F products are available to purchase in the United States. ST is without information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 37 of the FAC and therefore denies them.

38.    ST denies that the website located at www.st.com is operated by Defendant STMicroelectronics, Inc. ST admits that the LPS28DFW product is available to purchase in the United States. ST admits that the LPS28DFW appears to be available for purchase from the cited web address. ST is without information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 38 of the FAC and therefore denies them.

### FIRST COUNT
### (Alleged Infringement of U.S. Patent No. 9,263,299)

39.    ST hereby restates and incorporates its responses in the preceding Paragraphs 1-38 by reference as if fully stated herein.

40.    ST denies the allegations of Paragraph 40 of the FAC.

41.    ST denies the allegations of Paragraph 41 of the FAC.

42.    ST denies the allegations of Paragraph 42 of the FAC.

43.    ST admits that Paragraph 43 of the FAC purports to quote Claim 1 of the '299 Patent.

44.    ST admits that the FAC reproduces photographs of what is represented to be an ST STL220N6F7. ST denies the remaining allegations of Paragraph 44 of the FAC.

45.    ST denies the allegations of Paragraph 45 of the FAC.

46.    ST denies the allegations of Paragraph 46 of the FAC.

47.    ST denies the allegations of Paragraph 47 of the FAC.

48.    ST denies the allegations of Paragraph 48 of the FAC.

49.    ST denies the allegations of Paragraph 49 of the FAC.

50.    ST denies the allegations of Paragraph 50 of the FAC.

51.    ST denies the allegations of Paragraph 51 of the FAC.

52.    ST denies that Chip Packaging needs additional fact or expert discovery to sufficiently conclude that ST does not infringe the '299 Patent. ST denies the remaining allegations of Paragraph 52 of the FAC.

53.    ST denies the allegations of Paragraph 53 of the FAC.

54.    ST denies the allegations of Paragraph 54 of the FAC.

55.    ST denies the allegations of Paragraph 55 of the FAC.

56.    ST denies the allegations of Paragraph 56 of the FAC.

57.    ST specifically denies that its products practice the asserted claims of the '299 Patent such that any license is required. ST is currently investigating whether it has a licensing

defense to the '299 Patent and on that basis denies the remaining allegations of Paragraph 57 of the FAC.

58.    ST denies the allegations of Paragraph 58 of the FAC.

59.    ST denies any wrongdoing or infringement or that any ST activity or product has caused damages to Chip Packaging. ST specifically denies that Chip Packaging is entitled to any monetary damages and/or reasonable royalty. Any remaining allegations of Paragraph 59 are denied.

## SECOND COUNT
### (Alleged Infringement of U.S. Patent No. 9,299,646)

60.    ST hereby restates and incorporates its responses in the preceding Paragraphs 1-59 by reference as if fully stated herein.

61.    ST denies the allegations of Paragraph 61 of the FAC.

62.    ST denies the allegations of Paragraph 62 of the FAC.

63.    ST denies the allegations of Paragraph 63 of the FAC.

64.    ST admits that Paragraph 64 of the FAC purports to quote Claim 1 of the '646 Patent.

65.    ST admits that the FAC purports to reproduce a photograph of what is represented to be an SPC58 series semiconductor device. ST denies the remaining allegations of Paragraph 65 of the FAC.

66.    ST denies the allegations of Paragraph 66 of the FAC.

67.    ST denies the allegations of Paragraph 67 of the FAC.

68.    ST denies the allegations of Paragraph 68 of the FAC.

69.    ST denies the allegations of Paragraph 69 of the FAC.

70.    ST denies the allegations of Paragraph 70 of the FAC.

71.     ST denies the allegations of Paragraph 71 of the FAC.

72.     ST denies that Chip Packaging needs additional fact or expert discovery to sufficiently conclude that ST does not infringe the '646 Patent. ST denies the remaining allegations of Paragraph 72 of the FAC.

73.     ST denies the allegations of Paragraph 73 of the FAC.

74.     ST denies the allegations of Paragraph 74 of the FAC.

75.     ST denies the allegations of Paragraph 75 of the FAC.

76.     ST specifically denies that its products practice the asserted claims of the '646 Patent such that any license is required. ST is currently investigating whether it has a licensing defense to the '646 Patent and on that basis denies the remaining allegations of Paragraph 76 of the FAC.

77.     ST denies the allegations of Paragraph 77 of the FAC.

78.     ST specifically denies any wrongdoing or infringement or that any ST activity or product has caused damages to Chip Packaging. ST specifically denies that Chip Packaging is entitled to any monetary damages and/or reasonable royalty. Any remaining allegations of Paragraph 78 are denied.

### THIRD COUNT
### (Alleged Infringement of U.S. Patent No. 8,643,189)

79.     ST hereby restates and incorporates its responses in the preceding Paragraphs 1-78 by reference as if fully stated herein.

80.     ST denies the allegations of Paragraph 80 of the FAC.

81.     ST denies the allegations of Paragraph 81 of the FAC.

82.     ST denies the allegations of Paragraph 82 of the FAC.

83.     ST admits that Paragraph 83 of the FAC purports to quote Claim 1 of the '189 Patent.

84.     ST admits that the FAC appears to reproduce photographs of what is represented to be an STM32G071CB. ST denies the remaining allegations of Paragraph 84 of the FAC.

85.     ST denies the allegations of Paragraph 85 of the FAC.

86.     ST denies the allegations of Paragraph 86 of the FAC.

87.     ST denies the allegations of Paragraph 87 of the FAC.

88.     ST denies the allegations of Paragraph 88 of the FAC.

89.     ST denies the allegations of Paragraph 89 of the FAC.

90.     ST denies that Chip Packaging needs additional fact or expert discovery to sufficiently conclude that ST does not infringe the '189 Patent. ST denies the remaining allegations of Paragraph 90 of the FAC.

91.     ST denies the allegations of Paragraph 91 of the FAC.

92.     ST denies the allegations of Paragraph 92 of the FAC.

93.     ST denies the allegations of Paragraph 93 of the FAC.

94.     ST specifically denies that its products practice the asserted claims of the '189 Patent such that any license is required. ST is currently investigating whether it has a licensing defense to the '189 Patent and on that basis denies the remaining allegations of Paragraph 94 of the FAC.

95.     ST denies the allegations of Paragraph 95 of the FAC.

96.     ST specifically denies any wrongdoing or infringement or that any ST activity or product has caused damages to Chip Packaging. ST specifically denies that Chip Packaging is entitled to any monetary damages and/or reasonable royalty. Any remaining allegations of Paragraph 96 are denied.

## FOURTH COUNT
### (Alleged Infringement of U.S. Patent No. 9,685,351)

97.     ST hereby restates and incorporates its responses in the preceding Paragraphs 1-96 by reference as if fully stated herein.

98.     ST denies the allegations of Paragraph 98 of the FAC.

99.     ST denies the allegations of Paragraph 99 of the FAC.

100.    ST denies the allegations of Paragraph 100 of the FAC.

101.    ST admits that Paragraph 101 of the FAC purports to recite Claim 1 of the '351 Patent.

102.    ST denies the allegations of Paragraph 102 of the FAC.

103.    ST denies the allegations of Paragraph 103 of the FAC.

104.    ST denies the allegations of Paragraph 104 of the FAC.

105.    ST denies the allegations of Paragraph 105 of the FAC.

106.    ST denies that Chip Packaging needs additional fact or expert discovery to sufficiently conclude that ST does not infringe the '351 Patent. ST denies the remaining allegations of Paragraph 106 of the FAC.

107.    ST denies the allegations of Paragraph 107 of the FAC.

108.    ST denies the allegations of Paragraph 108 of the FAC.

109.    ST denies the allegations of Paragraph 109 of the FAC.

110.    ST denies the allegations of Paragraph 110 of the FAC.

111.    ST specifically denies that its products practice the asserted claims of the '351 Patent such that any license is required. ST is currently investigating whether it has a licensing defense to the '351 Patent and on that basis denies the remaining allegations of Paragraph 111 of the FAC.

112.    ST denies the allegations of Paragraph 112 of the FAC.

113.    ST specifically denies any wrongdoing or infringement or that any ST activity or product has caused damages to Chip Packaging. ST specifically denies that Chip Packaging is entitled to any monetary damages and/or reasonable royalty. Any remaining allegations of Paragraph 113 are denied.

**FIFTH COUNT**
**(Alleged Infringement of U.S. Patent No. 10,151,658)**

114.    ST hereby restates and incorporates its responses in the preceding Paragraphs 1-113 by reference as if fully stated herein.

115.    ST denies the allegations of Paragraph 115 of the FAC.

116.    ST denies the allegations of Paragraph 116 of the FAC.

117.     ST denies the allegations of Paragraph 117 of the FAC.

118.    ST admits that Paragraph 118 of the FAC purports to recite Claim 1 of the '658 Patent.

119.    ST admits that the FAC appears to reproduce images from a LPS28DFW datasheet (available at https://www.st.com/resource/en/datasheet/lps28dfw.pdf). ST denies the remaining allegations of Paragraph 119 of the FAC.

120.    ST denies the allegations of Paragraph 120 of the FAC.

121.    ST denies the allegations of Paragraph 121 of the FAC.

122.    ST denies the allegations of Paragraph 122 of the FAC.

123.    ST denies the allegations of Paragraph 123 of the FAC.

124.    ST denies the allegations of Paragraph 124 of the FAC.

125.    ST denies that Chip Packaging needs additional fact or expert discovery to sufficiently conclude that ST does not infringe the '658 Patent. ST denies the remaining allegations of Paragraph 125 of the FAC.

126.    ST denies the allegations of Paragraph 126 of the FAC.

127.    ST denies the allegations of Paragraph 127 of the FAC.

128.    ST denies the allegations of Paragraph 128 of the FAC.

129.    ST denies the allegations of Paragraph 129 of the FAC.

130.    ST specifically denies that its products practice the asserted claims of the '658 Patent such that any license is required. ST is currently investigating whether it has a licensing defense to the '658 Patent and on that basis denies the remaining allegations of Paragraph 130 of the FAC.

131.    ST denies the allegations of Paragraph 131 of the FAC.

132.    ST specifically denies any wrongdoing or infringement or that any ST activity or product has caused damages to Chip Packaging. ST specifically denies that Chip Packaging is entitled to any monetary damages and/or reasonable royalty. Any remaining allegations of Paragraph 132 are denied.

## **PRAYER FOR RELIEF**

133.    To the extent a response is required, ST denies the allegations contained in Plaintiff's Prayer for Relief, and ST further denies that Plaintiff is entitled to any relief whatsoever, including any of the relief sought in Paragraphs a through f of its Prayer for Relief.  Plaintiff's Prayer for Relief should, therefore, be denied in its entirety and with prejudice, and Plaintiff should take nothing.

## JURY DEMAND

ST admits that the FAC sets forth a demand for a trial by jury on issues so triable.  ST similarly requests a trial by jury.

***

## ST'S DEFENSES

ST asserts the following defenses. By articulating these defenses, ST does not impliedly concede the burden of proof with respect to any issue on which the plaintiff bears the burden of proof under applicable law. ST reserves the right to assert additional defenses as warranted by the facts that may be uncovered through subsequent investigation and discovery.  ST reserves the right to supplement, modify, or amend this Answer to expand on these defenses or to assert additional defenses.

ST incorporates by reference the responses contained in paragraphs 1-133.

### FIRST DEFENSE
### (Non-Infringement)

134.    ST does not infringe and has not infringed directly or indirectly, either literally or under the doctrine of equivalents, or in any other manner, and is not liable for infringement of any valid and enforceable claim of the '299 Patent, the '646 Patent, the '189 Patent, the '351 Patent, or the '658 Patent.

### SECOND DEFENSE
### (Invalidity)

135.    The claims of the '299 Patent, the '646 Patent, the '189 Patent, the '351 Patent, and the '658 Patent are invalid for failing to comply with one or more of the requirements of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112.

## THIRD DEFENSE
### (Estoppel)

136.    Plaintiff's claims are barred in whole or in part on the basis of estoppel and/or waiver. For example and without limitations, Plaintiff's claims are barred in whole or in part on the basis of prosecution history estoppel based on amendments, statements, admissions, omissions, representations, disclaimers, or disavowals made during the prosecution of the applications that led to the '299 Patent, the '646 Patent, the '189 Patent, the '351 Patent, and the '658 Patent, their parents, or their continuation applications (or any subsequent post-grant proceeding).

## FOURTH DEFENSE
### (Limitation on Damages)

137.    Plaintiff's claim for damages, if any, against ST is barred in whole or in part under 35 U.S.C. §§ 286 and 287. Under § 287, Plaintiff is prohibited from recovering damages for any activities alleged to have occurred before Plaintiff provided actual or constructive notice of activities alleged to infringe with respect to ST products or services.  Although Plaintiff provided a conclusory allegation of compliance with § 287 (see paragraph 26), Plaintiff provides no evidence of any actual compliance with the marking requirements of the statute despite purporting to have obtained the patents from practicing entities NXP B.P., NXP USA, Inc. and/or Freescale Semiconductor, Inc.

138.    On information and belief, one or more products offered for sale by NXP B.P., NXP USA, Inc. and/or Freescale Semiconductor, Inc. (or other prior assignees or licensees) were subject to a marking requirement with respect to one or more of the '299 Patent, the '646 Patent, the '189 Patent, the '351 Patent, and the '658 Patent, and the failure to mark such products limits Plaintiff's ability to recover pre-suit damages under the marking requirements of § 287.

## FIFTH DEFENSE
### (Failure to State a Claim)

139.   Plaintiff's FAC fails to state a claim upon which relief may be granted.   For example, Plaintiff's FAC is based on implausible or incorrect evidence, allegations, or legal interpretations, including but not limited to unreasonable or unsubstantiated arguments and claim constructions, that preclude Plaintiff's claim for relief.

## SIXTH DEFENSE
### (License/Exhaustion)

140.   ST is currently investigating whether any applicable license covers one or more of the '299 Patent, the '646 Patent, the '189 Patent, the '351 Patent, and the '658 Patent.   Accordingly, Plaintiff's claims may be barred by express or implied license or by the doctrine of exhaustion.

## SEVENTH DEFENSE
### (Extraterritoriality)

141.   To the extent that Plaintiff's claims are directed to activities that occur outside the United States, Plaintiff's claims are barred or limited by the jurisdictional reach of the U.S. patent laws including but not limited to § 271(a).

## EIGHTH DEFENSE
### (Acts of Others)

142.   To the extent that Plaintiff's allegations against ST are based in whole or in part on the actions of persons or entities other than Defendant STMicroelectronics, Inc., ST is not responsible for nor exerts any direction or control over the actions of such other persons or entities.

## ST'S COUNTERCLAIMS

143.   Counterclaim-Plaintiff ST, by their undersigned counsel, counterclaim and allege, with knowledge with respect to its own acts and on information and belief as to others, as follows:

## THE PARTIES

144.    On information and belief, including based on Plaintiff's representations in its FAC, Chip Packaging is a Texas limited liability company with its principal place of business located at 5830 Granite Parkway, Suite #100-216, Plano, TX 75024.

145.    Defendant ST is a corporation organized and existing under the laws of Delaware with its principal place of business at 750 Canyon Drive, Suite 300, Coppell, Texas 75019.

## JURISDICTION AND VENUE

146.    This is an action for a declaration that each and every claim of the Asserted Patents is invalid, unenforceable, and not infringed pursuant to the Patent Laws of the United States, 35 U.S.C. § 101, et seq. Accordingly, this Court has subject matter jurisdiction under the Federal Declaratory Judgment Act, Title 28, United States Code §§ 2201 and 2202, and under Title 28, United States Code §§ 1331 and 1338(a).

147.    An actual, substantial, and continuing justiciable controversy exists between Counter-Plaintiff ST and Counter-Defendant Chip Packaging.  The controversy regards disputed issues of fact and law regarding the non-infringement, invalidity, and unenforceability of the claims of the '299 Patent, the '646 Patent, the '189 Patent, the '351 Patent, and the '658 Patent under the applicable patent laws cited above.

148.    Under 28 U.S.C. §§ 1391 and 1400(b), venue is proper for Counter-Plaintiff ST's counterclaims against Counter-Defendant Chip Packaging.

149.    By asserting these counterclaims, ST does not impliedly or expressly accept that this Court is the most convenient forum, and ST expressly reserves the right to file a motion to transfer to a more convenient forum under 28 U.S.C. § 1404.

150.    Counter-Plaintiff ST brings the following counterclaims pursuant to Rule 13 of the Federal Rules of Civil Procedure:

18

## COUNT 1
### (Declaration of Non-Infringement of U.S. Patent 9,263,299)

151.    Counter-Plaintiff ST realleges and incorporates by references the allegations of paragraphs 143-150 as though fully set forth herein.

152.    This is an action for declaratory judgment of non-infringement of any and all valid and enforceable claims of the '299 Patent.

153.    Counter-Plaintiff ST has not infringed and does not infringe any valid and enforceable claim of the '299 Patent literally, directly, indirectly (such as contributorily or by way of inducement), willfully, or under the doctrine of equivalents.

154.    There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between ST and Chip Packaging as to whether ST infringes any valid and enforceable claim of the '299 Patent.

155.    Counter-Plaintiff ST requests a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited in Paragraphs 151-155 above. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties in this regard.

## COUNT 2
### (Declaration of Non-Infringement of U.S. Patent 9,299,646)

156.    Counter-Plaintiff ST realleges and incorporates by references the allegations of paragraphs 143-155 as though fully set forth herein.

157.    This is an action for declaratory judgment of non-infringement of any and all valid and enforceable claims of the '646 Patent.

158.    Counter-Plaintiff ST has not infringed and does not infringe any valid and enforceable claim of the '646 Patent literally, directly, indirectly (such as contributorily or by way of inducement), willfully, or under the doctrine of equivalents.

159.    There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between ST and Chip Packaging as to whether ST infringes any valid and enforceable claim of the '646 Patent.

160.    Counter-Plaintiff ST requests a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited in Paragraphs 156-160 above. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties in this regard.

### COUNT 3
### (Declaration of Non-Infringement of U.S. Patent 8,643,189)

161.    Counter-Plaintiff ST realleges and incorporates by references the allegations of paragraphs 143-160 as though fully set forth herein.

162.    This is an action for declaratory judgment of non-infringement of any and all valid and enforceable claims of the '189 Patent.

163.    Counter-Plaintiff ST has not infringed and does not infringe any valid and enforceable claim of the '189 Patent literally, directly, indirectly (such as contributorily or by way of inducement), willfully, or under the doctrine of equivalents.

164.    There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between ST and Chip Packaging as to whether ST infringes any valid and enforceable claim of the '189 Patent.

165.    Counter-Plaintiff ST requests a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited in Paragraphs 161-164 above. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties in this regard.

**COUNT 4**
**(Declaration of Non-Infringement of U.S. Patent 9,685,351)**

166.    Counter-Plaintiff ST realleges and incorporates by references the allegations of paragraphs 143-165 as though fully set forth herein.

167.    This is an action for declaratory judgment of non-infringement of any and all valid and enforceable claims of the '351 Patent.

168.    Counter-Plaintiff ST has not infringed and does not infringe any valid and enforceable claim of the '351 Patent literally, directly, indirectly (such as contributorily or by way of inducement), willfully, or under the doctrine of equivalents.

169.    There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between ST and Chip Packaging as to whether ST infringes any valid and enforceable claim of the '351 Patent.

170.    Counter-Plaintiff ST requests a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited in Paragraphs 166-169 above. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties in this regard.

**COUNT 5**
**(Declaration of Non-Infringement of U.S. Patent 10,151,658)**

171.    Counter-Plaintiff ST realleges and incorporates by references the allegations of paragraphs 143-170 as though fully set forth herein.

172.    This is an action for declaratory judgment of non-infringement of any and all valid and enforceable claims of the '658 Patent.

173.    Counter-Plaintiff ST has not infringed and does not infringe any valid and enforceable claim of the '658 Patent literally, directly, indirectly (such as contributorily or by way of inducement), willfully, or under the doctrine of equivalents.

174.    There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between ST and Chip Packaging as to whether ST infringes any valid and enforceable claim of the '658 Patent.

175.    Counter-Plaintiff ST requests a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited in Paragraphs 171-174 above. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties in this regard.

### COUNT 6
### (Declaration of Invalidity of U.S. Patent 9,263,299)

176.    Counter-Plaintiff ST realleges and incorporates by references the allegations of paragraphs 143-175 as though fully set forth herein.

177.    This is an action for declaratory judgment of any and all claims of the '299 Patent.

178.    The '299 Patent, and each claim thereof, is invalid for failure to comply with one or more of the conditions and requirements of patentability set forth in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

179.    There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between ST and Chip Packaging as to whether ST infringes any valid and enforceable claim of the '299 Patent.

180.    Counter-Plaintiff ST requests a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited in Paragraphs 176-179 above. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties in this regard.

## COUNT 7
### (Declaration of Invalidity of U.S. Patent 9,299,646)

181.    Counter-Plaintiff ST realleges and incorporates by references the allegations of paragraphs 143-180 as though fully set forth herein.

182.    This is an action for declaratory judgment of any and all claims of the '646 Patent.

183.    The '646 Patent, and each claim thereof, is invalid for failure to comply with one or more of the conditions and requirements of patentability set forth in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

184.    There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between ST and Chip Packaging as to whether ST infringes any valid and enforceable claim of the '646 Patent.

185.    Counter-Plaintiff ST requests a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited in Paragraphs 181-184 above. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties in this regard.

## COUNT 8
### (Declaration of Invalidity of U.S. Patent 8,643,189)

186.    Counter-Plaintiff ST realleges and incorporates by references the allegations of paragraphs 143-185 as though fully set forth herein.

187.    This is an action for declaratory judgment of any and all claims of the '189 Patent.

188.    The '189 Patent, and each claim thereof, is invalid for failure to comply with one or more of the conditions and requirements of patentability set forth in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

189.    There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between ST and Chip Packaging as to whether ST infringes any valid and enforceable claim of the '189 Patent.

190.    Counter-Plaintiff ST requests a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited in Paragraphs 186-189 above. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties in this regard.

### COUNT 9
### (Declaration of Invalidity of U.S. Patent 9,685,351)

191.    Counter-Plaintiff ST realleges and incorporates by references the allegations of paragraphs 143-190 as though fully set forth herein.

192.    This is an action for declaratory judgment of any and all claims of the '351 Patent.

193.    The '351 Patent, and each claim thereof, is invalid for failure to comply with one or more of the conditions and requirements of patentability set forth in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

194.    There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between ST and Chip Packaging as to whether ST infringes any valid and enforceable claim of the '351 Patent.

195.    Counter-Plaintiff ST requests a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited in Paragraphs 191-194 above. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties in this regard.

## COUNT 10
### (Declaration of Invalidity of U.S. Patent 10,151,658)

196.    Counter-Plaintiff ST realleges and incorporates by references the allegations of paragraphs 143-195 as though fully set forth herein.

197.    This is an action for declaratory judgment of any and all claims of the '658 Patent.

198.    The '658 Patent, and each claim thereof, is invalid for failure to comply with one or more of the conditions and requirements of patentability set forth in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

199.    There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between ST and Chip Packaging as to whether ST infringes any valid and enforceable claim of the '658 Patent.

200.    Counter-Plaintiff ST requests a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited in Paragraphs 196-199 above. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties in this regard.

### PRAYER FOR RELIEF

WHEREFORE, ST respectfully prays that:

A.    Plaintiff take nothing by way of its FAC and the same be dismissed with prejudice;

B.    All damages, costs, expenses, attorneys' fees, or other relief sought by Plaintiff be denied;

C.    Judgment be entered that ST has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any valid or enforceable claims of the '299 Patent, the '646 Patent, the '189 Patent, the '351 Patent, and the '658 Patent, willfully or otherwise;

D.     Judgment be entered that each claim of the '299 Patent, the '646 Patent, the '189 Patent, the '351 Patent, and the '658 Patent is invalid and/or unenforceable;

E.     The Court declare this case exceptional under 35 U.S.C. § 285 and award ST its attorneys' fees, prejudgment interest, and all of its costs in this action; and

F.     The Court grant ST such other and further relief as the Court deems just and proper.

## JURY DEMAND

In accordance with Federal Rule of Civil Procedure 38(b), ST demands a trial by jury on all triable jury issues.

Dated: February 5, 2026                 Respectfully submitted,

/s/ Jeffery S. Becker
Jeffery S. Becker
Texas State Bar No. 24069354
Nolan McQueen
Texas State Bar No. 24125322
Baker Botts L.L.P.
2001 Ross Ave, Suite 900
Dallas, Texas 75201
Telephone:  (214) 953-6500
Facsimile:  (214) 953-6503
Email:  Jeff.Becker@BakerBotts.com
Email:  Nolan.McQueen@BakerBotts.com

**ATTORNEYS FOR DEFENDANT STMICROELECTRONICS, INC.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document and all accompanying documents via the Court's CM/ECF system on February 5, 2026.

/s/ Jeffery S. Becker
Jeffery S. Becker