UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| CHIP PACKAGING TECHNOLOGIES, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>STMICROELECTRONICS, INC.,<br><br>*Defendant*. | Civil Action No. 7:25-cv-00505-DC-DTG<br><br><br>**JURY TRIAL DEMANDED** |

**JOINT RULE 26(f) REPORT**

Pursuant to Fed. R. Civ. P. 26(f), L.R. CV-16, and this Court's Order Setting Initial Pretrial Conference Held In Person (Dkt. 16), Plaintiff Chip Packaging Technologies, LLC ("Chip Packaging" or "Plaintiff") and STMicroelectronics, Inc. ("ST" or "Defendant") (collectively, the "Parties") jointly submit their Joint Rule 26(f) Report.

The parties conferred pursuant to Rule 26(f) on January 23, 2026.

1. **Are there any outstanding jurisdictional issues? For removed cases based on diversity jurisdiction, do the parties agree that the amount of controversy exceeded $75,000 at the time of removal? If not, each party should state its position on the amount in controversy.**

   There are no outstanding jurisdictional issues.

   **Defendant's Statement:** ST reserves the right to move for judgment on the pleadings if fact discovery demonstrates that Chip Packaging lacks standing to assert the Asserted Patents and the Court thus lacks subject matter jurisdiction.

2. **Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?**

   There are no unserved parties at this time.

1

3. <u>**What are the causes of action, defenses, and counterclaims pled?**</u>

- **Plaintiff's causes of action:** Plaintiff alleges infringement of five United States patents: U.S. Patent Nos. 9,263,299 (the "'299 Patent"); 9,299,646 (the "'646 Patent"); 8,643,189 (the "'189 Patent"); 9,685,351 (the "'351 Patent"); and 10,151,658 (the "'658 Patent"). Plaintiff alleges direct and indirect infringement of the five patents-in-suit.

- **Defendant's defenses and counterclaims:** ST denies that it directly or indirectly infringes any of the Asserted Patents. ST submits that the claims of the Asserted Patents are invalid or otherwise unenforceable. ST also submits that Plaintiff is not entitled to any relief, including monetary damages, injunctive relief, costs, or attorneys' fees. Specifically, ST raises the following affirmative defenses in its Answer to Plaintiff's First Amended Complaint: (1) Non-Infringement; (2) Invalidity; (3) Estoppel; (4) Limitation on Damages; (5) Failure to State a Claim; (6) Express or Implied License; (7) Extraterritoriality; and/or (8) Acts of Others. ST also raises the following Counterclaims to Plaintiff's First Amended Complaint: (1) Declaration of Non-Infringement of U.S. Patent No. 9,263,299; (2) Declaration of Non-Infringement of U.S. Patent No. 9,299,646; (3) Declaration of Non-Infringement of U.S. Patent No. 8,643,189; (4) Declaration of Non-Infringement of U.S. Patent No. 9,685,351; (5) Declaration of Non-Infringement of U.S. Patent No. 10,151,658; (6) Declaration of Invalidity of U.S. Patent No. 9,263,299; (7) Declaration of Invalidity of U.S. Patent No. 9,299,646; (8) Declaration of Invalidity of U.S. Patent No. 8,643,189; (9) Declaration of Invalidity of U.S. Patent No. 9,685,351; and/or (10) Declaration of Invalidity of U.S. Patent No. 10,151,658.

4. **Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?**

  Although the parties do not have any agreements or stipulations about any facts in this case at this time, the parties are amenable to resolving and/or narrowing disputed issues for trial as the case progresses.

5. **State the parties' views and proposals on all items identified in Fed. R. Civ. P. 26(f)(3).**

  a. **What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made:**

Together with this Joint Rule 26(f) report, the parties are filing a proposed scheduling order that specifies deadlines for the service of initial disclosures, expert reports, and pretrial disclosures. Under that proposed scheduling order, the parties have agreed to serve initial disclosures one business day after the proposed *Markman* hearing date.

  b. **The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited or focused on particular issues:**

  • **Plaintiff's Statement:** Plaintiff anticipates seeking discovery concerning the manufacture and operation of Defendant's accused products; revenue, costs, profits, projected sales volumes, and projected sales revenues associated with the accused products; marketing materials concerning the accused products; and Defendant's licensing of technology comparable to the technology at issue in this case. The parties' proposed scheduling order sets forth the date by which fact and expert discovery, respectively, should be completed.

  **Early Discovery:** Plaintiff believes that early international discovery before the *Markman* hearing may become necessary. In its pleadings, Defendant repeatedly "denies that the website located at www.st.com is operated by Defendant STMicroelectronics, Inc." (*See, e.g.*, Dkt. 30 at ¶¶ 33-38.). Those assertions reasonably call into question whether Defendant will produce relevant

documents in this action, or if it will instead rely on corporate formalities to argue that relevant documents are in the possession, custody, or control of another corporate entity located overseas.

Plaintiff has attempted to confer with Defendant on this issue. Specifically, Plaintiff requested that Defendant investigate or confirm, consistent with the requirements of Rule 26(f), whether Defendant has possession, custody, or control over relevant documents in this case; the identification of overseas corporate entities related to Defendant that may also have relevant documents; and whether Defendant has the legal right or ability to obtain relevant documents from related corporate entities, including those located overseas—thereby eliminating the need for international discovery. As Plaintiff explained to Defendant, absent this information, Plaintiff cannot meaningfully assess whether it will need international discovery (*e.g.*, through the Hague Convention) to secure discovery of relevant documents, let alone from which foreign entities Plaintiff would need to seek such discovery.

Defendant has refused to investigate these issues. Instead, Defendant conclusively asserts that discovery under the Hague is not necessary in this case. On the eve of this filing, Defendant further stated that it is not currently aware of impediments that would prevent Defendant from producing relevant documents in this case, including technical documents sufficient to show the operation of the accused product(s).

Under the parties' joint proposed scheduling order, Defendant's deadline to produce technical documents sufficient to show the operation of the accused products is on April 16, 2026. Plaintiff will rely in good faith on Defendant's representation that there is no impediment to the production of those documents. However, if Defendant does not abide by that representation, Plaintiff may seek the Court's assistance to seek early discovery, including discovery from Defendant that would enable Plaintiff to determine the proper targets of international discovery.

- **Defendant's Statement:** ST anticipates seeking discovery on the following general items: noninfringement, invalidity, inventorship, conception, reduction to practice, priority, assignment, ownership, marking, licensing, and prosecution history. The list of subjects is non-exhaustive, and ST may seek discovery on other subjects as necessary. The parties' proposed scheduling order sets the dates by which fact and expert discovery, respectively, should be opened and completed. Other than those phases outlined in the proposed scheduling order and in this Court's standing order governing patent proceedings, ST does not believe that discovery should be conducted in phases or limited to certain issues.

**Response Regarding Plaintiff's Early Discovery Position:** Contrary to Plaintiff's position statement, ST met and conferred with Plaintiff in good faith over any alleged need to conduct early discovery under the Hague. ST repeatedly asked Plaintiff to articulate any basis it had for such discovery so that ST could consider Plaintiff's position. Plaintiff instead made unreasonable demands for ST to conduct short-fuse investigations into hypothetical document requests, including determining where in the world such documents might reside if not with ST. Plaintiff provided no authority for its highly prejudicial demands, and ST rightfully refused them.

As Plaintiff's position statement now concedes, Plaintiff has no basis to seek early foreign discovery. Its position statement appears to be premised on a hypothetical dispute that Plaintiff believes could occur in the future regarding ST's ability to produce certain categories of documents that Plaintiff contends are relevant to this case and that may be in the possession of "another corporate entity located overseas" (which Plaintiff fails to identify). ST believes that it is wholly unnecessary and inappropriate to burden the Court at this point in the case with Plaintiff's

speculative concerns about possible future disputes.[1] To the extent any dispute arises in the future regarding ST's possession, custody, or control of any documents sought by Plaintiff, ST expects that the parties will meet and confer in good faith to attempt to resolve such dispute before involving the Court.

    **c. Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced:**

The parties do not currently contemplate the need for email discovery or other ESI related to email (such as metadata) absent good cause. The parties agree that production of confidential and/or highly confidential technical and financial documents will be necessary. To that end, the parties anticipate negotiation of a proposed Protective Order that will govern the production of such documents.

    **d. Any issues about claims of privilege or of protection as trial-preparation materials, including the timing and method for complying with Rule 26(b)(5)(A) and—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502:**

The parties have specified a deadline for the production of privilege logs under Rule 26(b)(5)(A) in their joint proposed scheduling order (filed concurrently with this report). Furthermore, the parties are negotiating a Protective Order, which will include provisions concerning inadvertent disclosure.

---

[1] Plaintiff misrepresents ST's position as having stated affirmatively that "there is no impediment to the production of those documents"; ST stated that ST "intends to abide by the discovery obligations set by the scheduling order" and that "ST is not currently aware of impediments that would prevent it from being able to meet its 'sufficient to show' production deadline." Plaintiff also misrepresents ST's position as having stated "that discovery under the Hague is not necessary in this case." ST stated that it "is of the general position that early discovery under the Hague is not necessary in this case," but that it would further consider the issue with respect to any specific proposal Plaintiff may have. Plaintiff has made no such specific proposal, and ST does not have a position on whether discovery under the Hague may subsequently become necessary with respect to either party.

e.  **What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed:**

The parties currently believe that the limits set forth in Judge Counts's Standing Order Governing Patent Proceedings (Aug. 2, 2022) are appropriate—*i.e.*, 30 interrogatories per side; 45 requests for admission per side; 75 requests for production per side; 70 hours per side for fact depositions (for both party and non-party witnesses combined); and 7 hours per report for expert depositions.

f.  **Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

The parties are negotiating a Protective Order, and the parties anticipate moving the Court for its entry prior to the start of fact discovery. The parties have also filed, concurrently with this Rule 26(f) report, a proposed scheduling order.

6. **What, if any, discovery has been completed? What discovery remains to be done? Have the parties considered conducting discovery in phases?**

Discovery has not yet started. The parties' proposed scheduling order sets forth the date by which fact and expert discovery, respectively, should be completed.

- **Plaintiff's Statement:** As explained above in section 5(b), Plaintiff believes that early international discovery may become necessary, including an identification of the proper targets of international discovery and the extent to which Defendant has the legal right or ability to obtain documents and information from those targets.

- **Defendant's Statement:** As explained above in section 5(b), Plaintiff's position statement improperly speculates about hypothetical disputes that Plaintiff believes may arise in the future regarding ST's possession, custody, or control of documents Plaintiff may subsequently request. As stated above, to the extent any such dispute arises in the future regarding such

discovery, ST expects the parties to meet and confer in good faith to resolve such dispute prior to involving the Court.

7. **What, if any, discovery disputes exist?**

No discovery disputes exist at this time.

8. **Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?**

The parties are negotiating a Protective Order and anticipate negotiating any proposed provisions pursuant to Federal Rule of Evidence 502(d) as part of an agreed proposed Protective Order.

9. **Have the parties discussed mediation?**

The parties are amenable to mediation but currently believe that mediation would be more productive at a later stage in the case—*e.g.*, after claim construction.

10. **Are there any pending motions, and if so, does either party desire a hearing?**

There are no pending motions at this time.

Dated: February 13, 2026

By: */s/ Ameet Modi*
Garland Stephens (Texas Bar No. 24053910)
garland@bluepeak.law
Robert Magee (*pro hac vice*)
robert@bluepeak.law
Justin Constant (*pro hac vice*)
justin@bluepeak.law
Richard Koehl (Texas Bar No. 24115754)
richard@bluepeak.law
Kate Falkenstien (*pro hac vice*)
kate@bluepeak.law
Heng Gong (New York Bar No. 4930509)
heng@bluepeak.law
Natalie Lieber (*pro hac vice*)
Lieber@bluepeak.law
Ameet Modi (*pro hac vice*)
modi@bluepeak.law

**BLUE PEAK LAW GROUP LLP**
3139 West Holcombe Blvd.
PMB 8160
Houston, TX 77025
Tel: (281) 972-3036

*Of Counsel:*
Mark D. Siegmund (Texas Bar No. 24117055)
msiegmund@cjsjlaw.com
**CHERRY JOHNSON SIEGMUND JAMES, PC**
7901 Fish Pond Road, 2nd Floor
Waco, TX 76710
Tel: (254) 732-2242
Fax: (866) 627-3509

William D. Ellerman (Texas Bar No. 24007151)
wellerman@cjsjlaw.com
**CHERRY JOHNSON SIEGMUND JAMES, PC**
One Glenn Lakes Tower
8140 Walnut Hill Lane, Suite 105
Dallas, TX 75231
Tel: (254) 732-2242
Fax: (866) 627-3509

*Attorneys for Plaintiff Chip Packaging Technologies, LLC*

February 13, 2026                          */s/ Jeffery S. Becker*
                                            Jeffery S. Becker
                                            jeff.becker@bakerbotts.com
                                            Tel: (214) 953-6526
                                            Fax: (214) 661-4526
                                            Nolan Edward Sullivan McQueen
                                            nolan.mcqueen@bakerbotts.com
                                            Tel: (469) 236-5024
                                            **BAKER BOTTS LLP**
                                            2001 Ross Avenue, Suite 900
                                            Dallas, TX 75201

                                            *Attorneys for STMicroelectronics, Inc.*

## **CERTIFICATE OF SERVICE**

      A true and correct copy of the Parties' Joint Rule 26(f) Report was served via CM/ECF to all counsel of record on February 13, 2026.

                                            */s/ Ameet Modi*
                                            Ameet Modi