UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| CHIP PACKAGING TECHNOLOGIES, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>STMICROELECTRONICS, INC.,<br><br>*Defendant*. | Civil Action No. 7:25-cv-00505-DC-DTG<br><br><br>**JURY TRIAL DEMANDED** |

## JOINT MOTION TO EXTEND SCHEDULING ORDER DEADLINES

Plaintiff Chip Packaging Technologies, LLC ("Chip Packaging") and Defendant STMicroelectronics, Inc. ("ST") jointly move for an extension of the remaining pre-*Markman* hearing deadlines, the *Markman* hearing, and the opening of fact discovery. Good cause exists for this scheduling amendment, for the following reasons:

Chip Packaging served its preliminary infringement contentions on February 12, 2026. In response to these contentions, ST requested Chip Packaging to provide additional specificity as to Chip Packaging's list of accused products. On March 27, 2026, Chip Packaging served supplemental preliminary infringement contentions with additional specificity regarding accused products. As a result of these developments, ST believes that more time is needed for ST to prepare its preliminary invalidity contentions and "sufficient to show" production, which are currently due April 16. The parties agree to extend this deadline to May 18, and further agree that the *Markman* schedule and *Markman* hearing should be pushed back to allow the parties time to conduct pre-*Markman* activities after ST's invalidity contentions and sufficient to show productions are served.

Accordingly, the parties have conferred and have agreed to extend the following deadlines:

1

| Previous Deadline | Amended Deadline | Event |
|---|---|---|
| April 16, 2026 | May 18, 2026 | Defendant serves preliminary invalidity contentions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations the Defendant contends are indefinite or lack written description under section 112, and (3) an identification of any claims the Defendant contends are directed to ineligible subject matter under section 101. Defendant shall also produce (1) all prior art referenced in the invalidity contentions, and (2) technical documents, including software where applicable, sufficient to show the operation of the accused product(s). |
| April 23, 2026 | May 26, 2026 | Parties exchange claim terms for construction. |
| May 7, 2026 | June 9, 2026 | Parties exchange proposed claim constructions. |
| May 14, 2026 | June 16, 2026 | Parties disclose extrinsic evidence. The parties shall disclose any extrinsic evidence, including the identity of any expert witness they may rely upon with respect to claim construction or indefiniteness. With respect to any expert identified, the parties shall identify the scope of the topics for the witness's expected testimony. With respect to items of extrinsic evidence, the parties shall identify each such item by production number or produce a copy of any such item if not previously produced. |
| May 21, 2026 | June 23, 2026 | Deadline to meet and confer to narrow terms in dispute and exchange revised list of terms/constructions. |
| May 28, 2026 | June 30, 2026 | Defendant files Opening claim construction brief, including any arguments that any claim terms are indefinite. |
| June 18, 2026 | July 21, 2026 | Plaintiff files Responsive claim construction brief. |
| July 2, 2026 | August 4, 2026 | Defendant files Reply claim construction brief. |
| July 16, 2026 | August 18, 2026 | Plaintiff files a Sur-Reply claim construction brief. |
| July 21, 2026 | August 20, 2026 | Parties submit Joint Claim Construction Statement. |
| July 23, 2026 | August 25, 2026 | Parties submit optional technical tutorials to the Court and technical advisor (if appointed). |

| July 30, 2026 | September 1, 2026 | *Markman* Hearing at 2 p.m. |
| July 31, 2026 | September 2, 2026 | Fact Discovery opens; deadline to serve Initial Disclosures per Rule 26(a). |

Good cause exists for the requested extension because Chip Packaging's supplemental preliminary infringement contentions, served on March 27, 2026, identified additional specificity regarding the accused products that ST requires additional time to analyze. The Joint Motion is unopposed, made in good faith, and not for purposes of delay.

The remaining deadlines in the Court's scheduling order (Dkt. 36) remain in effect.

The parties therefore respectfully request that the Court grant the Joint Motion and enter the attached proposed amended scheduling order.

Dated: April 10, 2026                    By: */s/ Ameet Modi*


Garland Stephens (Texas Bar No. 24053910)
garland@bluepeak.law
Robert Magee (*pro hac vice*)
robert@bluepeak.law
Justin Constant (*pro hac vice*)
justin@bluepeak.law
Richard Koehl (Texas Bar No. 24115754)
richard@bluepeak.law
Kate Falkenstien (*pro hac vice*)
kate@bluepeak.law
Heng Gong (New York Bar No. 4930509)
heng@bluepeak.law
Natalie Lieber (*pro hac vice*)
Lieber@bluepeak.law
Ameet Modi (*pro hac vice*)
modi@bluepeak.law
**BLUE PEAK LAW GROUP LLP**
3139 West Holcombe Blvd.
PMB 8160
Houston, TX 77025
Tel: (281) 972-3036

3

*Of Counsel:*
Mark D. Siegmund (Texas Bar No. 24117055)
msiegmund@cjsjlaw.com
**CHERRY JOHNSON SIEGMUND JAMES, PC**
7901 Fish Pond Road, 2nd Floor
Waco, TX 76710
Tel: (254) 732-2242
Fax: (866) 627-3509

William D. Ellerman (Texas Bar No. 24007151)
wellerman@cjsjlaw.com
**CHERRY JOHNSON SIEGMUND JAMES, PC**
One Glenn Lakes Tower
8140 Walnut Hill Lane, Suite 105
Dallas, TX 75231
Tel: (254) 732-2242
Fax: (866) 627-3509

*Attorneys for Plaintiff Chip Packaging Technologies, LLC*

April 10, 2026                    */s/ Jeffery S. Becker*

Jeffery S. Becker
jeff.becker@bakerbotts.com
Tel: (214) 953-6526
Fax: (214) 661-4526
Nolan Edward Sullivan McQueen
nolan.mcqueen@bakerbotts.com
Tel: (469) 236-5024
**BAKER BOTTS LLP**
2001 Ross Avenue, Suite 900
Dallas, TX 75201

*Attorneys for STMicroelectronics, Inc.*

4

## **CERTIFICATE OF CONFERENCE**

I hereby certify that the parties have conferred, and this Motion is being filed jointly and therefore unopposed.

*/s/ Jeffery S. Becker*
Jeffery S. Becker

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record is being served with a copy of the foregoing document via the Court's CM/ECF system on April 10, 2026.

*/s/ Jeffery S. Becker*
Jeffery S. Becker