**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

|  |  |
|---|---|
| CHIP PACKAGING TECHNOLOGIES, LLC, | |
| Plaintiff, | Civil Action No. 7:25-cv-00505-DC-DTG |
| v. | JURY TRIAL DEMANDED |
| STMICROELECTRONICS, INC., | |
| Defendant. | |

**DEFENDANT STMICROELECTRONICS, INC.'S
MOTION TO STAY PENDING *EX PARTE* REEXAMINATION**

**TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................ 1

II.  FACTUAL BACKGROUND ............................................................................... 2

    A.   The USPTO has ordered reexamination of three of the five asserted patents and is reviewing the two remaining requests for reexamination. ..................................... 2

    B.   This case remains in an early stage. .................................................................. 3

    C.   ST was diligent in bringing this Motion. ........................................................... 4

III. ARGUMENT ....................................................................................................... 4

    A.   CPT will not be unduly prejudiced or disadvantaged by a stay. ........................... 5

    B.   A stay will significantly simplify the issues in this case. ..................................... 7

    C.   The status of this litigation also favors a stay. .................................................... 9

IV.  CONCLUSION .................................................................................................. 10

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*AGIS Software Dev. LLC v. Google LLC*,
  No. 2:19-CV-00359-JRG, 2021 WL 465424 (E.D. Tex. Feb. 9, 2021) ...................................7

*Bell Semiconductor, LLC v. NXP Semiconductors, N.V.*,
  No. 1:20-CV-611-LY, 2022 WL 1447948 (W.D. Tex. Feb. 7, 2022)...................................5, 6

*Bloom Eng'g Co., Inc. v. N. Am. Mfg. Co., Inc.*,
  129 F.3d 1247 (Fed. Cir. 1997)...................................................................................................8

*Chip Packaging Technologies, LLC v. Infineon Technologies AG*,
  No. 2:25-cv-00147 (E.D. Tex.), Dkt. No. 1 .................................................................................3

*Chip Packaging Techs., LLC v. Infineon Techs. AG*,
  No. 2:25-cv-00147-JRG, Dkt. No. 41 (E.D. Tex. May 12, 2026) ............................................9

*Click-to-Call Techs. LP v. Oracle Corp.*,
  No. A-12-CA-468-SS, 2013 WL 12121528 (W.D. Tex. Nov. 26, 2013)..................................7

*Clinton v. Jones*,
  520 U.S. 681 (1997)....................................................................................................................4

*Croga Innovations Ltd. v. Amazon Web Servs., Inc.*,
  No. 1:24-cv-00398-ADA, Dkt. No. 65 (W.D. Tex. Nov. 12, 2025)........................................9

*Crossroads Sys., Inc. v. Dot Hill Sys. Corp.*,
  No. A-13- CV-1025-SS, 2015 WL 3773014 (W.D. Tex. June 16, 2015) ...............................6

*Datatreasury Corp. v. Wells Fargo & Co.*,
  490 F. Supp. 2d 749 (E.D. Tex. 2006)......................................................................................8

*E.I. du Pont de Nemours & Co. v. Phillips Petroleum Co.*,
  849 F.2d 1430 (Fed. Cir. 1988).................................................................................................8

*EcoFactor, Inc. v. Google LLC*,
  No. 6:20-cv-75-ADA, Dkt. No. 306 (W.D. Tex. Aug. 15, 2025).............................................7

*Fresenius USA, Inc. v. Baxter Int'l, Inc.*,
  721 F.3d 1330 (Fed. Cir. 2013).................................................................................................8

*JAB Distribs., LLC v. London Luxury, LLC*,
  No. 09 C 5831, 2010 WL 1882010 (N.D. Ill. May 11, 2010) ...................................................8

ii

*Kirsch Rsch. & Dev., LLC v. IKO Indus., Inc.*,
  No. 6:20-cv-00317- ADA, 2021 WL 4555610 (W.D. Tex. Oct. 4, 2021)............................4, 5

*Krippelz v. Ford Motor Co.*,
  667 F.3d 1261 (Fed. Cir. 2012)..............................................................................................8

*Landis v. N. Am. Co.*,
  299 U.S. 248 (1936)..............................................................................................................4

*NFC Tech. LLC v. HTC Am., Inc.*,
  No. 2:13-cv-1058, 2015 WL 1069111 (E.D. Tex. Mar. 11, 2015) ......................................4, 7

*R2 Sols. LLC v. Cloudera, Inc.*,
  No. 1:23-CV-1205-RP, 2024 WL 666660 (W.D. Tex. Feb. 15, 2024) ...................................5

*Radiant Vision Sys., LLC v. Admesy B.V.*,
  No. 1:21-cv-01115-DAE, 2024 WL 1079059 (W.D. Tex. Mar. 12, 2024) ..............................9

*SenoRx, Inc. v. Hologic, Inc.*,
  No. 12-173-LPS-CJB, 2013 WL 144255 (D. Del. Jan. 11, 2013) ...........................................9

*Sonrai Memory Ltd. v. Oracle Corp.*,
  No. 1:22-CV-94-LY, 2022 WL 22870220 (W.D. Tex. June 27, 2022)....................................6

*Sonrai Memory Ltd. v. W. Dig. Techs., Inc.*,
  No. 6:21-CV-01168-ADA, 2022 WL 3108818 (W.D. Tex. Aug. 4, 2022)...............................7

*Sterling Computs. Corp. v. X Corp.*,
  No. 1:24-CV-552-DII, 2025 WL 943411 (W.D. Tex. Feb. 13, 2025)......................................5

*TC Tech. LLC v. Sprint Corp.*,
  No. CV 16-153-WCB, 2021 WL 4521045 (D. Del. Oct. 4, 2021) ..........................................5

*TC Tech. LLC v. T-Mobile USA, Inc.*,
  No. 6:20-CV-00899-ADA, 2021 WL 8083373 (W.D. Tex. Dec. 7, 2021) ......................4, 5, 7

*Twitch LLC v. Bote, LLC*,
  No. WA-24-CV00233-KC, 2024 WL 3898297 (W.D. Tex. Aug. 21, 2024) ...........................6

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
  759 F.3d 1307 (Fed. Cir. 2014)..........................................................................................6, 7

*Visto Corp. v. Rsch. in Motion Ltd.*,
  No. 2:06-cv-181, Dkt. No. 313 (E.D. Tex. July 2, 2008) .......................................................6

iii

**STATUTES**

35 U.S.C. § 252..............................................................................................................................8

35 U.S.C. §§ 302–06......................................................................................................................2

35 U.S.C. § 303(a) ........................................................................................................................2

35 U.S.C. § 305..............................................................................................................................5

**OTHER AUTHORITIES**

37 C.F.R. § 1.515(a)......................................................................................................................2

MPEP § 2241 .................................................................................................................................2

MPEP § 2261 .................................................................................................................................5

MPEP § 2286(I) .............................................................................................................................5

## I.      INTRODUCTION

The Court should stay this case while the U.S. Patent and Trademark Office ("PTO") reexamines the asserted patents. To date, Defendant STMicroelectronics, Inc. ("ST") and other non-parties have collectively filed six requests for *ex parte* reexamination ("EPR") with the PTO, challenging the patentability of each of the asserted claims of the five asserted patents. To date, the Central Reexamination Unit ("CRU") of the PTO has ordered reexamination in four of those requests, finding substantial new questions of patentability for the patents in question. The two remaining EPR requests are highly likely to be granted as well. *See* Ex. 1 (92.7% of EPR requests are granted). After all EPRs reach a final resolution, the most likely outcome for the asserted claims is claim cancellation or amendment. *See id.* (77.8% of granted EPRs resulted in canceled or amended claims).

All three factors that this Court usually considers weigh strongly in favor of a stay while the PTO reexamines the asserted patents (including considering the two additional EPRs). First, given the high likelihood of claim cancellation or amendment, a stay will simplify the number of issues to be decided by the Court and a jury (i.e., fewer asserted patents and claims, fewer accused products, and fewer asserted invalidity grounds), and will also reduce the time and resources yet to be expended by the Court and the parties (and a jury). Second, the case is in its early stages— *i.e.*, the Markman hearing and the opening of fact discovery are nearly three months away. Last, a stay will neither prejudice Chip Packaging Technologies, LLC ("CPT"), a non-practicing entity that does not compete in the marketplace with ST or any other company, nor give ST any tactical advantage. Even further, CPT seeks no injunction here, thereby limiting any hypothetical recovery to monetary damages alone. Under this Court's precedent, a mere delay in collecting damages does not constitute or even suggest a fair possibility of undue prejudice.

For these reasons (as set forth below in further detail), ST respectfully requests that the Court stay this case pending the final resolution of the EPRs.

## II.    FACTUAL BACKGROUND

### A.    The USPTO has ordered reexamination of three of the five asserted patents and is reviewing the two remaining requests for reexamination.

Between January 5, 2026 and May 28, 2026, ST and non-parties to this litigation (Advanced Semiconductor Engineering, Inc. ("ASE") and Infineon Technologies AG ("Infineon")) filed six EPR requests under 35 U.S.C. §§ 302–06, covering all asserted claims of all five of the patents asserted in this case. *See* Exs. 2–7 (EPR Requests). The USPTO has *already* ordered reexamination in four of those six EPR Requests, determining that substantial new questions of patentability exist with respect to three of the five asserted patents. *See* Exs. 8–11 (Reexamination Orders). The USPTO is currently considering the two additional EPR Requests that ST filed. By statute, the USPTO must issue decisions on the two additional EPR Requests within three months of their filing dates—so the latest the reexamination could be ordered is August 28, 2026 (which is before the currently scheduled date of the Markman hearing). *See* 35 U.S.C. § 303(a); 37 C.F.R. § 1.515(a); MPEP § 2241.

The following chart summarizes the status of the EPR Requests as of the filing of this motion.[1]

| Asserted Patent | Date EPR Request Filed | Status of EPR |
|---|---|---|
| U.S. Pat. No. 9,685,351 | (1) January 5, 2026[2] <br> (2) January 23, 2026[3] | Reexamination ordered |

---

[1] If the CRU issues an order on any of the remaining petitions before this Court rules on ST's motion to stay, ST will file a notice of supplemental authority to inform the Court.
[2] Filed by non-party ASE.
[3] Filed by non-party Infineon.

| U.S. Pat. No. 9,263,299 | (1) February 25, 2026[4] | Reexamination ordered |
|---|---|---|
| U.S. Pat. No. 9,299,646 | (1) March 18, 2026[5] | Reexamination ordered |
| U.S. Pat. No. 8,643,189 | (1) May 27, 2026 | Request under review |
| U.S. Pat. No. 10,151,658 | (1) May 28, 2026 | Request under review |

Each of the EPRs filed by non-parties ASE and Infineon present strong invalidity challenges which the patent office has already acknowledged present "substantial new questions" (SNQs) of patentability with respect to the asserted claims. ST's two pending EPR requests are similarly strong, and the patent office is likely to find that they too present SNQs of patentability for the asserted claims. For example, the patent office originally allowed the '189 Patent on the basis of a lack of "at least one power rail pad on the die connection pad surface," but ST's request for the '189 Patent presents SNQs based on Pape—a reference not previously before the patent office—that discloses this very feature along with the other limitations of the asserted claims. Ex. 12. Likewise, the '658 Patent was allowed on the basis of a lack of "a flexible diaphragm covering the gel" but the examiner did not have the benefit of Rozgo, which teaches this concept along with the other limitations of the asserted claims. Rozgo's disclosure was later cited by the Chinese patent office against the Chinese counterpart application to the '658 Patent and caused the patentee to abandon that application. Ex. 13.

### B.    This case remains in an early stage.

CPT filed its complaint against ST on October 30, 2025, asserting claims from five patents.[6] ECF No. 1. The Court issued a scheduling order on March 4, 2026, which it amended on

---

[4] Filed by non-party Infineon.

[5] Filed by non-party Infineon.

[6] Previously, on February 6, 2025, CPT sued Infineon in the Eastern District of Texas alleging infringement of three of the same patents asserted against ST. *Chip Packaging Technologies, LLC v. Infineon Technologies AG*, No. 2:25-cv-00147 (E.D. Tex.), Dkt. No. 1. Later, on February 13,

April 14, 2026. ECF Nos. 36 (Scheduling Order); 38 (Amended Scheduling Order). Per the Amended Scheduling Order, Markman is currently set for September 1, 2026, fact discovery does not open until September 2, 2026, and a jury trial is *preliminarily* set for September 7, 2027. *Id.*

### C.    ST was diligent in bringing this Motion.

After *ex parte* reexamination was requested for each of the five asserted patents *and* after the USPTO had ordered reexamination on more than half of the asserted patents, ST moved diligently to file this motion before any additional time and resources were expended by the Court and the parties.

## III.    ARGUMENT

District courts have the inherent authority to manage their docket, including the discretion to stay cases where appropriate. *Kirsch Rsch. & Dev., LLC v. IKO Indus., Inc.*, No. 6:20-cv-00317-ADA, 2021 WL 4555610, at *1 (W.D. Tex. Oct. 4, 2021) (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997)); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "A stay is particularly justified when the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues." *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-cv-1058, 2015 WL 1069111, at *1 (E.D. Tex. Mar. 11, 2015) (Bryson, J.) (internal quotation marks omitted). In assessing whether to stay a case pending USPTO proceedings, courts consider the following factors: (1) whether a stay will simplify the issues for trial; (2) the status of the litigation, including whether discovery is complete and a trial date set; and (3) whether a stay would cause the non-movant undue prejudice or give the movant a clear tactical advantage. *Kirsch*, 2021 WL

---

2026, CPT sued Renesas Electronics Corporation in the Eastern District of Texas alleging infringement of two of the same patents asserted against ST. *Chip Packaging Technologies, LLC v. Renesas Electronics Corporation*, No. 2:26-cv-00120 (E.D. Tex.), Dkt. No. 1. Between these two cases, four of the five patents asserted against ST will also be litigated in the Eastern District of Texas.

4555610, at *2; *TC Tech. LLC v. T-Mobile USA, Inc.*, No. 6:20-CV-00899-ADA, 2021 WL 8083373, at *2 (W.D. Tex. Dec. 7, 2021). Courts should generally stay cases where "the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues." *Kirsch*, 2021 WL 4555610, at *1 (citation omitted). All three factors strongly favor a stay pending final resolution of reexamination of all five asserted patents.

### A.    CPT will not be unduly prejudiced or disadvantaged by a stay.

CPT neither practices the asserted patents nor competes with ST. Accordingly, mere delay in collecting hypothetical monetary damages is the only potential harm that CPT could conceivably suffer. *R2 Sols. LLC v. Cloudera, Inc.*, No. 1:23-CV-1205-RP, 2024 WL 666660, at *2 (W.D. Tex. Feb. 15, 2024) ("Because R2 does not produce products on its patents nor does it compete with Cloudera, a stay will not unduly prejudice R2's interests."); *Bell Semiconductor, LLC v. NXP Semiconductors, N.V.*, No. 1:20-CV-611-LY, 2022 WL 1447948, at *2 (W.D. Tex. Feb. 7, 2022) ("Because Bell Semic does not produce products on its patents or otherwise compete with NXP, a stay will not unduly prejudice Bell Semic's interests."); *Sterling Computs. Corp. v. X Corp.*, No. 1:24-CV-552-DII, 2025 WL 943411, at *1 (W.D. Tex. Feb. 13, 2025) ("Because X does not compete with Sterling and does not produce products on the patent, a stay will not unduly prejudice Sterling's interests.").

As an initial matter, the stay may ultimately be of "modest duration" limiting any alleged prejudice due to delay. *TC Tech. LLC v. Sprint Corp.*, No. CV 16-153-WCB, 2021 WL 4521045, at *8 (D. Del. Oct. 4, 2021). The PTO is required to conduct reexamination proceedings with "special dispatch," 35 U.S.C. § 305, and grants priority to reexamination proceedings relating to litigation, MPEP § 2261. Once a case is stayed for reexamination, the Patent Office will expedite the proceedings. *See* MPEP § 2286(I) ("Where a request for ex parte reexamination indicates . . .

5

that litigation is stayed for the filing of a reexamination request, all aspects of the proceeding will be expedited to the extent possible."). And Chip Packaging can further mitigate any delay by responding to office actions ahead of Patent Office deadlines. *See TC Tech.*, 2021 WL 8083373, at *2. [7]

Even setting aside the likely limited nature of the stay, the "mere delay in collecting [monetary] damages does not constitute undue prejudice" warranting denial of a stay. *Crossroads Sys., Inc. v. Dot Hill Sys. Corp.*, No. A-13- CV-1025-SS, 2015 WL 3773014, at *2 (W.D. Tex. June 16, 2015); *see also, e.g.*, *Sonrai Memory Ltd. v. Oracle Corp.*, No. 1:22-CV-94-LY, 2022 WL 22870220, at *1 (W.D. Tex. June 27, 2022) (explaining that "[m]ere delay in collecting monetary damages and the non-movant's general interest in enforcement of a patent right are not sufficient to suggest a fair possibility of undue prejudice.").

Further undercutting any argument for undue prejudice if a stay is granted, CPT does not seek injunctive relief in this case. *See Twitch LLC v. Bote, LLC*, No. WA-24-CV00233-KC, 2024 WL 3898297, at *5 (W.D. Tex. Aug. 21, 2024) (explaining that plaintiff's failure to seek injunctive relief "undercuts its claim that it will be unduly prejudiced by a stay"); *see also VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1319 (Fed. Cir. 2014) (noting that plaintiff's choice not to request an injunction weighed against claim that plaintiff was unduly prejudiced).

---

[7] To further temper any conceivable prejudice resulting from such a modest stay, if this Court stays this case pending the EPRs, ST will agree not to challenge the validity of the asserted claims of the asserted patents at trial based on the same SNQs upon which reexamination is or will be ordered in Exs. 2–7, but only to the extent that the asserted claims are not amended during the reexamination, the EPR proceeds to a final resolution on the merits, and that CPT agrees to be bound by any statements, arguments, characterizations, or disclaimers it has or will make during the reexamination proceedings for purposes of non-infringement, claim construction, prosecution history estoppel, and disclaimer. *See Visto Corp. v. Rsch. in Motion Ltd.*, No. 2:06-cv-181, Dkt. No. 313 (E.D. Tex. July 2, 2008).

Nor has ST sought any tactical advantage. ST moved promptly: four EPRs covering three asserted patents have already been granted, and ST filed EPRs on the two remaining patents before its opening claim construction brief is even due. *Cf. Bell Semiconductor*, 2022 WL 1447948, at *2–3 (no tactical disadvantage where defendant "timely filed" its post-grant challenges). If anything, the greater risk of prejudice runs the other way: should the EPRs result in cancellation or amendment of the asserted claims—as the Patent Office's own statistics indicate is likely—the parties and the Court will have wasted significant resources litigating claims that no longer exist. *See Click-to-Call Techs. LP v. Oracle Corp.*, No. A-12-CA-468-SS, 2013 WL 12121528, at *1 (W.D. Tex. Nov. 26, 2013) ("Proceeding to trial could therefore prove to be extraordinarily wasteful of both the parties' resources and the Court's resources.").

Because CPT will not be unduly prejudiced or disadvantaged by a stay, this factor weighs heavily in favor of a stay.

### B.    A stay will significantly simplify the issues in this case.

"Whether a stay will simplify the issues is the 'most important factor' in the stay analysis." *EcoFactor, Inc. v. Google LLC*, No. 6:20-cv-75-ADA, Dkt. No. 306 at 1 (W.D. Tex. Aug. 15, 2025) (citing *Sonrai Memory Ltd. v. W. Digital Techs., Inc.*, No. 6:21-CV-01168-ADA, 2022 WL 3108818, at *3 (W.D. Tex. Aug. 4, 2022)); *see also NFC Tech.*, 2015 WL 1069111, at *4.

Here, this most important factor weighs heavily in favor of a stay, as there is a high likelihood that all asserted claims will be canceled or amended. *See* Ex. 1 (approximately 77.8% of EPRs resulted in canceled or amended claims). For three of the five asserted patents, the PTO has already determined that substantial new questions of patentability exist, and reexamination is soundly underway. As to the other two asserted patents, the PTO will make the same reexamination order determination by late August. Should the PTO cancel all asserted claims of the asserted

7

patents, a stay will "dispose of the entire litigation: the ultimate simplification of issues." *VirtualAgility*, 759 F.3d at 1314; s*ee TC Tech. LLC*, 2021 WL 8083373, at \*3 ("[A] stay by this Court while allowing the reexamination to proceed may eliminate the need for trial entirely.").

Where, as will soon be the case here, "the PTO has granted EPR's as to all claims of all asserted patents, this Court has likewise routinely stayed cases." *AGIS Software Dev. LLC v. Google LLC*, No. 2:19-CV-00359-JRG, 2021 WL 465424, at \*1 (E.D. Tex. Feb. 9, 2021). And if any of those claims are ultimately canceled, the litigation as to those claims will become moot. *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013).

Even if only some of the asserted claims are canceled, a stay will still significantly simplify the issues in this case.[8] To the extent any claims are instead amended, those modifications will also impact the issues for trial and "have the potential for simplifying the[m]," since "[n]arrowing claims would commensurately simplify the issues." *Datatreasury Corp. v. Wells Fargo & Co.*, 490 F. Supp. 2d 749, 755 (E.D. Tex. 2006). Claim amendments may also result in intervening rights under 35 U.S.C. § 252 and therefore fewer possible accused products and/or processes.[9]

Even if none of CPT's asserted claims are amended or canceled, the prosecution history developed during reexamination will provide guidance on substantive issues in this case— including, for example, claim construction—and would need to be considered by this Court as

---

[8] *See supra* footnote 7.

[9] For example, as to any amended or new claim that issues, ST would have no liability for any allegedly infringing acts that took place prior to the date of issuance of the reexamination certificate and would be entitled to continue to use the accused products as they existed prior to that date. *See* 35 U.S.C. § 252; *JAB Distribs., LLC v. London Luxury, LLC*, No. 09 C 5831, 2010 WL 1882010, at \*1 (N.D. Ill. May 11, 2010) ("Unless a claim granted or confirmed upon reexamination is identical to an original claim, the patent cannot be enforced against infringing activity that occurred before issuance of the reexamination certificate.") (quoting *Bloom Eng'g Co., Inc. v. N. Am. Mfg. Co., Inc.*, 129 F.3d 1247, 1250 (Fed. Cir. 1997)).

intrinsic evidence. *See JAB Distribs.*, 2010 WL 1882010, at *4 (stating that one purpose of EPRs is "to facilitate trial of [an] issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding).") (internal citations omitted); *see also E.I. du Pont de Nemours & Co. v. Phillips Petroleum Co.*, 849 F.2d 1430, 1439 (Fed. Cir. 1988) ("Statements made during reissue are relevant prosecution history when interpreting claims."); *Krippelz v. Ford Motor Co.*, 667 F.3d 1261, 1266–67 (Fed. Cir. 2012). Staying this case will also provide the added benefit of avoiding duplicative or inconsistent outcomes in the parallel Infineon and Renesas cases pending in the Eastern District of Texas, which involve four out of five of the asserted patents—and Infineon has already moved to stay its parallel case on substantially the same grounds. *See Chip Packaging Techs., LLC v. Infineon Techs. AG*, No. 2:25-cv-00147-JRG, Dkt. No. 41 (E.D. Tex. May 12, 2026).

At bottom, because a stay during the duration of the EPR proceedings is highly likely to simplify the issues in this case, this factor weighs heavily in favor of a stay.[10]

### C. The status of this litigation also favors a stay.

This case is in its early stages—claim construction has just begun and Markman is months away—and the Court has not yet expended significant resources. As of the date of this motion, this is **not** a case where "the principle of maximizing the use of judicial and litigant resources is best served by seeing this case through to its conclusion." *Cf. SenoRx, Inc. v. Hologic, Inc.*, No. 12-173-LPS-CJB, 2013 WL 144255, at *5–6 (D. Del. Jan. 11, 2013) ("[Once] the Court and the parties have already expended significant resources . . . the principle of maximizing the use of judicial and litigant resources is best served by seeing the case through to its conclusion."). Indeed,

---

[10] *See* supra footnote 7. In light of ST's stipulation as stated in footnote 7 above, a stay will simplify this case by reducing the number of invalidity grounds that ST may assert at trial.

courts in this District have granted stays even at much later stages—after a Markman order had issued and discovery was well underway. *See Croga Innovations Ltd. v. Amazon Web Servs., Inc.*, No. 1:24-cv-00398-ADA, Dkt. No. 65 at 2–3 (W.D. Tex. Nov. 12, 2025) (granting stay where "the most burdensome phases of litigation still lie ahead"); *Radiant Vision Sys., LLC v. Admesy B.V.*, No. 1:21-cv-01115-DAE, 2024 WL 1079059, at *3–4 (W.D. Tex. Mar. 12, 2024) (granting stay after claim construction order, scheduled depositions, and disclosed experts). This factor therefore weighs heavily in favor of a stay.

## IV.    CONCLUSION

For these reasons, ST respectfully requests that the Court stay this case pending the final resolution of the reexamination proceedings.

Dated: June 4, 2026

Respectfully submitted,

*/s/ Jeffery S. Becker*

Jeffery S. Becker
Texas State Bar No. 24069354
Nolan McQueen
Texas State Bar No. 24125322
Spencer Nayar
Texas State Bar No. 24149241
Baker Botts L.L.P.
2001 Ross Ave, Suite 900
Dallas, Texas 75201
Telephone:  (214) 953-6500
Facsimile:  (214) 953-6503
Email:  Jeff.Becker@BakerBotts.com
Email:  Nolan.McQueen@BakerBotts.com
Email: Spencer.Nayar@BakerBotts.com
**ATTORNEYS FOR DEFENDANT
STMICROELECTRONICS, INC.**

11

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(G), counsel for defendant has conferred with counsel for Chip Packaging in a good-faith effort to resolve the matter presented herein. On May 29, immediately after ST filed EPRs on the '189 Patent and '658 Patent, the undersigned counsel emailed counsel for Chip Packaging providing notice of ST's intention to file a motion to stay and seeking Chip Packaging's position. Counsel for Chip Packaging responded on June 3, 2026, confirming that Chip Packaging opposes this motion. On June 4, 2026, the undersigned held a meet and confer teleconference with Chip Packaging's lead and local counsel to explore potential areas for agreement, but no agreement was reached.

*/s/ Jeffery S. Becker*
Jeffery S. Becker

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record are being served with a copy of the foregoing document via the Court's CM/ECF system on June 4, 2026.

*/s/ Jeffery S. Becker*
Jeffery S. Becker