# EXHIBIT 8

## UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/015,860 | 01/05/2026 | 9685351 | 4059929.00003 | 3808 |

159588          7590          03/02/2026

C. Tumey Law Group PLLC
C. Tumey Law
PO Box 890226
Houston, TX 77062-9998

| EXAMINER |
|---|
| CHOI, WOO H |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3992 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 03/02/2026 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)



**UNITED STATES PATENT AND TRADEMARK OFFICE**

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

K&L Gates LLP-Chicago
P.O. Box 1135
Chicago, IL 60690

# *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. *90/015,860* .

PATENT UNDER REEXAMINATION *9685351* .

ART UNIT *3992* .

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified *ex parte* reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the *ex parte* reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

PTOL-465 (Rev.07-04)

| *Order Granting Request For Ex Parte Reexamination* | Control No. | Patent Under Reexamination |
|---|---|---|
| | 90/015,860 | 9685351 |

| | Examiner | Art Unit | AIA (FITF) Status |
|---|---|---|---|
| | Woo H Choi | 3992 | Yes |

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

The request for *ex parte* reexamination filed <u>01/05/2026</u> has been considered and a determination has been made. An identification of the claims, the references relied upon, and the rationale supporting the determination are attached.

Attachments:   a)☐   PTO-892,   b)☑   PTO/SB/08,   c)☐   Other: ____

1. ☑   The request for *ex parte* reexamination is GRANTED.

RESPONSE TIMES ARE SET AS FOLLOWS:

For Patent Owner's Statement (Optional):  TWO MONTHS  from the mailing date of this communication (37 CFR 1.530 (b)). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

For Requester's Reply (optional): TWO MONTHS from the **date of service** of any timely filed Patent Owner's Statement (37 CFR 1.535). **NO EXTENSION OF THIS TIME PERIOD IS PERMITTED.** If Patent Owner does not file a timely statement under 37 CFR 1.530(b), then no reply by requester is permitted.

cc:Requester ( if third party requester )

Application/Control Number: 90/015,860                                                    Page 2
Art Unit: 3992

## DECISION GRANTING EX PARTE REEXAMINATION

The Request filed on January 5, 2026 alleges that a substantial question of patentability (SNQ) affecting claims 1 – 9 of the U.S. Patent Number 9,685,351 ("the '351 patent") are raised by the following prior art references:

- U.S. Pub. No. 2007/0035019 ("Carney");
- U.S. Pub. No. 2010/0122343 ("Carter").

### *Brief Overview of the '351 Patent and its Prosecution History*

The '351 patent is directed to a wire bond mold lock method and structure for an integrated circuit. See Title. The '351 patent discloses a method for fabricating a microchip structure which protects integrated circuits and components attached to a lead frame die flag using a molding compound that mechanically interlocks with one or more positive mold lock structures formed as dummy wire loops or stud-bumps that are attached to the lead frame. See abstract.

The '352 patent issued from U.S. App. No. 14/335,366 ("the '366 application") filed on July 18, 2014 with 20 claims. On April 17, 2015, the examiner issued a restriction requirement restricting microchip structure claims 1-10 and 20 from method claims 11-19. On June 17, 2015, Applicant elected the method claims 11-19 with traverse. On July 15, 2015, the examiner issued a Non-Final Office Action making the restriction final and rejecting claims 11-14 and 16-19 as being anticipated by U.S. Pub 2008/0191294 ("Ohta") and claim 15 as unpatentable over Ohta in view of U.S. Pub. 2003/0122224 ("Shih"). In response, on October 15, 2015, Applicant argued that Ohta did not disclose 1) any "lead frame" with die paddle and electrical

Application/Control Number: 90/015,860                                           Page 3
Art Unit: 3992

connector elements and 2) "positive <u>mold locking</u> structures" on the lead frame.  On February 16, 2016, the examiner issued a Non-Final Office Action withdrawing the original rejection and rejecting claims 11-19 on a new ground as being obvious over Ohta and Shih.  In response, on May 13, 2016, Applicant argued that the "positive mold lock" requirements are not disclosed in the cited art.  On August 16, 2016, the examiner issued a Final Office Action maintaining the rejection.  On November 1, 2016, Applicant filed a Notice of Appeal with a Pre-Appeal Brief Request for Review.  On March 9, 2017, the examiner issued a Notice of Panel Decision from Pre-Appeal Brief Review communicating the decision by the panel to withdraw the rejection and reopen prosecution.  On April 5, 2017, the examiner issued a Notice of Allowance cancelling non-elected claims and allowing claims 11-19.  In the Notice, the examiner cited the limitation "…forming one or more positive mold lock structures at predetermined locations on a top surface of the lead frame which laterally protrude above the top surface" as the allowable subject matter.

### SNQs Alleged in the Request

The request presents the following issue:

- **Issue 1:** Whether an SNQ as to claims 1-9 is raised by Carney.

- **Issue 2:** Whether an SNQ as to claims 1-3 is raised by Carter.

### Discussion of SNQs

A prior art patent or printed publication raises a substantial new question of patentability where there is:

Application/Control Number: 90/015,860 Page 4
Art Unit: 3992

(A) a substantial likelihood that a reasonable Examiner would consider the prior art patent or printed publication important in deciding whether or not the claim is patentable, MPEP §2242 (I) and,

(B) the same question of patentability as to the claim has not been decided in a previous or pending proceeding or in a final holding of invalidity by a federal court. See MPEP §2242 (III).

For any reexamination ordered on or after November 2, 2002, reliance on previously cited/considered art, i.e., "old art," does not necessarily preclude the existence of a substantial new question of patentability that is based exclusively on that old art. Rather, determinations on whether a substantial new question of patentability exists in such an instance shall be based upon a fact-specific inquiry done on a case-by-case basis. See MPEP 2242.

**Issue 1**

The Examiner **agrees** that Carney raises an SNQ as to claims 1-9.

Carney discloses a semiconductor component having a positionally adaptable locking feature and a method of manufacturing the semiconductor component using a wire bond tool. Abstract. Carney discloses a conductive support substrate 12 such as a lead frame having a flag or chip attach region 20 and leads 22 and 23 (see Fig. 1 and paragraph [0024]). Carney discloses that positionally adaptable locking features 44 (see Fig. 1 and 3) and 46 (see Fig. 2) are formed on a top surface of the substrate 12 (see Figs. 1-3 and paragraph [0027]).

Application/Control Number: 90/015,860                                                                Page 5
Art Unit: 3992



FIG. 1



FIG. 2

FIG. 3

As discussed above, Carney discloses "positive mold lock" structures on a top surface of

the lead frame, identified by the examiner as the allowable subject matter.  A reasonable

examiner would consider a reference that teaches an allowable subject matter important in

determining the patentability of claims.

There's a substantial likelihood that a reasonable examiner would consider the teaching

of Carney important in determining the patentability of claims 1-9 of the '351 patent.  Carney

Application/Control Number: 90/015,860                                    Page 6
Art Unit: 3992

was not considered during the prosecution of the '351 patent and was not subject to a final

holding of invalidity by a federal court.  Accordingly, Carney raises a substantial new question

of patentability of claims 1-9 of the '351 patent.

## Issue 2

The Examiner **does not agree** that Carter raises an SNQ as to claims 1-3.

Carter discloses a single piece downset exposed lead frame that can be used in production

processes.  Abstract.  Carter discloses a die pad 31 with wings 34 and 35 extending upward and

outward.  Carter further discloses that "wings 34 and 35 help lock the leadframe in the plastic

package 40, which is shown in outline" (3:49-51).



FIGURE 5

While Carter discloses "positive mold lock" structures, wings 34 and 35 are not formed on a top

surface of the lead frame as recited in claim 1.  A reasonable examiner would not consider a

reference that does teach the allowable subject matter important in determining the patentability

of claims 1-3 of the '351 patent.  Accordingly, Carter does not raise an SNQ as to claims 1-3 of

the '351 patent.

Application/Control Number: 90/015,860                                                    Page 7
Art Unit: 3992

## *35 USC 325(d)*

A review of the post grant history for the underlying patent indicates that there have been no other Office post grant challenges made to the patent (Reexamination Proceedings or *Inter Partes* Review, Post Grant Review, Covered Business Method trials). Accordingly, a discretionary denial of reexamination pursuant to 35 USC 325(d) is not applicable.

## *Conclusion*

Request for reexamination of claim 1-9 of the '351 patent is **granted**. Claims 1-9 are subject to reexamination.

**All** correspondence relating to this *ex parte* reexamination proceeding should be directed as follows:

By **U.S. Postal Service Mail** to:

        Mail Stop *Ex Parte* Reexam
        ATTN:  Central Reexamination Unit
        Commissioner for Patents
        P.O. Box 1450
        Alexandria, VA  22313-1450

By FAX to:    (571) 273-9900
              Central Reexamination Unit

By hand to:   Customer Service Window
              Knox Building
              501 Dulany St.
              Alexandria, VA  22314

Application/Control Number: 90/015,860                                                          Page 8
Art Unit: 3992

Any inquiry concerning this communication or earlier communications from the Reexamination

Legal Advisor or Examiner, or as to the status of this proceeding, should be directed to the

Central Reexamination Unit at telephone number (571) 272-7705.

/Woo H. Choi/
Patent Reexamination Specialist
Central Reexamination Unit 3992

Conferees:

/H.B.P/
Hetul Patel
Supervisory Patent Reexamination Specialist, Art Unit 3992