# EXHIBIT 11

# UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/016,057 | 03/18/2026 | 9299646 | 068758.0662D | 2580 |

201116      7590      05/04/2026
Bunsow De Mory LLP
701 El Camino Real
Redwood City, CA 94063

| EXAMINER |
|---|
| ANDUJAR, LEONARDO |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3991 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 05/04/2026 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)



**UNITED STATES PATENT AND TRADEMARK OFFICE**

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

BAKER BOTTS, LLP
2001 ROSS AVENUE
SUITE 900
DALLAS, TX 75201

# *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. *90/016,057* .

PATENT UNDER REEXAMINATION *9299646* .

ART UNIT *3991* .

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified *ex parte* reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the *ex parte* reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

PTOL-465 (Rev.07-04)

| ***Order Granting Request For Ex Parte Reexamination*** | Control No. 90/016,057 | Patent Under Reexamination 9299646 | |
|---|---|---|---|
| | Examiner LEONARDO ANDUJAR | Art Unit 3991 | AIA (FITF) Status No |

***--The MAILING DATE of this communication appears on the cover sheet with the correspondence address--***

The request for *ex parte* reexamination filed 03/18/2026 has been considered and a determination has been made. An identification of the claims, the references relied upon, and the rationale supporting the determination are attached.

Attachments:   a)☐   PTO-892,       b)☑   PTO/SB/08,       c)☐   Other: _____

1. ☑   The request for *ex parte* reexamination is GRANTED.

       RESPONSE TIMES ARE SET AS FOLLOWS:

For Patent Owner's Statement (Optional):  TWO MONTHS  from the mailing date of this communication (37 CFR 1.530 (b)). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

For Requester's Reply (optional): TWO MONTHS from the **date of service** of any timely filed Patent Owner's Statement (37 CFR 1.535). **NO EXTENSION OF THIS TIME PERIOD IS PERMITTED.** If Patent Owner does not file a timely statement under 37 CFR 1.530(b), then no reply by requester is permitted.

| | | |
|---|---|---|
| | | |

cc:Requester ( if third party requester )

U.S. Patent and Trademark Office
PTOL-471G(Rev. 01-13)        **Office Action in *Ex Parte* Reexamination**        Part of Paper No. 20260427

Application/Control Number: 90/016,057                                    Page 2
Art Unit: 3991

## DECSION ON REQUEST FOR REEXAMINATION

1.      Reexamination has been requested for claims 1-11 of United States Patent number 9,299,646 to Kumar et al. entitled: "LEAD FRAME WITH POWER AND GROUND BARS" (hereinafter "the '646 patent").

2.      A substantial new question of patentability affecting claims 1-11 of the '646 patent is raised by the request for *ex parte* reexamination.

3.      Extensions of time under 37 CFR 1.136(a) will not be permitted in these proceedings because the provisions of 37 CFR 1.136 apply only to "an applicant" and not to parties in a reexamination proceeding. Additionally, 35 U.S.C. 305 requires that *ex parte* reexamination proceedings "will be conducted with special dispatch" (37 CFR 1.550(a)). Extensions of time in *ex parte* reexamination proceedings are provided for in 37 CFR 1.550(c).

### *Prosecution History*

4.      The following is a brief summary of the most relevant portions regarding the prosecution of application 14/833,135 (hereafter '135) that matured into the '646 patent..

5.      On 02/17/2016, the Examiner sent a Notice of Allowability allowing original claims 1-11 [first action on the merits]. The Examiner provided the following reasons for allowance:

The prior art taken either singularly or in combination fails to anticipate or fairly suggest the limitations of the claims listed above in such a manner that a rejection under 35 U.S.C. 102 or 103 would be proper.

The prior art fails to teach a combination of all of the features in the claims. In particular, the prior art fails to teach a semiconductor die having a plurality of first contact pads and

at least one second contact pad disposed on or exposed through a surface thereof; a package casing that covers the semiconductor die; a plurality of signal leads spaced apart from the semiconductor die and each having an embedded portion located within the package casing and an exposed portion located outside of the package casing, each of the signal leads being electrically connected to a respective one of the first contact pads; a power bar extending at least partially in an area between the embedded portions of the plurality of signal leads and the semiconductor die and having a first side opposing the signal leads and a second side opposing the semiconductor die, the power bar being electrically connected to the at least one second contact pad; and ground bar that is electrically grounded and extends at least partially in said area, the ground bar having a first portion disposed between the embedded portions of the plurality of signal leads and the first side of the power bar, and a second portion disposed between the second side of the power bar and the semiconductor die.

Hsieh (US 2015/0137337) and Chen (US 2013/0082371) teach a package having a die and signal leads partially enclosed in the package (Hsieh, fig. 2A and Chen, Figs 1 and 3).

Hsieh and Chen also teach a power bar and a ground bar between the signal leads and the chip (Hsieh Fig. 2B and Chen Fig. 1), however the ground bar is only on the second side of the power bar (the side between the power bar and the chip) and not on the first side of the power bar (the side between the power bar and the signal leads).

Ho (US 2002/0118522) and Lan (US 5767575) teach an interdigitated ground bar and power bar in which the ground bar is on at least two sides of the power bar (Ho, Fig. 5A and Lan, Fig. 4C), however the packages of Ho and Lan are of BGA type, which means the

Application/Control Number: 90/016,057    Page 4

Art Unit: 3991

signal leads are not in the same plane as the interdigitated power and ground bars. Thus,

the ground bar cannot be located between the power bar and the signal leads

### *Reference Asserted as Raising a Substantial New Question (SNQ)*

6.    In the request for reexamination, the requester alleges that the following prior art

references raise a substantial new question of patentability of the issued claims 1-11 of

the '646 patent.

    a)  U.S. Patent Application No. US 2009/0020859 ("Chen")

    b)  Japanese Patent Application Publication No. H6-52156 ("Imai")

    c)  U.S. Patent No. 8,547,681 ("Logan")

    d)  U.S. Patent No. 5,589,709 ("Dobkin")

7.    Listed prior art (a)–(d) were not of record during the prosecution history of the '646

patent and are non-cumulative to the art of record.

8.    References (a)-(c) above were published or issued more than one year before the

effective filing date of claimed subject matter in United States application'135 (filed on

Aug. 23, 2015) that became the '646 patent in Mar. 29, 2016.  Accordingly, each of

references (a)-(d) qualifies as prior art under 35 USC 102(a)(1).

### *Substantial New Question*

9.    The presence or absence of a "substantial new question of patentability"

determines whether or not reexamination is ordered. For a "substantial new question of

patentability" to be present, it is only necessary that:

    a) the prior art patents and/or printed publications raise a substantial new question

      of patentability regarding at least one claim, i.e., the teaching of the (prior art)

      patents and printed publications is such that a reasonable examiner would

consider the teaching to be important in deciding whether or not the claim is patentable; and

b) the same question of patentability as to the claim has not been decided by the Office in an earlier concluded examination or review of the patent, raised to or by the Office in a pending reexamination or supplemental examination of the patent, or decided in a final holding of invalidity (after all appeals) by a federal court in a decision on the merits involving the claim. If a reexamination proceeding was terminated/vacated without resolving the substantial question of patentability question, it can be re-presented in a new reexamination request. It is not necessary that a "prima facie" case of unpatentability exist as to the claim in order for "a substantial new question of patentability" to be present as to the claim.

10.    Substantial new questions of patentability in a reexamination proceeding filed under 35 U.S.C. 302 must be based on patents or printed publications. Other matters, such as public use or on sale, inventorship, 35 U.S.C. 101, 35 U.S.C. 112, conduct, etc., will not be considered when making the determination on the request. (See MPEP 2217)

11.    A prior art reference or a combination of references teaching "*a semiconductor device comprising at least one of the following limitations: a power bar extending at least partially in an area between embedded portions of a plurality of signal leads and a semiconductor die and having a first side opposing the signal leads and a second side opposing the semiconductor die; and a ground bar having a first portion disposed between the embedded portions of the plurality of signal leads and the first side of the power bar, and a second portion disposed between the second side of the power bar and*

*the semiconductor die. wavelength spectrum"* would have been considered important in determining the patentability of independent claim 1 its dependent claims 2-6.

12.    A prior art reference or a combination of references teaching "*a method of assembling semiconductor device comprising at least one of the steps of: providing a power bar that extends at least partially in an area between a plurality of signal leads and a semiconductor die and having a first side opposing the signal leads and a second side opposing the semiconductor die; and providing a ground bar having a first portion disposed between the plurality of signal leads and the first side of the power bar, and a second portion disposed between the second side of the power bar and the semiconductor die"* would have been considered important in determining the patentability of independent claim 7 its dependent claims 8-11.

## Issues Raised in the Request

**ISSUE 1A/1B: The Request indicates that the Requester believes that the teachings of Chen raise a substantial new question of patentability for independent claims 1 and 7 and its dependent claims 4-6 and 10-11 of the '646 patent (See Request filed on 03/18/2026 Page(s) 50-83)**

13.    Regarding independent claims 1 and 7, the teachings of Chen raise a substantial new question of patentability because Chen teaches the following new, non-cumulative technical feature that raises a substantial new question of patentability as described here.

14.    Chen (e.g. fig. 1) teaches a method of making a device comprising the step of:

- providing a semiconductor die 100 (¶0017) having a plurality of first contact pads and at least one second contact pad disposed on or exposed through a surface thereof;

Application/Control Number: 90/016,057

Page 7

Art Unit: 3991

- providing a plurality of signal leads 205 spaced apart from the semiconductor die;

- providing a power bar 207 that extends at least partially in an area between the plurality of signal leads and the semiconductor die and having a first side opposing the signal leads and a second side opposing the semiconductor die (e.g. the bar 207 disposed between two bars 207);

- providing a ground bar 207 that extends at least partially in said area, the ground bar having a first portion disposed between the plurality of signal leads 205 and the first side of the power bar (i.e. lower bar 207), and a second ground 207 disposed between the second side of the power bar and the semiconductor die (i.e. top bar 207);

- electrically connecting each of the signal leads to a respective one of the first contact pads (e.g. bonding wires 105; ¶0018);

- electrically connecting the power bar to the at least one second contact pad (e.g. bonding wires 103; ¶0019); and encapsulating the semiconductor die, the power bar, the ground bar,

- and a portion of each of the signal leads in a packaging material (300/400; ¶¶0023)

Art Unit: 3991



# FIG. 1

15.    A reasonable examiner would find that the teachings Chen to be important in determining the patentability of claims 1 and 7 of the '646 patent. The teachings of Chen as discussed herein are not cumulative to any written discussion on the record of the teachings of the prior art, were not previously considered nor addressed during a prior examination, and the same question was not subject of a final holding of invalidity in the Federal Courts.

16.    Regarding dependent claims 4-6 and 10-11, the teachings of Chen raise a substantial new question of patentability for them as well, for the reasons discussed above with respect to independent claims 1 and 7.

Application/Control Number: 90/016,057                                                   Page 9
Art Unit: 3991

17.    Thus, Issue 1A/1B raises a substantial new question regarding claims 1, 4-7 and

10-11 of the '646 patent.

***ISSUE 2: The Request indicates that the Requester believes that the teachings of Chen in view of Imai raise a substantial new question of patentability for independent claims 1 and 7 and its dependent claims 2-6 and 8-11 of the '646 patent (See Request filed on 03/18/2026 Page(s) 83-142)***

18.    Regarding independent claims 1 and 7, the teachings of Chen in view of Imai raise

a substantial new question of patentability because the combination teaches the following

new, non-cumulative technical feature that raises a substantial new question of

patentability as described here.

19.    Chen (e.g. fig. 1, above) teaches a method of making a device comprising the step

of:

- providing a semiconductor die 100 (¶0017) having a plurality of first contact
  pads and at least one second contact pad disposed on or exposed through a
  surface thereof;

- providing a plurality of signal leads 205 spaced apart from the semiconductor
  die;

- providing a power bar 207 that extends at least partially in an area between the
  plurality of signal leads and the semiconductor die and having a first side
  opposing the signal leads and a second side opposing the semiconductor die
  (e.g. the bar 207 disposed between two bars 207);

- providing a ground bar 207 that extends at least partially in said area, the
  ground bar having a first portion disposed between the plurality of signal leads

Application/Control Number: 90/016,057                                                    Page 10
Art Unit: 3991

205 and the first side of the power bar (i.e. lower bar 207), and a second ground

207 disposed between the second side of the power bar and the semiconductor

die (i.e. top bar 207);

- electrically connecting each of the signal leads to a respective one of the first

  contact pads (e.g. bonding wires 105; ¶0018);

- electrically connecting the power bar to the at least one second contact pad

  (e.g. bonding wires 103; ¶0019); and encapsulating the semiconductor die, the

  power bar, the ground bar,

- and a portion of each of the signal leads in a packaging material (300/400;

  ¶¶0023)

20.    Moreover, Imai (e.g. annotated fig. 1) teaches a method of making a

semiconductor device. The method comprises the step of forming power lead between

two ground leads.  This ground "arrangement" reduces electromagnetic interference from

power supply leads to signal leads   ¶0027].



Power leads

Ground leads

Application/Control Number: 90/016,057                                                        Page 11
Art Unit: 3991

21.    A reasonable examiner would find that the teachings Chen in view of Imai to be important in determining the patentability of claims 1 and 7 of the '646 patent. The teachings of Chen in view of Imai as discussed herein are not cumulative to any written discussion on the record of the teachings of the prior art, were not previously considered nor addressed during a prior examination, and the same question was not subject of a final holding of invalidity in the Federal Courts.

22.    Regarding dependent claims 2-6 and 8-11, the combined teachings of Chen in view of Imai raise a substantial new question of patentability for them as well, for the reasons discussed above with respect to independent claims 1 and 7.

23.    Thus, Issue 2 raises a substantial new question regarding claims 1-11 of the '646 patent.

**ISSUE 3: The Request indicates that the Requester believes that the teachings of Chen in view of Imai in further view of Logan and further in view of Dobkin raise a substantial new question of patentability for independent claims 1 and 7 and its dependent claims 2-6 and 8-11 of the '646 patent (See Request filed on 03/18/2026 Page(s) 142-181)**

24.    Regarding independent claims 1 and 7, the teachings of Chen in view of Imai in further view of Logan and further in view of Dobkin raise a substantial new question of patentability because the combination teaches the following new, non-cumulative technical feature that raises a substantial new question of patentability as described here.

25.    Chen (e.g. fig. 1, above) teaches a method of making a device comprising the step of:

Application/Control Number: 90/016,057                                    Page 12
Art Unit: 3991

- providing a semiconductor die 100 (¶0017) having a plurality of first contact pads and at least one second contact pad disposed on or exposed through a surface thereof;

- providing a plurality of signal leads 205 spaced apart from the semiconductor die;

- providing a power bar 207 that extends at least partially in an area between the plurality of signal leads and the semiconductor die and having a first side opposing the signal leads and a second side opposing the semiconductor die (e.g. the bar 207 disposed between two bars 207);

- providing a ground bar 207 that extends at least partially in said area, the ground bar having a first portion disposed between the plurality of signal leads 205 and the first side of the power bar (i.e. lower bar 207), and a second ground bar 207 disposed between the second side of the power bar and the semiconductor die (i.e. top bar 207);

- electrically connecting each of the signal leads to a respective one of the first contact pads (e.g. bonding wires 105; ¶0018);

- electrically connecting the power bar to the at least one second contact pad (e.g. bonding wires 103; ¶0019); and encapsulating the semiconductor die, the power bar, the ground bar,

- and a portion of each of the signal leads in a packaging material (300/400; ¶¶0023)

26.    Moreover, Imai (e.g. annotated fig. 1, above) teaches a method of making a semiconductor device. The method comprises the step of forming power lead between

Application/Control Number: 90/016,057                                    Page 13
Art Unit: 3991

two ground leads.  This ground "arrangement" reduces electromagnetic interference from power supply leads to signal leads   ¶0027].

27.    Furthermore, Logan discloses that interdigitated decoupling capacitors may reduce voltage transients caused by current spikes on the power and ground planes and reduce the impedance of the supply node [i.e., power] at high frequencies [col. 3/ll. 58-61; col. 6/ll. 55-60).

28.    Additionally, Dobkin (e.g. figs. 1, 2A & 2B) abstract) teaches an isolator circuit. Dobkin discloses a "capacitor formed from portions of the lead frame structure used in conventional integrated circuit packaging." Specifically, Dobkin illustrates its lead frame capacitor as an interdigitated capacitor with a first electrode ("electrode 14") having fingers ("14A," "14B") on either side of a second electrode ("electrode 12"):



29.    A reasonable examiner would find that the teachings of Chen in view of Imai in further view of Logan and further in view of Dobkin to be important in determining the patentability of claims 1 and 7 of the '646 patent. The teachings of Chen in view of Imai

in further view of Logan and further in view of Dobkin as discussed herein are not cumulative to any written discussion on the record of the teachings of the prior art, were not previously considered nor addressed during a prior examination, and the same question was not subject of a final holding of invalidity in the Federal Courts.

30.     Regarding dependent claims 2-6 and 8-11, the combined teachings Chen in view of Imai in further view of Logan and further in view of Dobkin raise a substantial new question of patentability for them as well, for the reasons discussed above with respect to independent claims 1 and 7.

31.     Thus, Issue 3 raises a substantial new question regarding claims 1-11 of the '646 patent.

### USC 325(d)

32.     A review of the post grant history for the '646 patent indicates that there have been no other Office post grant challenges involving the patent (Reexamination Proceedings or Inter Partes Review, Post Grant Review, Covered Business Method trials). Accordingly, a determination of whether to exercise discretion to reject the request pursuant to 35 USC 325(d) is not applicable.

### Conclusion

33.     The patent owner is reminded of the continuing responsibility under 37 CFR 1.565(a) to apprise the Office of any litigation activity, or other prior or concurrent proceeding, involving Patent No. 9,299,646 throughout the course of this reexamination proceeding. The requester is also reminded of the ability to similarly appraise the Office of any such activity or proceeding throughout the course of this reexamination proceeding. See MPEP §§ 2207, 2282 and 2286.

Application/Control Number: 90/016,057                                        Page 15
Art Unit: 3991

After the filing of a request for reexamination by a third party requester, any document filed by either the patent owner or the third party requester must be served on the other party (or parties where two or more third party requester proceedings are merged) in the reexamination proceeding in the manner provided in 37 CFR 1.248. See 37 CFR 1.550(f). Any inquiry concerning this communication or earlier communications from the examiner should be directed to Leonardo Andujar whose telephone number is 571-272-1912. The examiner can normally be reached on Mon.-Thurs. 6:30am-4:30pm. If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisors, Patricia Engle can be reached at 571-272-6660.

34.    Information regarding the status of published or unpublished applications may be obtained from Patent Center. Unpublished application information in Patent Center is available to registered users. To file and manage patent submissions in Patent Center, visit: https://patentcenter.uspto.gov. Visit https://www.uspto.gov/patents/apply/patent-center for more information about Patent Center and https://www.uspto.gov/patents/docx for information about filing in DOCX format. For additional questions, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

35.    Telephone Numbers for reexamination inquiries:

Central Reexam Unit (CRU)        (571) 272-7705  Reexamination

Facsimile Transmission No.        (571) 273-9900

Application/Control Number: 90/016,057                                                      Page 16
Art Unit: 3991

36.      **All** correspondence relating to this *ex parte* reexamination proceeding may be

submitted via:

Electronically:             Registered users may submit via Patent Center
                            https://patentcenter.uspto.gov/.

By Mail to:                 Mail Stop *Ex Partee* Reexam
                            Central Reexamination Unit
                            Commissioner for Patents
                            United States Patent & Trademark Office
                            P.O. Box 1450
                            Alexandria, VA 22313-1450

By FAX to:                  (571) 273-9900
                            Central Reexamination Unit

By hand:                    Customer Service Window
                            Knox Building
                            501 Dulany Street
                            Alexandria, VA 22314

Signed:

*/LEONARDO ANDUJAR/*
Primary Examiner
Central Reexamination Unit 3991

Conferees:

/LEE E SANDERSON/
Reexamination Specialist, Art Unit 3991

/Patricia L Engle/
SPRS, Art Unit 3991