**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | |
|---|---|
| CHIP PACKAGING TECHNOLOGIES, LLC, | |
| *Plaintiff*, | Civil Action No. 7:25-cv-00505-DC-DTG |
| v. | JURY TRIAL DEMANDED |
| STMICROELECTRONICS, INC., | |
| *Defendant*. | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT STMICROELECTRONICS, INC.'S
MOTION TO STAY PENDING *EX PARTE* REEXAMINATION**

**TABLE OF CONTENTS**

I.     INTRODUCTION ................................................................................................................ 1

II.    BACKGROUND ................................................................................................................. 2

   A.  The asserted patents and this action. ........................................................................ 2

   B.  The reexamination requests—three of five patents, none filed by ST. .................... 2

   C.  ST's conditional and limited stipulation. ................................................................ 2

III.   LEGAL STANDARD ......................................................................................................... 3

IV.   ARGUMENT ...................................................................................................................... 3

   A.  A stay will not simplify this case—the most important factor. ............................... 3

      1.  ST seeks not simplification but two bites at the apple. ..................................... 3

      2.  The reexaminations have barely progressed, making a stay particularly unjustified. .... 4

      3.  Reexamination has been ordered on only three of five patents. ....................... 4

      4.  The outcomes are speculative, and statistically unlikely to simplify the case. .............. 5

      5.  ST's conditional stipulation does not cure the problem. ................................... 6

   B.  A stay would unduly prejudice CPT and hand ST an unwarranted tactical advantage. ...... 6

      1.  CPT has a recognized interest in the timely enforcement of its patents. ......... 6

      2.  ST's strategy to avoid estoppel is itself prejudicial. ........................................ 7

      3.  The stay would be indefinite and would outlast trial. ...................................... 8

   C.  The stage of the litigation does not justify a stay. ................................................... 8

V.   CONCLUSION ................................................................................................................... 9

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AGIS Software Dev. LLC v. Google LLC*,
Nos. 2:19-CV-00361-JRG, 2:19-CV-00359-JRG, 2:19-CV-00362-JRG, 2021
WL 465424 (E.D. Tex. Feb. 9, 2021) ...............................................................................5, 9

*Anascape, Ltd. v. Microsoft Corp.*,
475 F. Supp. 2d 612 (E.D. Tex. 2007) ................................................................................4, 5

*BarTex Rsch., LLC v. FedEx Corp.*,
611 F. Supp. 2d 647 (E.D. Tex. 2009) ...............................................................................7, 8

*Cellspin Soft, Inc. v. SZ DJI Tech. Co.*,
No. 2:25-cv-00949-JRG-RSP (E.D. Tex. May 19, 2026).................................................3, 4, 8

*Competitive Access Sys., Inc. v. Samsung Elecs. Co.*,
No. 4:25-CV-886-SDJ (E.D. Tex. May 28, 2026)....................................................................5

*Daingean Techs. Ltd. v. T-Mobile USA, Inc.*,
No. 2:23-CV-00347-JRG-RSP, 2025 WL 4666540 (E.D. Tex. July 3, 2025) ..........................4

*Kaifi LLC v. T-Mobile US, Inc.*,
No. 2:20-cv-00281-JRG, 2021 WL 12413531 (E.D. Tex. Sept. 24, 2021) ..............................4

*Kirsch Rsch. & Dev., LLC v. IKO Indus., Inc.*,
No. 6:20-cv-00317-ADA, 2021 WL 4555610 (W.D. Tex. Oct. 4, 2021).............................3, 6

*Light Guide Innovations LLC v. Walmart Inc.*,
No. 2:25-cv-00312-RWS-RSP (E.D. Tex. May 29, 2026) ................................................3, 6, 7

*Longhorn HD LLC v. NetScout Sys., Inc.*,
No. 2:20-CV-00349-JRG, 2022 WL 71652 (E.D. Tex. Jan. 6, 2022) ..................................4, 9

*Malikie Innovations Ltd. v. MARA Holdings, Inc.*,
No. 7:25-cv-00222-DC-DTG (W.D. Tex. June 1, 2026) (Gilliland, J.) .......................... *passim*

*Radiant Vision Sys., LLC v. Admesy B.V.*,
No. 1:21-CV-01115-DAE, 2024 WL 1079059 (W.D. Tex. Mar. 12, 2024) ............................8

*Twitch LLC v. Bote, LLC*,
No. WA-24-CV-00233-KC, 2024 WL 3898297 (W.D. Tex. Aug. 21, 2024)..........................7

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
759 F.3d 1307 (Fed. Cir. 2014)..............................................................................................7

**Statutes**

35 U.S.C. § 252 ..............................................................................................................................5

35 U.S.C. § 315(e) ..........................................................................................................................6

## I.    INTRODUCTION

Three days before STMicroelectronics, Inc. ("ST") filed this Motion (Defendant STMicroelectronics, Inc.'s Motion to Stay Pending *Ex Parte* Reexamination ("Mot.")), this Court denied a materially identical motion to stay pending *ex parte* reexamination. *See Malikie Innovations Ltd. v. MARA Holdings, Inc.*, No. 7:25-cv-00222-DC-DTG (W.D. Tex. June 1, 2026) (Gilliland, J.) ("MARA"). The same reasons that defeated the requested stay in *MARA* defeat ST's Motion here. Because *ex parte* reexamination carries no estoppel, ST remains free to press the very same invalidity theories in this Court no matter what the Patent Office does, so a stay "is unlikely to simplify the case" and instead hands ST "two bites at the invalidity apple." *MARA*, slip op. at 2–4.

Indeed, ST's request is weaker than the one this Court just rejected. Reexamination has been ordered on only three of the five asserted patents, and ST is not a party to any of those proceedings—each was requested by non-parties. The two remaining requests, on the 8,643,189 ("'189 Patent") and the 10,151,658 ("'658 Patent"), are the only ones ST itself filed; the Patent Office has not acted on either, and Chip Packaging Technologies, LLC ("CPT") intends to oppose institution of both. No Office Action has issued in any proceeding. ST thus asks the Court to halt this case—for years—based on speculative future agency action that, on ST's own statistics, moots a case (by canceling every challenged claim) less than 15% of the time. Dkt. No. 39-1 at 2 (Certificates with all claims canceled – Overall 14.5%). Each factor—simplification, prejudice, and the stage of the case—weighs against a stay. The Motion should be denied.

1

## II.     BACKGROUND

### A.  The asserted patents and this action.

CPT filed this action on October 30, 2025, asserting five patents against ST: U.S. Patent Nos. 9,685,351 ("'351 Patent"), 9,263,299 ("'299 Patent"), 9,299,646 ("'646 Patent"), 8,643,189, and 10,151,658. Dkt. No. 1. CPT alleges direct and indirect infringement with pre-suit knowledge and seeks monetary damages; it does not seek an injunction. *Id.*; Mot. 1. The Court set the *Markman* hearing for September 1, 2026, the opening of fact discovery for September 2, 2026, and trial for September 7, 2027. Mot. 3–4 (citing Dkt. No. 38).

### B.  The reexamination requests—three of five patents, none filed by ST.

Between January and May 2026, ST and two non-parties—Advanced Semiconductor Engineering, Inc. ("ASE") and Infineon Technologies AG ("Infineon")—filed six *ex parte* reexamination ("EPR") requests. Mot. 2. The Patent Office has ordered reexamination of three patents—the '351, '299, and '646 Patents—each on a request filed by *non-party* ASE or Infineon; ST is not a party to any of them. Mot. 2–3. The two remaining requests—on the '189 and '658 Patents—were filed by ST on May 27 and 28, 2026, and the Office has not acted on either. *Id.* No Office Action has issued in any of the proceedings, and CPT intends to file submissions opposing institution of ST's two requests. Declaration of Robert Magee ("Magee Decl.") ¶¶ 2-3.

### C.  ST's conditional and limited stipulation.

In a footnote, ST offers a limited promise not to raise "the same SNQs" at trial—but only if no asserted claim is amended, the EPRs reach a final merits resolution, *and* CPT agrees to be bound by every statement it makes in the reexaminations for purposes of non-infringement, claim construction, prosecution-history estoppel, and disclaimer. Mot. 6 n.7.

2

### III.    LEGAL STANDARD

"Patent infringement suits are not automatically stayed pending the resolution of parallel USPTO proceedings." *MARA*, slip op. at 1. ST, as the movant, bears the burden to show that the "stay's benefits outweigh its inherent costs." *Id.* (quoting *Kirsch Rsch. & Dev., LLC v. IKO Indus., Inc.*, No. 6:20-cv-00317-ADA, 2021 WL 4555610, at \*2 (W.D. Tex. Oct. 4, 2021)). Courts weigh (1) whether a stay would unduly prejudice or tactically disadvantage the non-movant; (2) the stage of the proceedings; and (3) whether a stay would simplify the issues in this case. *Kirsch*, 2021 WL 4555610, at \*2. Simplification is "the most important" factor. *Cellspin Soft, Inc. v. SZ DJI Tech. Co.*, No. 2:25-cv-00949-JRG-RSP, slip op. at 1 (E.D. Tex. May 19, 2026) (quoting *Uniloc USA, Inc. v. Acronis, Inc.*, No. 6:15-CV-01001-RWS-KNM, 2017 WL 2899690, at \*3 (E.D. Tex. Feb. 9, 2017)).

### IV.    ARGUMENT

#### A.  A stay will not simplify this case—the most important factor.

##### 1.  <u>ST seeks not simplification but two bites at the apple.</u>

*Ex parte* reexamination carries no estoppel, so ST keeps both bites at the invalidity apple. Unlike *inter partes* review, *ex parte* reexamination "do[es] not have an estoppel provision pursuant to 35 U.S.C. § 315," so a defendant "could present the same invalidity arguments" in court that it raised at the Office. *Light Guide Innovations LLC v. Walmart Inc.*, No. 2:25-cv-00312-RWS-RSP, slip op. at 4 (E.D. Tex. May 29, 2026). This Court held days ago that the absence of estoppel "allows the defendant to initiate the reexaminations, evaluate the plaintiffs' arguments in those proceedings, and modify their invalidity arguments in this case based on the result," which "effectively gives the defendant '[two] bites at the [invalidity] apple,'" and makes a stay "unlikely to simplify the case." *MARA*, slip op. at 2–4. For nearly two decades, Courts have reached the

3

same conclusion, holding that *ex parte* reexamination is "the form of reexamination less likely to simplify issues" and warning that reexamination "can be used as a tactical tool to delay a case and impose costs, with no real expectation that any controversy will be resolved"—a concern "especially true of the *ex parte* procedure." *Anascape, Ltd. v. Microsoft Corp.*, 475 F. Supp. 2d 612, 615–17 (E.D. Tex. 2007). The point applies fully to ST, which faces no estoppel.

### 2. <u>The reexaminations have barely progressed, making a stay particularly unjustified.</u>

Courts deny *ex parte* reexamination stays even where the Office has already issued an Office Action rejecting the asserted claims. *See, e.g.*, *Daingean Techs. Ltd. v. T-Mobile USA, Inc.*, No. 2:23-CV-00347-JRG-RSP, 2025 WL 4666540 (E.D. Tex. July 3, 2025) (denying stay even after a non-final Office Action rejected the asserted claim); *Longhorn HD LLC v. NetScout Sys., Inc.*, No. 2:20-CV-00349-JRG, 2022 WL 71652 (E.D. Tex. Jan. 6, 2022) (denying stay after first Office Action rejected all claims). Here, by contrast, *no* Office Action has issued on any patent, and two of the five patents are not under reexamination at all—so "the potential to simplify the issues . . . is [ ] more speculative than factual." *Kaifi LLC v. T-Mobile US, Inc.*, No. 2:20-cv-00281-JRG, 2021 WL 12413531, at *1 (E.D. Tex. Sept. 24, 2021) (quotation omitted).

### 3. <u>Reexamination has been ordered on only three of five patents.</u>

"It has been th[e] Court's consistent and long established practice to deny motions to stay pending IPR and EPR when the PTAB or PTO have instituted review on less than all asserted claims of all asserted patents because at least one or more originally asserted claims will be unaffected by the outcome of those parallel proceedings and left intact before th[e] Court to be tried." *Cellspin*, slip op. at 1 (quoting *AGIS Software Dev. LLC v. Google LLC*, Nos. 2:19-CV-00361-JRG, 2:19-CV-00359-JRG, 2:19-CV-00362-JRG, 2021 WL 465424, at *2 (E.D. Tex. Feb. 9, 2021)).

The EPR proceedings on the '189 and '658 Patents have not been instituted and CPT plans to file papers under the PTO's new pre-order paper submission process, which may defeat institution. Magee Decl. ¶¶ 2-3. If the EPR proceedings are not instituted, then the claims will be tried no matter what the Office does with the other three. ST's own reliance on *AGIS* (Mot. 8) proves the point—this does not weigh in favor of a stay unless the Office "has granted EPR's as to ***all** claims of **all** asserted patents.*" 2021 WL 465424, at \*2 (emphasis added).[1]

### 4. <u>The outcomes are speculative, and statistically unlikely to simplify the case.</u>

On ST's own evidence, the Office grants 92.7% of all requests, so a grant is no measure of invalidity. Yet only 14.5% of EPRs end with all claims canceled—16.1% for third-party-requester proceedings like ASE's and Infineon's—while 22.9% end with every claim confirmed unchanged. Dkt. No. 39-1 at 2. The "claims changed" category does not eliminate claims; at most, amendment creates intervening rights under 35 U.S.C. § 252, which does not eliminate any causes of action. And reexamination "only considers invalidity based on prior art" and "does not consider infringement issues, or other grounds for invalidity," *Anascape*, 475 F. Supp. 2d at 615, so even if ST were to agree to a *Sotera* stipulation, that would still leave infringement, damages, willfulness, and validity under §§ 101 and 112 for trial. The Court should "deal[] with [any changes to the claims] when and if [they] occur[], rather than putting the case indefinitely on hold." *Light Guide*, slip op. at 6.

Nor does ST's parallel-case rationale (Mot. 9) help: because EPR carries no estoppel, a stay would not stop ST from advancing different invalidity grounds here than in the parallel cases.

---

[1]ST's likely reliance on recent decisions granting *ex parte* reexamination stays is misplaced; those courts granted stays because the Office had ordered reexamination of all asserted claims of all asserted patents. *See, e.g.*, *Competitive Access Sys., Inc. v. Samsung Elecs. Co.*, No. 4:25-CV-886-SDJ, slip op. at 1–2 (E.D. Tex. May 28, 2026) (USPTO "granted all seven EPR requests," "accounting for all ninety-five claims at issue"). That all-claims predicate is absent here.

Its claim-construction point fares no better; this Court construes claims on the existing record without awaiting reexamination.

### 5. ST's conditional stipulation does not cure the problem.

ST's footnote stipulation (Mot. 6 n.7) limits its estoppel to only "the same SNQs," leaving ST free to press other invalidity theories—different prior art and §§ 101 and 112—in this Court. It is conditioned on no claim being amended and on CPT surrendering its claim-construction and prosecution-history positions. Moreover, ST is not even a party to four of the six EPRs. A movant that rides on the coattails of *non-parties'* reexaminations while reserving every invalidity argument for trial seeks the benefit of a favorable Office ruling with "no risk" if the Office rules the other way.

A narrow, conditional, one-sided promise does not supply the estoppel that *ex parte* reexamination lacks. ST's own lead authority confirms the point: the stay in *Kirsch* rested on the defendant's agreement to be bound "under the full scope of § 315(e), as if it was the petitioner," 2021 WL 4555610, at *3. Section 315(e) estoppel is a feature of *inter partes* review; *ex parte* reexamination has none, and ST's conditional footnote is nowhere near sufficient.

### B. A stay would unduly prejudice CPT and hand ST an unwarranted tactical advantage.

### 1. CPT has a recognized interest in the timely enforcement of its patents.

"[A] patent owner that seeks solely monetary relief still has an interest in enforcing its patent right." *MARA*, slip op. at 2 (citing *TC Tech. LLC v. T-Mobile USA, Inc.*, No. 6:20-CV-00899-ADA, 2021 WL 8083373, at *2 (W.D. Tex. Dec. 7, 2021)). "Even if [a plaintiff] is a non-practicing entity, [it] has an interest in the timely enforcement of its patents." *Light Guide*, slip op. at 4. Courts in this region find that the prejudice factor weighs against a stay, and deny stays for that reason, even where the plaintiff is a non-practicing patent holder seeking only damages. *See*

6

*MARA*, slip op. at 2 (citing *TC Tech. LLC v. T-Mobile USA, Inc.*, No. 6:20-CV-00899-ADA, 2021 WL 8083373, at *2 (W.D. Tex. Dec. 7, 2021)); *Light Guide*, slip op. at 4; *BarTex Rsch., LLC v. FedEx Corp.*, 611 F. Supp. 2d 647, 651–53 (E.D. Tex. 2009) (denying stay where a multi-year reexamination delay would prejudice a patent-holding-company plaintiff).

ST's contrary authorities (Mot. 5–7) show only that delay in collecting damages, standing alone, is not enough; none addresses the no-estoppel prejudice and partial-institution posture here. Nor does CPT's choice to forgo an injunction blunt that prejudice: CPT's interest in enforcing its patent rights and ST's tactical choice to avoid estoppel are independent of injunctive relief, and ST's authorities on that point (*Twitch LLC v. Bote, LLC*, No. WA-24-CV-00233-KC, 2024 WL 3898297 (W.D. Tex. Aug. 21, 2024); *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307 (Fed. Cir. 2014)) hold only that the absence of an injunction request weighs against prejudice— not that the present facts warrant a stay.

### 2. ST's strategy to avoid estoppel is itself prejudicial.

A stay would let ST "evaluate [CPT's] arguments in those proceedings, and modify [its] invalidity arguments in this case based on the result"—the "[two] bites at the [invalidity] apple" this Court found tactically prejudicial. *MARA*, slip op. at 2–3. It would also "effectively foreclose discovery of the experts (Pape and Rozgo) who signed declarations in support of the *ex parte* reexaminations," a recognized prejudice. *Id.* at 3; Mot. 3. Even the Federal Circuit decision ST invokes recognizes that a movant's "[f]ailure to include other known prior art in the [PTO] petition could . . . create a potential tactical advantage . . . that would weigh against a stay. . . ." *VirtualAgility*, 759 F.3d at 1315.

That concern is at its peak here, where ST reserves invalidity grounds beyond the EPR SNQs and is bound by no estoppel at all.

7

### 3.  **The stay would be indefinite and would outlast trial.**

By ST's own exhibit, the average EPR pendency is 25.2 months (median 18.9), and that figure excludes any appeal to the PTAB or Federal Circuit. Dkt. No. 39-1 at 6. The record in *MARA* relied on a 27.33-month average for reexaminations appealed to the PTAB. *MARA*, slip op. at 3. Any of these figures runs past the September 7, 2027 trial date. Such delay risks "a loss of critical evidence as witnesses could become unavailable, their memories may fade, and evidence may be lost," and "damages alone may not fully compensate" for it. *BarTex*, 611 F. Supp. 2d at 651–52. "[D]elay in vindication of patent rights is inherently prejudicial to any plaintiff." *Cellspin*, slip op. at 2.

### C. **The stage of the litigation does not justify a stay.**

This case has materially progressed: the parties have exchanged infringement and invalidity contentions, and the claim construction process has started. This Court denied a stay in *MARA* even though that case was *further* along—claim construction was complete and fact discovery had opened—because the controlling factors, simplification and prejudice, cut against a stay. *MARA*, slip op. at 3–4.

ST's late-stage authorities do not help it. In *Radiant Vision*, the stage factor was "neutral"; the court granted a stay only because "[t]he PTO granted review of all Asserted Claims" of the "sole asserted patent," so the reexamination "could dispose of th[e] entire litigation." *Radiant Vision Sys., LLC v. Admesy B.V.*, No. 1:21-CV-01115-DAE, 2024 WL 1079059, at *3–4 (W.D. Tex. Mar. 12, 2024). That predicate is absent here—EPR proceedings on two of the five patents have not been instituted at this time. If they are not instituted, this case cannot be disposed of and intact claims will be tried regardless.

Similarly, *AGIS* was "decided during the early stages of an unprecedented global pandemic," *Longhorn HD*, 2022 WL 71652, at *3, when discovery was "complete" and "pretrial briefing submitted," *AGIS*, 2021 WL 465424, at *3. The facts in *AGIS* were unique and the rationale in that case does not apply here.

## V.    CONCLUSION

For these reasons, CPT respectfully requests that the Court deny ST's Motion to Stay Pending Ex Parte Reexamination.

Dated: June 11, 2026                    Respectfully Submitted,

                                        */s/ Robert Magee*
                                        Garland Stephens (Texas Bar No. 24053910)
                                        garland@bluepeak.law
                                        Robert Magee (*pro hac vice*)
                                        robert@bluepeak.law
                                        Justin Constant (*pro hac vice*)
                                        justin@bluepeak.law
                                        Richard Koehl (Texas Bar No. 24115754)
                                        richard@bluepeak.law
                                        Kate Falkenstien (*pro hac vice*)
                                        kate@bluepeak.law
                                        Heng Gong (New York Bar No. 4930509)
                                        heng@bluepeak.law
                                        Natalie Lieber (*pro hac vice*)
                                        lieber@bluepeak.law
                                        Ameet Modi (*pro hac vice*)
                                        modi@bluepeak.law
                                        **BLUE PEAK LAW GROUP LLP**
                                        3139 West Holcombe Blvd.
                                        PMB 8160
                                        Houston, TX 77025
                                        Telephone: (281) 972-3036

                                        *Of Counsel:*
                                        Mark D. Siegmund (Texas Bar No. 24117055)
                                        msiegmund@cjsjlaw.com
                                        **CHERRY JOHNSON SIEGMUND JAMES, PC**
                                        7901 Fish Pond Road, 2nd Floor
                                        Waco, TX 76710
                                        Telephone: (254) 732-2242

Fax: (866) 627-3509

William D. Ellerman (Texas Bar No. 24007151)
wellerman@cjsjlaw.com
**CHERRY JOHNSON SIEGMUND JAMES, PC**
One Glen Lakes Tower
8140 Walnut Hill Lane, Suite 105
Dallas, TX 75231
Telephone: (254) 732-2242
Fax: (866) 627-3509

ATTORNEYS FOR PLAINTIFF CHIP
PACKAGING TECHNOLOGIES, LLC

10

**CERTIFICATE OF SERVICE**

I hereby certify that on June 11, 2026, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will serve all counsel of record.

/s/ Robert Magee
Robert Magee