**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | |
|---|---|
| CHIP PACKAGING TECHNOLOGIES, LLC, | |
| Plaintiff, | Civil Action No. 7:25-cv-00505-DC-DTG |
| v. | JURY TRIAL DEMANDED |
| STMICROELECTRONICS, INC., | |
| Defendant. | |

**DEFENDANT STMICROELECTRONICS, INC.'S REPLY IN
SUPPORT OF ITS MOTION TO STAY PENDING *EX PARTE* REEXAMINATION**

517266781.3

**TABLE OF CONTENTS**

I.    INTRODUCTION..................................................................................................... 1

II.   ARGUMENT........................................................................................................... 1

    A.    The New Office Action Confirms That a Stay Will Simplify This Case. ............... 1

    B.    ST's Stipulation Is Unprecedented and Defeats the "Two Bites" Theory............... 3

    C.    *MARA* Is Distinguishable for Two Independent Reasons. ..................................... 4

    D.    CPT's "Foreclose[d] Discovery" Argument Rests on a Factual Error. ................... 4

    E.    CPT Will Not Be Unduly Prejudiced. ...................................................................... 5

III.  CONCLUSION ...................................................................................................... 5

i

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**CASES**

*AGIS Software Dev. LLC v. Google LLC*,
  No. 2:19-CV-00359-JRG, 2021 WL 465424 (E.D. Tex. Feb. 9, 2021) ....................................2

*Competitive Access Sys., Inc. v. Samsung Elecs. Co.*,
  No. 4:25-CV-886-SDJ, 2026 WL 1495199 (E.D. Tex. May 28, 2026)....................................2

*Datatreasury Corp. v. Wells Fargo & Co.*,
  490 F. Supp. 2d 749 (E.D. Tex. 2006)....................................................................................2

*EcoFactor, Inc. v. Google LLC*,
  No. 6:20-cv-75-ADA, Dkt. No. 306 (W.D. Tex. Aug. 15, 2025)..............................................1

*Malikie Innovations Ltd. v. MARA Holdings, Inc.*,
  No. 7:25-cv-00222-DC-DTG, Dkt. No. 94 (W.D. Tex. June 1, 2026).........................1, 3, 4, 5

*Sonrai Memory Ltd. v. Oracle Corp.*,
  No. 1:22-CV-94-LY, 2022 WL 22870220 (W.D. Tex. June 27, 2022)....................................5

*Twitch LLC v. Bote, LLC*,
  No. WA-24-CV-00233-KC, 2024 WL 3898297 (W.D. Tex. Aug. 21, 2024)..........................5

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
  759 F.3d 1307 (Fed. Cir. 2014)................................................................................................5

**STATUTES**

35 U.S.C. § 102.......................................................................................................................1

35 U.S.C. § 103.......................................................................................................................1

35 U.S.C. § 252.......................................................................................................................2

35 U.S.C. § 303(a) ..................................................................................................................2

35 U.S.C. § 305.......................................................................................................................5

35 U.S.C. § 315(e) ..................................................................................................................3

**OTHER AUTHORITIES**

37 C.F.R. § 1.515(a)................................................................................................................2

517266781.3

## I.    INTRODUCTION

CPT opposes a stay by mischaracterizing both the record and ST's Motion. CPT's opposition rests on the premise that the reexaminations have "barely progressed," ECF No. 40 ("Opp.") at 4, and that "[n]o Office Action has issued in any proceeding," *id.* at 1. That premise, however, was false when CPT filed its opposition. On June 8, 2026, three days before the opposition, the Patent Office issued a non-final Office Action rejecting all reexamined claims (1–9) of the '351 Patent. Ex. 14 (June 8, 2026 Office Action) at 1–2. CPT also leans almost entirely on this Court's recent denial in *Malikie Innovations Ltd. v. MARA Holdings, Inc.*, No. 7:25-cv-00222-DC-DTG, Dkt. No. 94 (W.D. Tex. June 1, 2026) ("MARA"), which it calls "materially identical," Opp. at 1. It is not. And CPT's centerpiece, the supposed risk of "two bites at the invalidity apple," (*id.*) ignores ST's unprecedented agreement[1] to forgo the same Substantial New Questions of Patentability (SNQs) at issue in the EPRs, a concession that eliminates the very concern that drove *MARA*. The Motion should be granted.

## II.    ARGUMENT

### A.    The New Office Action Confirms That a Stay Will Simplify This Case.

Simplification is "the most important factor," and it now weighs even more decisively for a stay. *See EcoFactor, Inc. v. Google LLC*, No. 6:20-cv-75-ADA, Dkt. No. 306 at 1 (W.D. Tex. Aug. 15, 2025). On June 8, 2026, the examiner rejected every reexamined claim of the '351 Patent, finding claims 1–3 anticipated under 35 U.S.C. § 102 by Carney, Yazid, and Haga, Ex. 14 (351 Office Action) at 2–8, and claims 4–9 unpatentable under 35 U.S.C. § 103 over Carney or Haga in view of Beauchamp, *id.* at 9–12. CPT's assertion that "[n]o Office Action has issued in any

---

[1] The stipulation ST made is as written in footnote 7 of our Motion to Stay. *See* Mot. (ECF No. 39) at 6 n.7.

1

517266781.3

proceeding," Opp. at 1, is therefore wrong. The argument that the reexaminations "have barely progressed," *id.* at 4, collapses with it.

This art is strong, and the rejection of all challenged claims confirms it. To preserve any claims, CPT will almost certainly have to amend, which will require new claim constructions and give rise to intervening rights under 35 U.S.C. § 252. *See, e.g.*, *Datatreasury Corp. v. Wells Fargo & Co.*, 490 F. Supp. 2d 749, 755 (E.D. Tex. 2006). Proceeding now risks expending the Court's and the parties' resources construing and trying claims that will not survive in their current form.

CPT's "only three of five patents" objection is also contradicted by recent events. Opp. at 4. The Patent Office has already ordered reexamination of three asserted patents, Exs. 8–11 (Reexamination Orders); Mot. at 2–3 (ECF No. 39), and, by statute, must decide ST's two pending requests by late August 2026, before the September 1 *Markman* hearing. *See* 35 U.S.C. § 303(a); 37 C.F.R. § 1.515(a). With a 92.7% grant rate, Ex. 1 (Ex Parte Historical Stats) at 2 (ECF No. 39-1), the "all-claims" predicate CPT says is "absent," Opp. at 5 n.1, will be satisfied before this Court expends meaningful *Markman* resources. That is precisely the posture in which stays are granted. *See AGIS Software Dev. LLC v. Google LLC*, No. 2:19-CV-00359-JRG, 2021 WL 465424, at *2 (E.D. Tex. Feb. 9, 2021); *Competitive Access Sys., Inc. v. Samsung Elecs. Co.*, No. 4:25-CV-886-SDJ, 2026 WL 1495199, at *1–2 (E.D. Tex. May 28, 2026) (granting stay where the Office "granted all seven EPR requests," covering all ninety-five claims at issue). But a stay does not require complete cancellation. Even partial cancellation or amendment simplifies the case by narrowing the claims, the accused products, and the invalidity grounds for trial. *See Datatreasury*, 490 F. Supp. 2d at 755 ("Narrowing claims would commensurately simplify the issues at trial").

2

517266781.3

Roughly 77.8% of granted EPRs end in canceled or amended claims. Ex. 1 at 2.[2]

CPT's suggestion that it may defeat institution of ST's two pending requests through the PTO's new pre-order submission process is speculation. *See* Opp. at 5 (citing Magee Decl. ¶¶ 2–3). Institution requires only a substantial new question of patentability, a threshold the Office grants 92.7% of the time, Ex. 1 at 2, and ST's requests rest on two references never before the examiner, Mot. at 2–3. A patent owner's preliminary submission does not change that standard. Here, reexamination of three patents is already ordered and the '351 claims now stand rejected. This case will likely be simplified whether or not the two remaining requests are granted.

## B. ST's Stipulation Is Unprecedented and Defeats the "Two Bites" Theory.

CPT's principal argument, like the ruling in *MARA*, turns on the absence of estoppel in *ex parte* reexamination and the resulting risk of "two bites at the invalidity apple." Opp. at 3–4; *MARA*, Dkt. No. 94 at 2–4. ST has removed that risk. ST has agreed not to challenge validity at trial on the same SNQs on which reexamination is or will be ordered. Mot. at 6 n.7 (ECF No. 39).

CPT brands that concession "conditional" and "one-sided" and insists only full 35 U.S.C. § 315(e) estoppel is sufficient. *See* Opp. at 6. CPT has it backwards. ST agrees to be bound by SNQs that, in four of the six reexaminations, ST did not itself prepare. Mot. at 2–3 (ECF No. 39); Exs. 2–7 (EPR Requests). Because non-parties ASE and Infineon filed those *ex parte* proceedings, ST will have no opportunity to respond, thus surrendering invalidity grounds shaped entirely by others, with no say in how they are presented or resolved. That is a substantial risk, and it is greater than the estoppel inherent in *inter partes* review, where the petitioner is a party, participates fully,

---

[2] CPT concedes there is only a 22.9% chance the EPRs will "end with every claim confirmed unchanged," Opp. at 5, leaving better than a 75% chance that reexamination will simplify this case—regardless of whether any Office Action issues or estoppel attaches. The likelihood of simplification is greater still because CPT asserts fewer than half of the claims of the reexamined patents, and the claims it does assert are the broadest and most likely to be canceled or amended.

3

and is heard before estoppel attaches. A movant voluntarily accepting that heightened risk is not seeking a tactical advantage; it is conceding one. The stipulation weighs heavily in favor of a stay.

### C.    *MARA* Is Distinguishable for Two Independent Reasons.

**Stage and timing.** *MARA* was decided on a far more advanced record. There, the defendant did not move to stay until January 20, 2026, *see MARA*, Dkt. No. 54, after claim construction briefing had begun, *id.*, Dkt. Nos. 52, 53. The parties in *MARA* continued briefing on the motion to stay until within a week of the *Markman* hearing. *Id.*, Dkt. Nos. 61, 62, 70, 73, 76. By the time the Court ruled, it had already held the *Markman* hearing and entered its claim construction order, and fact discovery had opened. *MARA*, Dkt. No. 94 at 3–4; *id.*, Dkt. Nos. 77, 80. Here, ST moved on June 4, 2026, *see* Mot. (ECF No. 39), at the very outset of the claim construction exchange, before proposed constructions were exchanged and before any claim construction brief was due, with *Markman* still nearly three months away. *See* ECF No. 38 (Amended Scheduling Order). The scheduling orders confirm the contrast: in *MARA*, briefing was complete and the *Markman* hearing imminent, *see MARA*, Dkt. No. 50, while here the opening brief is not due until June 30, 2026 and the hearing is set for September 1, 2026, ECF No. 38 (Amended Scheduling Order). The stage factor that cut against the defendant in *MARA* cuts in ST's favor.

**The stipulation.** CPT ignores the dispositive difference: the *MARA* defendant offered no comparable concession, so the Court confronted an unmitigated "two bites" risk. *MARA*, Dkt. No. 94 at 2–3. ST's agreement to forgo the same SNQs removes that rationale. The "same reasons that defeated the requested stay in *MARA*," Opp. at 1, therefore do not defeat this Motion.

### D.    CPT's "Foreclose[d] Discovery" Argument Rests on a Factual Error.

CPT argues that a stay would "effectively foreclose discovery of the experts (Pape and Rozgo) who signed declarations in support of the ex parte reexaminations." Opp. at 7 (quoting

4

517266781.3

*MARA*, Dkt. No. 94 at 2–3). CPT did not even get this right. Pape and Rozgo are not ST's experts. They are prior-art reference inventors. Pape is an inventor of a prior art reference that discloses the limitation the examiner originally found missing from the '189 Patent, Ex. 12 ('189 Reexam Request); Mot. at 2–3, and Rozgo is an inventor of a prior art reference that discloses the feature originally found missing from the '658 Patent, Ex. 13 ('658 Reexam Request); Mot. at 2–3. Nothing in a stay prevents CPT from pursuing third-party discovery of those prior-art inventors; CPT remains free to seek their depositions, and ST may oppose. Tellingly, this Court gave the identical argument "less importance" even in *MARA*. *MARA*, Dkt. No. 94 at 3. It carries no weight here, where the supposed witnesses are misidentified.

### E.      CPT Will Not Be Unduly Prejudiced.

CPT's prejudice arguments fare no better. As a non-practicing entity that does not compete with ST and seeks only monetary damages, CPT can suffer no harm beyond delay in collecting hypothetical damages, and mere delay is not undue prejudice. *See Sonrai Memory Ltd. v. Oracle Corp.*, No. 1:22-CV-94-LY, 2022 WL 22870220, at *1 (W.D. Tex. June 27, 2022). CPT seeks no injunction, which further undercuts any claim of prejudice. *See Twitch LLC v. Bote, LLC*, No. WA-24-CV-00233-KC, 2024 WL 3898297, at *5 (W.D. Tex. Aug. 21, 2024); *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1319 (Fed. Cir. 2014). Nor is the stay "indefinite." Opp. at 8. Reexamination proceeds with "special dispatch," 35 U.S.C. § 305, and the June 8 Office Action confirms the '351 reexamination is already advancing toward resolution. Ex. 14. CPT can further limit any delay by responding promptly to Office Actions.

## III.   CONCLUSION

For these reasons, and those in the Motion, ST respectfully requests that the Court stay this case pending final resolution of the reexamination proceedings.

517266781.3

Dated: June 18, 2026

Respectfully submitted,

*/s/ Jeffery S. Becker*
Jeffery S. Becker
Texas State Bar No. 24069354
Nolan McQueen
Texas State Bar No. 24125322
Spencer Nayar
Texas State Bar No. 24149241
Baker Botts L.L.P.
2001 Ross Ave, Suite 900
Dallas, Texas 75201
Telephone:  (214) 953-6500
Facsimile:  (214) 953-6503
Email:  Jeff.Becker@BakerBotts.com
Email:  Nolan.McQueen@BakerBotts.com
Email: Spencer.Nayar@BakerBotts.com
**ATTORNEYS FOR DEFENDANT
STMICROELECTRONICS, INC.**

6

517266781.3

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record are being served with a copy of the foregoing document via the Court's CM/ECF system on June 18, 2026.

/s/ *Jeffery S. Becker*
Jeffery S. Becker

7

517266781.3