# EXHIBIT A

# UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/016,343 | 05/27/2026 | 8643189 | 093867.0104A | 6465 |

201116        7590        07/20/2026

Bunsow De Mory LLP
701 El Camino Real
Redwood City, CA 94063

| EXAMINER |
|---|
| CHOI, WOO H |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3992 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 07/20/2026 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)



**UNITED STATES PATENT AND TRADEMARK OFFICE**

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

Baker Botts L.L.P.
2001 Ross Avenue, Suite 900
Dallas, TX 75201

# *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. *90/016,343* .

PATENT UNDER REEXAMINATION *8643189* .

ART UNIT *3992* .

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified *ex parte* reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the *ex parte* reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

PTOL-465 (Rev.07-04)

| *Order Granting Request For Ex Parte Reexamination* | Control No. | Patent Under Reexamination |
|---|---|---|
| | 90/016,343 | 8643189 |

| | Examiner | Art Unit | AIA (FITF) Status |
|---|---|---|---|
| | Woo H Choi | 3992 | No |

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

The request for *ex parte* reexamination filed <u>05/27/2026</u> has been considered and a determination has been made. An identification of the claims, the references relied upon, and the rationale supporting the determination are attached.

Attachments:  a)☐  PTO-892,  b)☑  PTO/SB/08,  c)☐  Other: _____

1. ☑  The request for *ex parte* reexamination is GRANTED.

RESPONSE TIMES ARE SET AS FOLLOWS:

For Patent Owner's Statement (Optional):  TWO MONTHS  from the mailing date of this communication (37 CFR 1.530 (b)). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

For Requester's Reply (optional): TWO MONTHS from the **date of service** of any timely filed Patent Owner's Statement (37 CFR 1.535). **NO EXTENSION OF THIS TIME PERIOD IS PERMITTED.** If Patent Owner does not file a timely statement under 37 CFR 1.530(b), then no reply by requester is permitted.

cc:Requester ( if third party requester )

U.S. Patent and Trademark Office
PTOL-471G(Rev. 01-13)          **Office Action in *Ex Parte* Reexamination**          Part of Paper No. 20260713

Application/Control Number: 90/016,343                                                    Page 2
Art Unit: 3992

## DECISION GRANTING EX PARTE REEXAMINATION

The Request filed on May 27, 2026 alleges that a substantial question of patentability

(SNQ) affecting claims 1-20 of U.S. Patent Number 8,643,189 (the '189 patent) is raised by the

following prior art reference:

- U.S. Patent No. 7,489,023 ("Pape").

### *Brief Overview of the '189 Patent and its Prosecution History*

The '189 patent is directed to a packed semiconductor die with power rail pads.

take and transmits an action message to the mobile device.  A die connection pad opposite to die

supporting mount surface has associated die connection pads that are circuit nodes of the

semiconductor die.  The die connection pad surface also has a power rail pad with surface area

larger than surface areas of the die connection pads.  See Abstract.

The '189 patent issued from its underlying application, US App. No. 13/550,627 ("the

'627 application"), filed on July 17, 2012 with 20 claims.  In the Office Action mailed on June 6,

2013, the examiner rejected claims 1-20 under 35 USC 102 as being anticipated by US Pat. No.

5,641,978 ("Jassowski").  In response, on August 27, 2013, Applicant argued that "Jassoski does

not teach, suggest or disclose a semiconductor package having a **power rail pad on the die**

**connection surface**, as recited in claims 1, 15 and 19" (emphasis added) because Jassowski's

power rails are located inside the die (see Remarks, p. 9).  On October 31, 2013, the examiner

issued a Notice of Allowance ("the Notice") allowing all claims to issue.  In the Notice, the

examiner stated that "Applicant's arguments provide reason for allowance."

### *SNQ Alleged in the Request*

Application/Control Number: 90/016,343                                                    Page 3
Art Unit: 3992

The request presents the following issue:

- **Issue 1:** Whether a SNQ as to claims 1-20 is raised by Pape.

### *Discussion of SNQ*

A prior art patent or printed publication raises a substantial new question of patentability where there is:

(A) a substantial likelihood that a reasonable Examiner would consider the prior art patent or printed publication important in deciding whether or not the claim is patentable, MPEP §2242 (I) and,

(B) the same question of patentability as to the claim has not been decided in a previous or pending proceeding or in a final holding of invalidity by a federal court. See MPEP §2242 (III).

For any reexamination ordered on or after November 2, 2002, reliance on previously cited/considered art, i.e., "old art," does not necessarily preclude the existence of a substantial new question of patentability that is based exclusively on that old art. Rather, determinations on whether a substantial new question of patentability exists in such an instance shall be based upon a fact-specific inquiry done on a case-by-case basis. See MPEP 2242.

### Issue 1

It is **agreed** that Pape raises a SNQ as to claims 1-20.

Pape discloses a semiconductor device including a semiconductor chip with signal contact areas and supply contact areas. Title. Signal contact areas are arranged on edge regions of active top side of the semiconductor chip and are electrically connected to external signal connections of the semiconductor device. The active top side of the semiconductor chip includes

Application/Control Number: 90/016,343                                                                    Page 4
Art Unit: 3992

at least two supply collective electrodes made of annularly patterned coils that are electrically

connected to the supply contact areas of the semiconductor chip.  Abstract.

FIG 1



As can be seen in FIG. 1 above, supply areas 6 and supply collective electrodes 14 and 24

are on the top die surface of the chip appearing the teach the allowable subject matter argued by

Applicant during prosecution of the '627 application.  A reasonable examiner would consider a

reference that teaches elements of allowable subject matter important in determining the

patentability of claims.

Patent Owner's argument, submitted on June 25, 2026 in Patent Owner's Pre-Order

Paper, that Pape does not raise a substantial new question of patentability because Pape fails to

disclose each limitation of claims 1-20 Pape, is not persuasive.  Patent Owner asserts that Pape

does not teach "a semiconductor die mounted to the die support, the semiconductor die having a

die support mounting surface attached to the die support and **an opposite die connection pad**

Application/Control Number: 90/016,343                                                    Page 5
Art Unit: 3992

**surface with associated with die connection pads**, wherein the connection die pads are circuit nodes of the semiconductor die," and "at least one power rail pad on the die connection pad surface, the power rail pad on the die connection die surface, **the power rail pad having a larger surface are than surface areas of the die connection pads**." A prior art reference or a combination of references does not have to teach each and every limitation of a claim to raise an SNQ. Any teaching that a reasonable examiner would consider important in determining the patentability of a claim can raise an SNQ. A reference that teaches an element of allowable subject matter would be important in determining the patentability of a claim to a reasonable examiner regardless of whether the refence teaches other elements of the claim. Even accepting Patent Owner's argument that Pape does not teach every element of claim 1, a reference that teaches allowable subject matter would be important to a reasonable examiner in determining whether it's teachings can be combined with other prior art teachings to render the claim obvious. Patent Owner has not argued that Pape does not teach the patentable subject matter (i.e., "**power rail pad on the die connection surface**").

There's a substantial likelihood that a reasonable examiner would consider teachings of Pape important in determining the patentability of claims 1-20 of the '189 patent. Pape was not considered during the prosecution of the '189 patent and was not subject to a final holding of invalidity by a federal court. Accordingly, Kelly raises a substantial new question of patentability of claims 1-20 of the '189 patent.

### *35 USC 325(d)*

A review of the post grant history for the underlying patent indicates that there have been no other Office post grant challenges made to the patent (Reexamination Proceedings or *Inter*

Application/Control Number: 90/016,343                                                    Page 6
Art Unit: 3992

*Partes* Review, Post Grant Review, Covered Business Method trials). Accordingly, a

discretionary denial of reexamination pursuant to 35 USC 325(d) is not applicable.


### *Waiver of Right to File Patent Owner Statement*

In a reexamination proceeding, Patent Owner may waive the right under 37 C.F.R. 1.530

to file a Patent Owner Statement. The document needs to contain a statement that Patent Owner

waives the right under 37 C.F.R. 1.530 to file a Patent Owner Statement and proof of service in

the manner provided by 37 C.F.R. 1.248, if the request for reexamination was made by a third

party requester, see 37 C.F.R 1.550(f).


### *Service of Papers*

After filing of a request for ex parte reexamination by a third party requester, any

document filed by either the patent owner or the third party requester must be served on the other

party (or parties where two or more third party requester proceedings are merged) in the

reexamination proceeding in the manner provided in 37 CFR 1.248. The document must reflect

service or the document may be refused consideration by the Office. See 37 CFR 1.550(f).


### *Extensions of Time*

Extensions of time under 37 CFR 1.136(a) will not be permitted in these proceedings

because the provisions of 37 CFR 1.136 apply only to "an applicant" and not to parties in a

reexamination proceeding. Additionally, 35 U.S.C. 305 requires that *ex parte* reexamination

proceedings "will be conducted with special dispatch" (37 CFR 1.550(a)). Extensions of time in

*ex parte* reexamination proceedings are provided for in 37 CFR 1.550(c).

Application/Control Number: 90/016,343                                                Page 7
Art Unit: 3992

### *Litigation Reminder*

The patent owner is reminded of the continuing responsibility under 37 CFR 1.565(a) to apprise the Office of any litigation activity, or other prior or concurrent proceeding, involving the patent throughout the course of this reexamination proceeding. The third party requester is also reminded of the ability to similarly apprise the Office of any such activity or proceeding throughout the course of this reexamination proceeding. See MPEP §§ 2207, 2282 and 2286.

### *Conclusion*

Claims 1-20 are subject to reexamination.

All correspondence relating to this *ex parte* reexamination proceeding should be directed:

By Patent Center:  https://patentcenter.uspto.gov

By mail to:     Attn: Mail Stop "Ex Parte Reexam"
                Central Reexamination Unit
                Commissioner for Patents
                P.O. Box 1450
                Alexandria VA 22313-1450

By FAX to:      (571) 273-9900
                Central Reexamination Unit

By hand:        Customer Service Window
                Room 1D80
                Knox Building
                501 Dulany Street
                Alexandria, VA 22314.

Any inquiry concerning this communication or earlier communications from the examiner, or as to the status of this proceeding, should be directed to the Central Reexamination Unit at telephone number (571) 272-7705.

Application/Control Number: 90/016,343                                                    Page 8
Art Unit: 3992


/Woo H. Choi/
Patent Reexamination Specialist
Central Reexamination Unit 3992


Conferee:

/ALEXANDER J KOSOWSKI/
Supervisory Patent Examiner, Art Unit 3992

| *Reexamination* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 90/016,343 | 8643189 |
| | **Certificate Date** | **Certificate Number** |
| | | |

**Requester Correspondence Address:** ☐     **Patent Owner**    ☑     **Third Party**

Baker Botts L.L.P.
2001 Ross Avenue, Suite 900
Dallas, TX 75201

| **LITIGATION REVIEW** ☑ | whc<br>(examiner initials) | 14 July 2026<br>(date) |
|---|---|---|
| Case Name | | Director Initials |
| Chip Packaging Technologies, Llc. v. STMicroelectronics, Inc, 7:25cv505 ( TX WD) | | |
| Chip Packaging Technologies, Llc. v. Renesa Electronic Corp., 2:26cv120 ( TX ED) | | |

| COPENDING OFFICE PROCEEDINGS | |
|---|---|
| **TYPE OF PROCEEDING** | **NUMBER** |
| | |

| | |
|---|---|
| | |

            DOC. CODE **RXFILJKT**

| *Search Notes* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 90/016,343 | 8643189 |
| | **Examiner** | **Art Unit** |
| | Woo H Choi | 3992 |

| CPC - Searched* | | |
|---|---|---|
| **Symbol** | **Date** | **Examiner** |
| | | |

| CPC Combination Sets - Searched* | | |
|---|---|---|
| **Symbol** | **Date** | **Examiner** |
| | | |

| US Classification - Searched* | | | |
|---|---|---|---|
| **Class** | **Subclass** | **Date** | **Examiner** |
| | | | |

\* See search history printout included with this form or the SEARCH NOTES box below to determine the scope of the search.

| Search Notes | | |
|---|---|---|
| **Search Notes** | **Date** | **Examiner** |
| Reviewed Prosecution History | 07/13/2026 | whc |

| Interference Search | | | |
|---|---|---|---|
| **US Class/CPC Symbol** | **US Subclass/CPC Group** | **Date** | **Examiner** |
| | | | |

| | |
|---|---|
| | |

Doc code: IDS                                                                           PTO/SB/08 (03-26)
Doc description: Information Disclosure Statement (IDS) Filed        Approved for use through 11/30/2027. OMB 0651-0031
                                                                   U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|
| | Application Number | |
| | Filing Date | 2026-05-27 |
| | First Named Inventor | Boon Yew Low |
| | Art Unit | 2826 |
| | Examiner Name | |
| | Attorney Docket  Number | 093867.0104A |

## U.S. PATENTS  [Remove]

| Examiner Initial* | Cite No | Patent Number | Kind Code[1] | Issue Date | Name of Inventor of cited Document | Pages, Columns, Lines where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|---|
| | 1 | 7489023 | B2 | 2009-02-10 | PAPE HEINZ | Exhibit 1005 |
| | 2 | 8643189 | B1 | 2014-02-04 | LOW BOON YEW et al. | Exhibit 1001 |

If you wish to add additional U.S. Patent citation information, please click the Add button.  [Add]

## U.S. PATENT APPLICATION PUBLICATIONS  [Remove]

| Examiner Initial* | Cite No | Publication Number | Kind Code[1] | Publication Date | Name of Inventor or Applicant of cited Document | Pages, Columns, Lines where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|---|
| | 1 | | | | | |

If you wish to add additional U.S. Published Application citation information, please click the Add button  [Add]

## FOREIGN PATENT DOCUMENTS  [Remove]

| Examiner Initial* | Cite No | Foreign Document Number[3] | Country Code[2]i | Kind Code[4] | Publication Date | Name of Patentee or Applicant of cited Document | Pages, Columns, Lines where Relevant Passages or Relevant Figures Appear | T[5] |
|---|---|---|---|---|---|---|---|---|
| | 1 | | | | | | | ☐ |

If you wish to add additional Foreign Patent Document citation information, please click the Add button  [Add]

## NON-PATENT LITERATURE DOCUMENTS  [Remove]

PC.3.2.26

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /W.H.C/

# INFORMATION DISCLOSURE STATEMENT BY APPLICANT

| | |
|---|---|
| Application Number | |
| Filing Date | 2026-05-27 |
| First Named Inventor | Boon Yew Low |
| Art Unit | 2826 |
| Examiner Name | |
| Attorney Docket Number | 093867.0104A |

| Examiner Initials* | Cite No | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc), date, pages(s), volume-issue number(s), publisher, city and/or country where published. | T[5] |
|---|---|---|---|
| | 1 | Prosecution History of the '189 Patent. (Exhibit 1002) | ☐ |
| | 2 | Curriculum Vitae of Dr. Jeffrey C. Suhling. (Exhibit 1004) | ☐ |
| | 3 | Declaration of Dr. Jeffrey C. Suhling. (Exhibit 1003) | ☐ |
| | 4 | Tummala, R.R., et al., "Microelectronic Packaging – An Overview," Chapter 1, Microelectronics Packaging Handbook, Second Edition, 1997. (Exhibit 1006) | ☐ |
| | 5 | Pecht, M.G. and Nguyen, L.T., "Plastic Packaging," in the Microelectronics Packaging Handbook, 1997. (Exhibit 1007) | ☐ |
| | 6 | Lau, J. H., "A Brief Introduction to Ball Grid Array Technologies," Chapter 1 in Ball Grid Array Technology, 1995. (Exhibit 1008) | ☐ |

If you wish to add additional non-patent literature document citation information, please click the Add button | Add |

## EXAMINER SIGNATURE

| Examiner Signature | /WOO H CHOI/ | Date Considered | 07/13/2026 |
|---|---|---|---|

*EXAMINER: Initial if reference considered and whether or not citation is in conformance with MPEP 609. Draw line through a citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

[1] See Kind Codes of USPTO Patent Documents at www.USPTO.GOV or MPEP 901.04. [2] Enter office that issued the document, by the two-letter code (WIPO Standard ST.3). [3] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [4] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. [5] Applicant is to place a check mark here if English language translation is attached.

PC.3.2.26

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /W.H.C/

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | Application Number | |
|---|---|---|
| | Filing Date | 2026-05-27 |
| | First Named Inventor | Boon Yew Low |
| | Art Unit | 2826 |
| | Examiner Name | |
| | Attorney Docket Number | 093867.0104A |

**TIMING STATEMENT**

Please see 37 CFR 1.97(e) to make the appropriate selection(s):

☐ That each item of information contained in the information disclosure statement was first cited in any communication from a foreign patent office in a counterpart foreign application not more than three months prior to the filing of the information disclosure statement. See 37 CFR 1.97(e)(1).

**OR**

☐ That no item of information contained in the information disclosure statement was cited in a communication from a foreign patent office in a counterpart foreign application, and, to the knowledge of the person signing the certification after making reasonable inquiry, no item of information contained in the information disclosure statement was known to any individual designated in 37 CFR 1.56(c) more than three months prior to the filing of the information disclosure statement. See 37 CFR 1.97(e)(2).

☐ See attached timing statement under 37 CFR 1.97(e).

☒ A timing statement under 37 CFR 1.97(e) is not submitted herewith.

**TIMING FEE**

☐ The fee set forth in 37 CFR 1.17(p) has been submitted herewith.

**COPIES**

☐ An identification of an earlier application pursuant to 37 CFR 1.98(d)(1) is attached.

**SIZE FEE ASSERTION**

Please see 37 CFR 1.17(v) and the IDS Auto-Load Instructions for completing this form to make the appropriate selection of an assertion under 37 CFR 1.98. For the information disclosure statement (IDS) submitted herewith, the applicant or patent owner certifies the following with respect to the cumulative number of applicant-provided or patent-owner provided items of information submitted to date including those in the accompanying IDS (select only one):

☒ No IDS size fee is required under 37 CFR 1.17(v) at this time.

☐ The IDS is accompanied by the IDS size fee under 37 CFR 1.17(v)(1).

☐ The IDS is accompanied by the IDS size fee under 37 CFR 1.17(v)(2).

☐ The IDS is accompanied by the IDS size fee under 37 CFR 1.17(v)(3).

**SIGNATURE**

A signature of the applicant or representative is required in accordance with 37 CFR 1.33 and 11.18. Please see 37 CFR 1.4(d) for the form of the signature.

| Signature | /Jeffery Becker/ | Date (YYYY-MM-DD) | 2026-05-27 |
|---|---|---|---|
| Name/Print | Jeffery Becker | Registration Number | 68,533 |

PC.3.2.26

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /W.H.C/

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | Application Number | |
|---|---|---|
| | Filing Date | 2026-05-27 |
| | First Named Inventor | Boon Yew Low |
| | Art Unit | 2826 |
| | Examiner Name | |
| | Attorney Docket  Number | 093867.0104A |

This collection of information is required by 37 CFR 1.97 and 1.98.  The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application.  Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14.  This collection is estimated to take 1 hour to complete, including gathering, preparing and submitting the completed application form to the USPTO.  Time will vary depending upon the individual case.  Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450.  DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS.  **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

PC.3.2.26

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /W.H.C/

## Privacy Act Statement

The Privacy Act of 1974 (P.L. 93-579) requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. The United States Patent and Trademark Office (USPTO) collects the information in this record under authority of 35 U.S.C. 2. The USPTO's system of records is used to manage all applicant and owner information including name, citizenship, residence, post office address, and other information with respect to inventors and their legal representatives pertaining to the applicant's/owner's activities in connection with the invention for which a patent is sought or has been granted. The applicable Privacy Act System of Records Notice for the information collected in this form is COMMERCE/PAT-TM-7 Patent Application Files, available in the Federal Register at 78 FR 19243 (March 29, 2013), www. govinfo.gov/content/pkg/FR-2013-03-29/pdf/2013-07341.pdf.

Routine uses of the information in this record may include disclosure to: 1) law enforcement, in the event that the system of records indicates a violation or potential violation of law; 2) a federal, state, local, or international agency, in response to its request; 3) a contractor of the USPTO having need for the information in order to perform a contract; 4) the Department of Justice for determination of whether the Freedom of Information Act (FOIA) requires disclosure of the record; 5) a Member of Congress submitting a request involving an individual to whom the record pertains, when the individual has requested the Member's assistance with respect to the subject matter of the record; 6) a court, magistrate, or administrative tribunal, in the course of presenting evidence, including disclosures to opposing counsel in the course of settlement negotiations; 7) the Administrator, General Services Administration (GSA), or their designee, during an inspection of records conducted by GSA under authority of 44 U.S.C. 2904 and 2906, in accordance with the GSA regulations and any other relevant (i.e., GSA or Commerce) directive, where such disclosure shall not be used to make determinations about individuals; 8) another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)); 9) the Office of Personnel Management (OPM) for personnel research purposes; and 10) the Office of Management and Budget (OMB) for legislative coordination and clearance.

If you do not furnish the information requested on this form, the USPTO may not be able to process and/or examine your submission, which may result in termination of proceedings, abandonment of the application, and/or expiration of the patent.

PC.3.2.26

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /W.H.C/