# EXHIBIT N

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

| | |
|---|---|
| In re Reexamination of: | U.S. Patent No. 9,685,351 to Higgins, III |
| Reexamination Control Nos.: | 90/015,860 & 90/015,902 |
| Filed: | January 5, 2026 (and January 23, 2026) |
| Confirmation No.: | 3808 |
| Examiner: | Choi, Woo H |
| Art Unit: | 3992 |
| For: | WIRE BOND MOLD LOCK METHOD AND STRUCTURE |

**VIA PATENT CENTER**

**Mail Stop *Ex Parte* Reexamination**
Central Reexamination Unit
Commissioner for Patents
United States Patent & Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450

**REQUEST FOR ONE-MONTH EXTENSION OF TIME
PURSUANT TO 37 C.F.R. § 1.550(C)(2)**

Dear Commissioner:

Pursuant to 37 C.F.R. § 1.550(c)(2), Patent Owner respectfully requests an extension of time of one (1) month to respond to the first Non-Final Office Action mailed June 8, 2026 (the "Office Action"), in connection with this reexamination of U.S. Patent No. 9,685,351 (hereinafter, the "'351 patent"). The period for response to the Office Action runs through August 8, 2026. Therefore, this request is timely filed on July 23, 2026, which is before the day on which action by the patent owner is due.

The current deadline for Patent Owner's response is <u>August 8, 2026</u>.

A one-month extension would extend the deadline to <u>September 8, 2026</u>.

Currently, Patent Owner is working diligently in reviewing the Office Action, and evaluating the Office Action in view of the district court litigation. Patent Owner is also

- 1 -

weighing the option of submitting supplemental evidence, such as a declaration from an expert in the relevant technology, to fully respond to the Office Action.  Additionally, Patent Owner anticipates requesting an Examiner interview regarding the Office Action, to facilitate advancing this proceeding toward favorable conclusion.

Although Patent Owner and reexamination counsel have been diligent in their efforts, Patent Owner respectfully submits that there is "sufficient cause" to grant this extension request so that briefing that fully responds to the Office Action may be prepared.

## NOTICE OF CONCURRENT PROCEEDINGS

Pursuant to 37 C.F.R. § 1.565(a), Patent Owner hereby informs the Office of any prior or concurrent proceedings in which U.S. Patent No. 9,685,351 is or was involved:

- U.S. Patent No. 9,685,351 has been asserted by Patent Owner against Infineon Technologies AG in the civil action styled *Chip Packaging Technologies, LLC v. Infineon Technologies AG*, Case No. 3:25-cv-00147, initiated on February 6, 2025, in the U.S. District Court for the Eastern District of Texas. This civil action is pending as of the date of this paper.

- U.S. Patent No. 9,685,351 has been asserted by Patent Owner against STMicroelectronics, Inc. in the civil action styled *Chip Packaging Technologies, LLC v. STMicroelectronics, Inc.*, Case No. 7:25-cv-00505, initiated on October 30, 2025, in the U.S. District Court for the Western District of Texas. This civil action is pending as of the date of this paper.

## APPLICABLE LEGAL STANDARDS

The timing of Patent Owner's response to the Office Action is governed by 37 C.F.R. § 1.550(c)(2): "Any request for an extension in a third party requested *ex parte* reexamination must be filed on or before the day on which action by the patent owner is due, and the mere filing of such a request for extension will not effect the extension. A request for an extension in a third party requested *ex parte* reexamination will not be granted in the absence of sufficient cause or for more than a reasonable time."

Further discussion of "sufficient cause" is provided in MPEP § 2265:

> Requests for any extension of time in third party requested reexaminations … must include a showing of sufficient cause, and the extension must be for a reasonable time.
>
> Any evaluation of whether sufficient cause has been shown for an extension must balance the need to provide the patent owner with a fair opportunity to present an argument against any attack on the patent, and the requirement of the statute (35 U.S.C. 305) that the proceeding be conducted with special dispatch.
>
> Any request for an extension of time … must fully state the reasons therefor. The reasons must include a statement of what action the patent owner has taken to provide a response as of the date the request for extension is submitted, and why, in spite of the action taken thus far, the requested additional time is needed. The statement must include a factual accounting of reasonably diligent behavior by all those responsible for preparing a response to the outstanding Office action within the statutory time period.
>
> …
>
> [I]n third party requested *ex parte* reexaminations, a first request for an extension of time will generally be granted if a sufficient cause is shown, and for a reasonable time specified — usually one month.

- 4 -

The reasons stated in the request will be evaluated by the CRU SPRS or TC Director, and the requests will be favorably considered where there is a factual accounting of reasonably diligent behavior by all those responsible for preparing a response within the statutory time period.

## **PATENT OWNER RESPECTFULLY SUBMITS THERE IS SUFFICIENT CAUSE TO EXTEND THE RESPOND DEADLINE BY ONE MONTH**

For the reasons presented below, Patent Owner respectfully requests a one-month extension of time to complete the required reasonable investigation into the pending first Office Action and to prepare a full and complete response thereto. Patent Owner respectfully submits that sufficient cause exists to grant this request.

Diligent Investigation

Upon receiving the Office Action by mail, Patent Owner's counsel immediately started the process of reviewing the Office Action, the basis for the Examiner's rejections, and the relied-upon prior art, and evaluating whether supplemental evidence would be necessary or helpful to respond to the Examiner's rejections in the Office Action. That process has been ongoing through June and into July. The contemplated supplemental evidence may include a declaration from an expert in the relevant field.

Counsel anticipates contacting the Examiner by telephone to schedule an Examiner's Interview. Granting the one-month extension of time will also allow Patent Owner time to fully consider the Interview's helpful discussion of the Office's positions and opinions before finalizing and filing its Response.

In order to allow Patent Owner an opportunity to complete all aspects of its initial investigation, including requesting, scheduling, and conducting an Examiner's Interview, Patent Owner respectfully submits that there is sufficient cause to grant the requested one-month extension of time to respond to the Office Action and therefore move the responsive deadline to September 8, 2026.

**Conclusion**

Patent Owner fully appreciates the statutory requirement and the need to proceed with special dispatch when conducting *ex parte* reexaminations.  In this case, Patent Owner respectfully submits that a one-month extension of time is reasonable and reasonably required to allow Patent Owner to complete the above-noted actions and prepare a full and complete response to the pending first Office Action.

Based on the foregoing, Patent Owner respectfully submits that the current circumstances represent "sufficient cause" under 37 C.F.R. § 1.550(c)(2) for the requested extension of time.  Further, this request is timely.  Therefore, Patent Owner requests that this extension be granted.

Along with this Request, Patent Owner is submitting the required petition fee pursuant to 37 C.F.R. § 1.17(g).  Please apply any charges or credits to Deposit Account No. 60-6715.

Respectfully submitted,

Date: July 23, 2026

/Wayne M. Helge/
Wayne M. Helge, Reg. No. 56,905
James T. Wilson, Reg. No. 41,439
BUNSOW DE MORY LLP
277 S. WASHINGTON ST., SUITE 210 #1088
Alexandria, VA 22314
T: (571) 208-0186
Email: whelge@bdiplaw.com
Email : jwilson@bdiplaw.com

***ATTORNEYS FOR PATENT OWNER***

- 6 -