**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | |
|---|---|
| CHIP PACKAGING TECHNOLOGIES, LLC,<br>Plaintiff<br><br>v.<br><br>STMICROELECTRONICS, INC.,<br>Defendant | Civil Action No.: 7:25-cv-00505-DC-DTG |

**ORDER REGARDING JULY 16, 2026**
**<u>DISCOVERY DISPUTE OVER TECHNICAL DOCUMENTS</u>**

On July 16, 2026, the parties submitted a discovery dispute chart outlining a disagreement over the production of technical documents during the pre-claim construction phase of the case. A copy of that chart is attached as Exhibit A. After reviewing the parties' positions, the Court finds a hearing unnecessary. The plaintiff's requested relief of early production of detailed technical documents is **DENIED** without prejudice to seeking the information once fact discovery opens.

**SIGNED** this 17th day of August, 2026.

DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

| Issue | Requesting Party's (CPT) Position | Responding Party's (ST) Position |
|---|---|---|
| **Issue 1: ST's court-ordered technical production contains no internal design or assembly documents** | The Amended Scheduling Order required ST to produce, by May 18, 2026, "technical documents, including software where applicable, sufficient to show the operation of the accused product(s)." Dkt. 38. ST has failed to meet this basic requirement after nearly 3 months of correspondence. The parties conferred on July 9, as well through multiple emails and letters, and are at an impasse.<br><br>Every asserted claim covers structures *inside* the accused semiconductor packages, such as lead frames, power and ground bars, mold locks, and the sensor gel, diaphragm, and lid. These structures cannot be seen in public documents, which only show the outside of the package. ST's production contains no document showing the internal construction of any accused product. CPT reviewed each and every page: all roughly 140,000 pages are public, customer-facing materials (datasheets, pinouts, package outlines), and none shows how the packages are built inside. There are no lead frame drawings, no package assembly drawings, and no mold or encapsulation specifications for even a single product.<br><br>ST maintains that its production is sufficient but, when asked, would not identify any internal document showing the construction of any accused package—including for the five products CPT charted element by element. ST also | Fact discovery opens in less than 7 weeks. Unsatisfied with the Court's scheduling order, and during the middle of claim construction, CPT demands early discovery and has therefore manufactured a dispute under the Court's "sufficient to show" requirement. CPT's flawed demand for extensive pre-Markman discovery should be denied at least because: (1) ST's May 18 production—more than 1,500 documents totaling over 140,000 pages—satisfies the OGP's requirement of "technical documents…sufficient to show the operation of the accused product(s);" (2) CPT fails to justify its request; (3) CPT ignores the highly confidential nature of the documents it seeks, and simultaneously denies ST's request to enter an agreed PO; and (4) as explained in ST's concurrently submitted chart, CPT had no basis to accuse the hundreds of products listed in its contentions.<br><br>*First*, ST's production contains thousands of pages of data sheets, application notes, and technical notes providing *great* detail on the operation of the accused products. While not required, it is not true that "ST's production contains no document showing the internal construction of any accused product"—CPT overlooks various documents showing "*internal structure*":<br>Figure 5. LPS28DFW internal structure<br><br> |

| | | |
|---|---|---|
| | refused to provide any alternative proposal.<br><br>The pre-Markman technical production exists to provide the non-public evidence a plaintiff needs for its final infringement contentions, due November 5. *IGT v. Zynga Inc.*, No. 6:21-cv-00331-ADA, Dkt. 61 at 4–5 (W.D. Tex. Mar. 1, 2022) (compelling production of technical documents "sufficient to show the operation of the accused product(s)" where the withheld evidence "sits at [the] heart of the discovery" plaintiffs need "to provide more detailed final infringement contentions"; a defendant "cannot refuse to comply with discovery just because [it] believes it does not infringe").<br><br>There are no confidentiality concerns here. CPT offered on June 16 to receive these documents under Outside Attorneys' Eyes Only treatment pending entry of a protective order, the interim mechanism the standing orders used for patent cases in this District provide. See OGP 4.4 § VIII. ST has not accepted.<br><br>Given ST's written representation, made after the conference, that ST "does not anticipate Hague-related issues for typical technical documents held by ST-related affiliates," there is no question that ST possesses, has custody of, or controls the internal design and assembly documents for the accused products and can produce them. | Figure 17. X-rays showing solder joint voids<br><br><br>ST_CPT_00063191 (LPS28DFW), at 10; ST_CPT_00143170 (AN5046), at 5-16 (PowerFLAT diagrams). ST is not required to produce all technical documents at the pre-Markman stage. After Markman, CPT can serve RFPs for documents that are relevant and proportional to the needs of the case. At bottom, CPT's request is about timing rather than production.<br><br>*Second*, this Court requires exceptional circumstances to lift the pre-Markman stay, but CPT fails to present any because none exist. CPT's correspondence originally sought to justify its request by relying on inapplicable California and EDTX rules. CPT now relies solely on *IGT v. Zynga*—a WDTX case that CPT mischaracterizes. That Plaintiff sought additional discovery *after* fact discovery opened. CPT concedes its final contentions are not due until November—months away and well after discovery opens.<br><br>*Third,* it is not true that "there are no confidentiality concerns here." The types of internal documents that CPT seeks are highly confidential in nature, and ST has repeatedly voiced those concerns to CPT. To address those concerns, ST proposed a PO on May 12. Over *two months* have passed and CPT has refused to respond to ST's proposal. CPT's request seeks to prejudice ST's ability to adequately protect its confidential information and limit its use for this case only. No production should be ordered until an appropriate PO is entered. |

| | | |
|---|---|---|
| | **CPT's Requested Relief:** The Court orders ST to produce, within 14 days, internal design and assembly documents—including, as applicable: (1) lead frame design drawings, (2) package assembly and outline drawings, (3) mold and encapsulation specifications, and (4) for the accused sensor products, gel, diaphragm, and lid assembly documentation—sufficient to show the internal construction of the five charted products (STL220N6F7 (PowerFLAT 5x6), SPC582B60E1 (eTQFP-64), STM32G071CB (UFQFPN-48), SR5E1E7 (eLQFP-176), and LPS28DFW (CCLGA-6L)) and each accused package family identified in CPT's June 16, 2026 Second Supplemental Preliminary Infringement Contentions. | *Fourth*, CPT's relief is not narrowly tailored to its five charted products and seeks to cover "*each accused package family*" in CPT's contentions. To the extent CPT's requested relief extends to its uncharted products list, it should be denied. CPT compiled an improper list accusing *hundreds* of uncharted products, without verifying that the products existed let alone verifying infringement. This Court should not grant a pre-discovery order under these circumstances.<br><br>*Finally*, ST's statement as to the parties' Hague discussions is on record, and ST does not agree with the characterization as CPT has presented to the Court.<br><br>**ST's Requested Relief:** ST requests that the Court order that "CPT's request is denied," and that "the parties shall meet and confer regarding ST's proposed protective order and submit to the Court, within 14 days, an agreed protective order or a joint report identifying any remaining disputes." |