# EXHIBIT A

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/016,347 | 05/28/2026 | 10151658 | 093867.0104B | 2833 |

201116 7590 08/17/2026

Bunsow De Mory LLP
701 El Camino Real
Redwood City, CA 94063

| EXAMINER | |
|---|---|
| ANDUJAR, LEONARDO | |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3991 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 08/17/2026 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

BAKER BOTTS, LLP
2001 ROSS AVENUE
SUITE 900
DALLAS, TX 75201

# *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. *90/016,347* .

PATENT UNDER REEXAMINATION *10151658* .

ART UNIT *3991* .

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified *ex parte* reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the *ex parte* reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

| ***Order Granting Request For Ex Parte Reexamination*** | **Control No.** 90/016,347 | **Patent Under Reexamination** 10151658 | |
|---|---|---|---|
| | **Examiner** LEONARDO ANDUJAR | **Art Unit** 3991 | **AIA (FITF) Status** Yes |

***--The MAILING DATE of this communication appears on the cover sheet with the correspondence address--***

The request for *ex parte* reexamination filed 05/28/2026 has been considered and a determination has been made. An identification of the claims, the references relied upon, and the rationale supporting the determination are attached.

Attachments: a)☐ PTO-892, b)☑ PTO/SB/08, c)☐ Other: ____

1. ☑ The request for *ex parte* reexamination is GRANTED.

RESPONSE TIMES ARE SET AS FOLLOWS:

For Patent Owner's Statement (Optional): TWO MONTHS from the mailing date of this communication (37 CFR 1.530 (b)). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

For Requester's Reply (optional): TWO MONTHS from the **date of service** of any timely filed Patent Owner's Statement (37 CFR 1.535). **NO EXTENSION OF THIS TIME PERIOD IS PERMITTED.** If Patent Owner does not file a timely statement under 37 CFR 1.530(b), then no reply by requester is permitted.

| | | |
|---|---|---|
| /LEONARDO ANDUJAR/<br>Primary Examiner, Art Unit 3991 | | |

cc:Requester ( if third party requester )

## REQUEST FOR REEXAMINATION

1. Reexamination has been requested for claims 1-16 of United States Patent number 10,151,658 to Ching Jr. et al. entitled: “PRESSURE-SENSING INTEGRATED CIRCUIT DEVICE WITH DIAPHRAGM” (hereinafter “the ‘658 patent”).

### *Decision*

2. A substantial new question of patentability affecting claims 1-16 of the ‘658 patent is raised by the request for *ex parte* reexamination.

3. Extensions of time under 37 CFR 1.136(a) will not be permitted in these proceedings because the provisions of 37 CFR 1.136 apply only to "an applicant" and not to parties in a reexamination proceeding. Additionally, 35 U.S.C. 305 requires that *ex parte* reexamination proceedings "will be conducted with special dispatch" (37 CFR 1.550(a)). Extensions of time in *ex parte* reexamination proceedings are provided for in 37 CFR 1.550(c).

### *Prosecution History*

4. The following is a brief summary of the most relevant portions regarding the prosecution of application 18/516,958 (hereafter ‘958) that matured into U.S. Patent No. ‘658.

5. On March 16, 2024, the Examiner sent a Non-Final Rejection. The Examiner rejected claim 1 under 35 U.S.C. 102(a)(1) as being anticipated by Lewis U.S. Patent 5,522,267, claims 2-16 were rejected under 35 U.S.C. 103 as being unpatentable over Lewis U.S. Patent 5,522,267 in view of Tiu et al. U.S. Patent Application Publication 2015/0137279.

6. On September 20, 2018, the Patent Owner amended the independent claim 1 and dependent claim as follows:

1. (CURRENTLY AMENDED) A pressure-sensing integrated circuit (IC) device, comprising:

a pressure-sensing die;

a flexible gel covering at least a pressure-sensing region of the pressure-sensing die; ~~and~~

a flexible diaphragm covering the flexible gel, wherein the flexible diaphragm and the flexible gel enable the pressure sensor to sense ambient pressure outside of the IC device; and

a lid having an aperture, wherein the lid is located between the flexible gel and an exterior of the device, and the aperture permits ambient air to move the diaphragm and consequently the flexible gel so that the pressure-sensing die can measure the ambient air pressure.

2. (CURRENTLY AMENDED) The device of claim 1, further comprising:

~~a lid having an aperture; and~~

a multi-tiered encapsulant upon which the lid is attached, wherein a recess is defined beneath the lid, wherein:

the die is partially covered by the encapsulant;

the gel is located within a first tier of the encapsulant;

the diaphragm is located within a second tier of the encapsulant above the first tier; and

the lid is located within a third tier of the encapsulant above the second tier.

10. (CURRENTLY AMENDED) The integrated circuit device of claim 9, wherein the diaphragm ~~and~~ is integral with the lid ~~are a single unit~~.

7. The patent Owner did not amend claims 3-9 and 11-16 (i.e. including independent claims 9 and 12). The Patent Owner argued the following:

> Although Lewis terms element 102 an isolation diaphragm, this element 102 is akin to the lid of the present invention, in that both are caps that separate the gel and die area from the exterior environment. Thus, the diaphragm of the present invention is a separate element that is disposed over the gel and between the gel and the lid. Lewis does not such an element. Accordingly, claim 1 is not anticipated by Lewis, and Applicant therefore respectfully requests that the §102 rejection be withdrawn.
>
> Claims 2-16 were rejected under 35 USC §103 as unpatentable over Lewis in view of US2015/0137279 (Tiu). The Office Action states that Lewis (FIG. 7) teaches a die pad 82, leads 84, a pressure-sensing die 80, gel 104 and a diaphragm 102, and then that Tiu teaches encapsulating the die and connecting components. Applicant respectfully traverses the rejection.
>
> Independent claims 1, 9 and 12 each recite both a diaphragm and a lid, the combination of which is not taught by Lewis and Tiu. Since neither Lewis nor Tiu, nor a combination thereof teaches both these elements in a pressure-sensing device, then claims 1-16 are nonobvious. Accordingly, Applicant respectfully requests the §103 rejection be withdrawn.

8. On October 19, 2028, the Examiner issued a Notice of Allowance allowing pending claims 1-16. As reasons for allowance, the Examiner wrote:

> **With regard to claim 1,** the prior art does not disclose or suggest the current claimed subject matter of a flexible gel covering at least a pressure-sensing region of the pressure-sensing die; and a flexible diaphragm covering the flexible gel, wherein the flexible diaphragm and the flexible gel enable the pressure sensor to sense ambient pressure outside of the IC device; and a lid having an aperture, wherein the lid is located between the flexible gel and an exterior of the device, and the aperture permits ambient air to move the diaphragm and consequently the

flexible gel so that the pressure-sensing die can measure the ambient air pressure. Therefore the claim is found allowable over the current prior art as the current found prior art does not appear to disclose the above claimed subject matter and the claimed subject matter is not an obvious modification in view of the current prior art.

**With regard to claim 9,** the prior art does not disclose or suggest the current claimed subject matter of an encapsulant that covers the leads and the electrical connections between the leads and the pressure-sensing die, wherein a bottom surface of the lead frame forms a bottom surface of the integrated circuit device and the encapsulant forms side walls of the device, wherein a cavity is formed between the side walls and over the pressure-sensing die; a gel material covering a pressure-sensing region on a top surface of the pressure-sensing die; a lid that extends between the side walls and over the cavity, wherein the lid has a central opening that allows ambient air to enter the cavity so that the pressure-sensing die can measure the ambient air pressure; and a diaphragm located beneath the central opening and that covers the gel material. Therefore the claim is found allowable over the current prior art as the current found prior art does not appear to disclose the above claimed subject matter and the claimed subject matter is not an obvious modification in view of the current prior art.

**With regard to claim 12,** the prior art does not disclose or suggest the current claimed subject matter of encapsulating a portion of the die and the lead frame with an encapsulant, wherein a recess is formed over the pressure sensor such that at least a pressure-sensing region of the die is not covered by the encapsulant; placing a gel into the recess and in contact with the pressure-sensing region of the die; inserting a diaphragm into the recess and in contact with the gel; and placing a lid having an aperture over the recess and the diaphragm. Therefore the claim is found allowable over the current prior art as the current found prior art does not appear to disclose the above claimed subject matter and the claimed subject matter is not an obvious modification in view of the current prior art.

### *Reference Asserted as Raising a Substantial New Question (SNQ)*

9. In the request for reexamination, the requester alleges that the following prior art references raise a substantial new question of patentability of the issued claims 1-18 of the ‘658 patent.

a) U.S. Patent No. 6,049,12 ("Otani"); published on April 11, 2000 and having a filing date of June 05, 1997.

b) U.S. Patent No. 7,859,068 ("Hooper); published on December 28, 2010 and having an effective filing date of May 16, 2006.

c) FR 2 686-692 ("Francis"); published on July 30, 1993 and filed on January 28, 1992.

d) U.S. Patent No. 8,371,176 ("Rozgo"); published on February 12, 2013 and filed on January 06, 2011.

10. Listed prior art (a) - (d) were not of record during the prosecution history of the '658 patent and are non-cumulative to the art of record.

11. References (a)-(c) above were published or issued more than one year before the effective filing date of claimed subject matter in United States patent application (15/356,622); having an effective filing date of April 11, 2016 that became the '658 patent, i.e. December 11, 2018. Accordingly, each of references (a)-(d) qualifies as prior art under 35 USC 102(a)(1).

***Substantial New Question Of Patentability***

12. The presence or absence of a "substantial new question of patentability" determines whether or not reexamination is ordered. For a "substantial new question of patentability" to be present, it is only necessary that:

a) the prior art patents and/or printed publications raise a substantial new question of patentability regarding at least one claim, *i.e.*, the teaching of the (prior art) patents and printed publications is such that a reasonable examiner would

consider the teaching to be important in deciding whether or not the claim is patentable; and

b) the same question of patentability as to the claim has not been decided by the Office in an earlier concluded examination or review of the patent, raised to or by the Office in a pending reexamination or supplemental examination of the patent, or decided in a final holding of invalidity (after all appeals) by a federal court in a decision on the merits involving the claim. If a reexamination proceeding was terminated/vacated without resolving the substantial question of patentability question, it can be re-presented in a new reexamination request. It is not necessary that a "prima facie" case of unpatentability exist as to the claim in order for "a substantial new question of patentability" to be present as to the claim.

13. A prior art reference or a combination of references teaching a pressure-sensing integrated circuit (IC) device comprising at least one of:

- a pressure-sensing die;
- a flexible gel covering at least a pressure-sensing region of the pressure-sensing die;
- a flexible diaphragm covering the flexible gel, wherein the flexible diaphragm and the flexible gel enable the pressure sensor to sense ambient pressure outside of the IC device;
- and a lid having an aperture, wherein the lid is located between the flexible gel and an exterior of the device, and the aperture permits ambient air to move the diaphragm and consequently the flexible gel so that the pressure-sensing die can measure the ambient air pressure

would have been considered important in determining the patentability of independent claim 1 and its dependent claims 2-8, 15 and 16.

14. A prior art reference or a combination of references teaching a pressure-sensing integrated circuit device comprising at least one of:

- a lead frame including a die paddle and a plurality of leads surrounding the die paddle;
- a pressure-sensing die attached to the die paddle and electrically connected to the leads;
- an encapsulant that covers the leads and the electrical connections between the leads and the pressure-sensing die, wherein a bottom surface of the lead frame forms a bottom surface of the integrated circuit device and the encapsulant forms side walls of the device, wherein a cavity is formed between the side walls and over the pressure-sensing die;
- a gel material covering a pressure-sensing region on a top surface of the pressure-sensing die; a lid that extends between the side walls and over the cavity, wherein the lid has a central opening that allows ambient air to enter the cavity so that the pressure-sensing die can measure the ambient air pressure;
- and a diaphragm located beneath the central opening and that covers the gel material

would have been considered important in determining the patentability of independent claim 9 and its dependent claims 10 and 11.

15. A prior art reference or a combination of references teaching a method for assembling an integrated circuit device comprising at least one of the steps of:

- attaching a die to a paddle of a lead frame, wherein the die comprises a pressure sensor;
- electrically connecting the die to leads of the lead frame;
- encapsulating a portion of the die and the lead frame with an encapsulant, wherein a recess is formed over the pressure sensor such that at least a pressure-sensing region of the die is not covered by the encapsulant;
- placing a gel into the recess and in contact with the pressure-sensing region of the die;
- inserting a diaphragm into the recess and in contact with the gel; and placing a lid having an aperture over the recess and the diaphragm

would have been considered important in determining the patentability of independent claim 12 and its dependent claims 13 and 14.

***ISSUES 1/2: The Request indicates that the Requester believes that the teachings of Rozgo raises a substantial new question of patentability for independent claim 1 and dependent claims 8, 15 and 16 of the '658 patent (See Request filed on 05/28/2024 Page(s) 46-74).***

16. Regarding independent claim 1 and dependent claims 8, 15 and 16, the teachings of Rozgo raise a substantial new question of patentability because the reference teaches the following new, non-cumulative technical feature that raises a substantial new question of patentability as described here.

17. Rozgo (e.g. fig. 1 col. 2/ll. 39-49; col. 3/ll. 9-40) teaches a pressure-sensing integrated circuit (IC) device, comprising:

- a pressure-sensing die 44;
- a flexible gel 18 covering at least a pressure-sensing region of the pressure-sensing die;
- a flexible diaphragm 22 covering the flexible gel, wherein the flexible diaphragm and the flexible gel enable the pressure sensor to sense ambient pressure outside of the IC device;
- and a lid 20 having an aperture 14, wherein the lid is located between the flexible gel and an exterior of the device, and the aperture permits ambient gas to move the diaphragm and consequently the flexible gel so that the pressure-sensing die can measure the ambient gas pressure




18. Accordingly, the teachings of Rozgo provide a new technical teaching that would be considered important to a reasonable examiner in deciding whether independent claim 1 of the ‘658 patent is patentable. The teachings of Rozgo as discussed herein are not cumulative to any written discussion on the record of the teachings of the prior art, were not previously considered nor addressed during a prior examination, and the same question was not subject of a final holding of invalidity in the Federal Courts.

19. Regarding dependent claims 8, 15 and 16, Rozgo raises a substantial new question of patentability for them as well, for the reasons discussed above with respect to independent claim 1.

20. Thus, Issues 1/2 raise a substantial new question of patentability regarding claims 1, 8, 15 and 16 of the ‘658 patent.

***ISSUE 3: The Request indicates that the Requester believes that the teachings of Rozgo in view of Hooper raises a substantial new question of patentability for independent claim 1 and dependent claims 8, 15 and 16 of the '658 patent (See Request filed on 05/28/2024 Page(s) 74-78).***

21. Regarding independent claim 1 and dependent claims 8, 15 and 16, the teachings of Rozgo in view of Hooper raise a substantial new question of patentability because the reference teaches the following new, non-cumulative technical feature that raises a substantial new question of patentability as described here.

22. Rozgo (e.g. fig. 1 col. 2/ll. 39-49; col. 3/ll. 9-40; see issues 1/2) teaches a pressure-sensing integrated circuit (IC) device, comprising:

- a pressure-sensing die 44;
- a flexible gel 18 covering at least a pressure-sensing region of the pressure-sensing die;
- a flexible diaphragm 22 covering the flexible gel, wherein the flexible diaphragm and the flexible gel enable the pressure sensor to sense ambient pressure outside of the IC device;
- and a lid 20 having an aperture 14, wherein the lid is located between the flexible gel and an exterior of the device, and the aperture permits ambient gas to move the diaphragm and consequently the flexible gel so that the pressure-sensing die can measure the ambient gas pressure.

23. Hooper teaches (e.g. fig. 6) a pressure-sensing integrated circuit (IC) device, comprising:

- a pressure-sensing die 12 (abstract);

- a flexible gel 20 covering at least a pressure-sensing region of the pressure-sensing die wherein the flexible diaphragm and the flexible gel enable the pressure sensor to sense ambient pressure outside of the IC device (abstract; col. 2/ll. 24-25);
- and a lid 28 having an aperture 26, wherein the lid is located between the flexible gel and an exterior of the device, and the aperture permits ambient gas to move the diaphragm and consequently the flexible gel so that the pressure-sensing die can measure the ambient gas pressure (col. 3/ll. 37-39).




FIG. 6

24. Accordingly, the teachings of Rozgo in view of Hooper provide a new technical teaching that would be considered important to a reasonable examiner in deciding whether independent claim 1 of the ‘658 patent is patentable. The teachings of Rozgo in view of Hooper1 as discussed herein are not cumulative to any written discussion on the record of the teachings of the prior art, were not previously considered nor addressed during a prior examination, and the same question was not subject of a final holding of invalidity in the Federal Courts.

25. Regarding dependent claims 8, 15 and 16, Rozgo in view of Hooper raises a substantial new question of patentability for them as well, for the reasons discussed above with respect to independent claim 1.

26. Thus, Issue 3 raises a substantial new question of patentability regarding claims 1, 8, 15 and 16 of the ‘658 patent.

***ISSUES 4/5: The Request indicates that the Requester believes that the teachings of Francis raises a substantial new question of patentability for independent claim 1 and dependent claims 15 and 16 of the ‘658 patent (See Request filed on 05/28/2024 Page(s) 78-100).***

27. Regarding independent claim 1 and dependent claims 15 and 16, the teachings of Francis raise a substantial new question of patentability because the reference teaches the following new, non-cumulative technical feature that raises a substantial new question of patentability as described here.

28. Francis (e.g. fig. 3 abstract ) teaches a pressure-sensing integrated circuit (IC) device, comprising:

- a pressure-sensing die 130;
- a flexible gel 170 covering at least a pressure-sensing region of the pressure-sensing die;
- a flexible diaphragm 190 covering the flexible gel, wherein the flexible diaphragm and the flexible gel enable the pressure sensor to sense ambient pressure outside of the IC device;
- and a lid 160 having an aperture 161, wherein the lid is located between the flexible gel and an exterior of the device, and the aperture permits ambient gas

to move the diaphragm and consequently the flexible gel so that the pressure-sensing die can measure the ambient gas pressure.

FIG. 3




29. Accordingly, the teachings of Francis provide a new technical teaching that would be considered important to a reasonable examiner in deciding whether independent claim 1 of the '658 patent is patentable. The teachings of Francis as discussed herein are not cumulative to any written discussion on the record of the teachings of the prior art, were not previously considered nor addressed during a prior examination, and the same question was not subject of a final holding of invalidity in the Federal Courts.

30. Regarding dependent claims 15 and 16, Rozgo raises a substantial new question of patentability for them as well, for the reasons discussed above with respect to independent claim 1.

31. Thus, Issues 4/5 raises a substantial new question of patentability regarding claims 1, 15 and 16 of the '658 patent.

***ISSUE 6: The Request indicates that the Requester believes that the teachings of Hooper in view of Rozgo raises a substantial new***

***question of patentability for independent claim 1 and dependent claims 2-4, 15 and 16 of the '658 patent (See Request filed on 05/28/2024 Page(s)100-142).***

32. Regarding independent claim 1 and dependent claims 2-4, 15 and 16, the teachings of Hooper in view of Rozgo raise a substantial new question of patentability because the reference teaches the following new, non-cumulative technical feature that raises a substantial new question of patentability as described here.

24. Hooper teaches (e.g. fig. 6; see issue 3) a pressure-sensing integrated circuit (IC) device, comprising:

- a pressure-sensing die 12 (abstract);
- a flexible gel 20 covering at least a pressure-sensing region of the pressure-sensing die wherein the flexible diaphragm and the flexible gel enable the pressure sensor to sense ambient pressure outside of the IC device (abstract; col. 2/ll. 24-25);
- and a lid 28 having an aperture 26, wherein the lid is located between the flexible gel and an exterior of the device, and the aperture permits ambient gas to move the diaphragm and consequently the flexible gel so that the pressure-sensing die can measure the ambient gas pressure (col. 3/ll. 37-39).

25. Moreover, Rozgo (e.g. fig. 1 col. 2/ll. 39-49; col. 3/ll. 9-40; see issues 1/2) teaches a pressure-sensing integrated circuit (IC) device, comprising:

- a pressure-sensing die 44;
- a flexible gel 18 covering at least a pressure-sensing region of the pressure-sensing die;

- a flexible diaphragm 22 covering the flexible gel, wherein the flexible diaphragm and the flexible gel enable the pressure sensor to sense ambient pressure outside of the IC device;
- and a lid 20 having an aperture 14, wherein the lid is located between the flexible gel and an exterior of the device, and the aperture permits ambient gas to move the diaphragm and consequently the flexible gel so that the pressure-sensing die can measure the ambient gas pressure.

33. Accordingly, the teachings of Hooper in view of Rozgo provide a new technical teaching that would be considered important to a reasonable examiner in deciding whether independent claim 1 of the ‘658 patent is patentable. The teachings of Hooper in view of Rozgo as discussed herein are not cumulative to any written discussion on the record of the teachings of the prior art, were not previously considered nor addressed during a prior examination, and the same question was not subject of a final holding of invalidity in the Federal Courts.

34. Regarding dependent claims 2-4, 15 and 16, Rozgo in view of Hooper raises a substantial new question of patentability for them as well, for the reasons discussed above with respect to independent claim 1.

35. Thus, Issue 6 raises a substantial new question of patentability regarding claims 1-4, 15 and 16 of the ‘658 patent.

***ISSUE 7: The Request indicates that the Requester believes that the teachings of Hooper in view of Rozgo and further in view of Otani raises a substantial new question of patentability for independent claims 9 and 12 and dependent claims 6-7 (depending on 1), 13 and 14***

***(depending on 12) of the '658 patent (See Request filed on 05/28/2024 Page(s) 142-172).***

36. Regarding independent claims 9 and 12 and dependent claims 6, 7, 13 and 14, the teachings of Hooper in view of Rozgo and further in view of Otani raise a substantial new question of patentability because the reference teaches the following new, non-cumulative technical feature that raises a substantial new question of patentability as described here.

37. Hooper teaches (e.g. fig. 6; see issue 3) a pressure-sensing integrated circuit (IC) device, comprising:

- a pressure-sensing die 12 (abstract);
- a flexible gel 20 covering at least a pressure-sensing region of the pressure-sensing die  wherein the flexible diaphragm and the flexible gel enable the pressure sensor to sense ambient pressure outside of the IC device  (abstract; col. 2/ll. 24-25);
- and a lid 28 having an aperture 26, wherein the lid is located between the flexible gel and an exterior of the device, and the aperture permits ambient gas to move the diaphragm and consequently the flexible gel so that the pressure-sensing die can measure the ambient gas pressure (col. 3/ll. 37-39).

38. Moreover, Rozgo (e.g. fig. 1 col. 2/ll. 39-49; col. 3/ll. 9-40; see issues 1/2) teaches a pressure-sensing integrated circuit (IC) device, comprising:

- a pressure-sensing die 44;
- a flexible gel 18 covering at least a pressure-sensing region of the pressure-sensing die;

- a flexible diaphragm 22 covering the flexible gel, wherein the flexible diaphragm and the flexible gel enable the pressure sensor to sense ambient pressure outside of the IC device;
- and a lid 20 having an aperture 14, wherein the lid is located between the flexible gel and an exterior of the device, and the aperture permits ambient gas to move the diaphragm and consequently the flexible gel so that the pressure-sensing die can measure the ambient gas pressure.

39. Otani (e.g. fig. 2; col. 5/ll. 30-54) teaches an integrated circuit device, comprising:

- a lead frame including a die paddle 3 and a plurality of leads 4 surrounding the die paddle;
- a pressure-sensing die 1a attached to the die paddle and electrically connected to the leads (i.e. boding wires);
- and an encapsulant 5c that covers the leads and the electrical connections between the leads and the pressure-sensing die, wherein a bottom surface of the lead frame forms a bottom surface of the integrated circuit device and the encapsulant forms side walls of the device, wherein a cavity 7 is formed between the side walls and over the pressure-sensing die;




40. Accordingly, the teachings of Hooper in view of Rozgo and further in view of Otani provide a new technical teaching that would be considered important to a reasonable examiner in deciding whether independent claims 9 and 12 of the '658 patent is patentable. The teachings of Hooper in view of Rozgo and further in view of Otani as discussed herein are not cumulative to any written discussion on the record of the teachings of the prior art, were not previously considered nor addressed during a prior examination, and the same question was not subject of a final holding of invalidity in the Federal Courts.

41. Regarding dependent claims 6, 7, 13 and 14, Rozgo in view of Hooper and further in view of Otani raises a substantial new question of patentability for them as well, for the reasons discussed above with respect to independent claims 1 (see issue 6) and 12.

42. Thus, Issue 7 raises a substantial new question of patentability regarding claims 6, 7, 9 and 12-14 of the '658 patent.

***ISSUE 8: The Request indicates that the Requester believes that the teachings of Hooper in view of Rozgo and further in view of Wombacher***

***raises a substantial new question of patentability for dependent claims 3-5 and 8 (depending on 1) of the '658 patent (See Request filed on 05/28/2024 Page(s) 173-191).***

43. Regarding dependent claims 3-5 and 8, the teachings of Hooper in view of Rozgo and further in view of Wombacher raise a substantial new question of patentability because the reference teaches the following new, non-cumulative technical feature that raises a substantial new question of patentability as described here.

44. Wombacher (e.g. fig. 1) teaches a sensor package including various components such as "semiconductor chip 10," "wire-bonds 20," and "sidewalls 15" that have their surfaces covered by a "barrier layer 20" (also referred to as a "protective layer" ¶¶ 0015-0022). The barrier layer 20 "has a high barrier effect against hydrogen ingress and/or the attack of other chemical media which might result in corrosion or degradation of sensitive surface structures" of a sensor device. It can be made of an "inorganic material" such as "silicate" and "may coat all exposed surfaces in the interior of the open cavity structure 11.

FIG 1



45. Accordingly, the teachings of Hooper in view of Rozgo and in further in view of Wombacher provide a new technical teaching that would be considered important to a reasonable examiner in deciding whether dependent claims 3-5 and 8 of the ‘658 patent is patentable. The teachings of Hooper in view of Rozgo and further in view of Wombacher as discussed herein are not cumulative to any written discussion on the record of the teachings of the prior art, were not previously considered nor addressed during a prior examination, and the same question was not subject of a final holding of invalidity in the Federal Courts.

46. Regarding dependent claims 6, 7, 13 and 14, Rozgo in view of Hooper raises a substantial new question of patentability for them as well, for the reasons discussed above with respect to independent claims 1 (see issue 6) and 12.

47. Thus, Issue 8 raises a substantial new question of patentability regarding claims 3-5 and 8 of the ‘658 patent.

***ISSUE 9: The Request indicates that the Requester believes that the teachings of Hooper in view of Rozgo and further in view of Otani and Wombacher raises a substantial new question of patentability for dependent claims 10 and 11 (depending on 1) of the ‘658 patent (See Request filed on 05/28/2024 Page(s) 191-193).***

48. Regarding dependent claims 10 and 11, the teachings of Hooper in view of Rozgo and further in view of Otani and Wombacher raise a substantial new question of patentability because the reference teaches the following new, non-cumulative technical feature that raises a substantial new question of patentability as described here.

49. Hooper in view of Rozgo and further in view of Otani raised an SNQ with regard to independent claim 7 as presented in issue 7 above.

50. Moreover, Wombacher (e.g. fig. 1; see issue 8) teaches a sensor package including various components such as "semiconductor chip 10," "wire-bonds 20," and "sidewalls 15" that have their surfaces covered by a "barrier layer 20" (also referred to as a "protective layer" ¶¶ 0015-0022). The barrier layer 20 "has a high barrier effect against hydrogen ingress and/or the attack of other chemical media which might result in corrosion or degradation of sensitive surface structures" of a sensor device. It can be made of an "inorganic material" such as "silicate" and "may coat all exposed surfaces in the interior of the open cavity structure 11.

51. Accordingly, the teachings of Hooper in view of Rozgo and in further in view of Otani and Wombacher provide a new technical teaching that would be considered important to a reasonable examiner in deciding whether dependent claims 10 and 11 of the ‘658 patent is patentable. The teachings of Hooper in view of Rozgo and further in view of Otani and Wombacher as discussed herein are not cumulative to any written discussion on the record of the teachings of the prior art, were not previously considered nor addressed during a prior examination, and the same question was not subject of a final holding of invalidity in the Federal Courts.

52. Regarding dependent claims 10 and 11, Rozgo in view of Hooper and in further view of Otani and Wombacher raises a substantial new question of patentability for them as well, for the reasons discussed above with respect to independent claims 1 (see issue 6) and 12.

53. Thus, Issue 9 raises a substantial new question of patentability regarding claims 10 and 11 of the ‘658 patent.

***Response to Patent Owner's Pre-Order Paper***

54. Patent Owner's pre-Order paper (hereinafter "pre-order paper") was entered into the file on June 25, 2026. The pre-order paper has been fully considered but is not persuasive.

55. The Patent Owner's argument in the pre-order paper is directed towards anticipation and obviousness (pp. 2-6). Such arguments are not considered here since they are directed to 35 USC 102 and 35 USC 103, not SNQ. As noted in MPEP 2242.I(b), an SNQ can be present even if a prior art rejection could not necessarily be made:

56. It is not necessary that a "*prima facie*" case of unpatentability exist as to the claim in order for "a substantial new question of patentability" to be present as to the claim. Thus, "a substantial new question of patentability" as to a patent claim could be present even if the examiner would not necessarily reject the claim as either fully anticipated by, or obvious in view of, the prior art patents or printed publications. As to the importance of the difference between "a substantial new question of patentability" and a "*prima facie*" case of unpatentability see generally *In re Etter*, 756 F.2d 852, 857 n.5, 225 USPQ 1, 4 n.5 (Fed. Cir. 1985).

57. Further, MPEP 2246 expressly states that no statement will be made in the Order as to whether claims are rejected over prior art (underline emphasis in original):

58. In the decision on the request, the examiner will not decide, and no statement should be made as to, whether the claims are rejected over the patents and printed publications. The examiner does <u>not</u> decide the question of patentability of the claims in the decision on the request. The examiner only decides whether there is a substantial new question of patentability to grant the request to order reexamination.

59. Patent Owner may make arguments concerning anticipation and obviousness in a Statement in response to the Order or in remarks in response to any future rejection(s) of the claims during reexamination.

### *35 USC 325(d)*

60. After considering the record, and in view of all relevant considerations, it is determined that denial under 35 U.S.C. 325(d) of the request for reexamination is not appropriate under the specific facts of this case.

### *Conclusion*

61. The references set forth in the request have been considered both alone and in combination. They raise a substantially new question of patentability for patented claims 1-16. Accordingly, the request for reexamination is GRANTED.

### *Duty of Disclosure*

62. Duty of Disclosure The patent owner is reminded of the continuing responsibility under 37 CFR - 1.565(a) to apprise the Office of any litigation activity, or other prior or concurrent proceeding, involving Patent No.10,151,658 throughout the course of this reexamination proceeding.

### *Service of Papers*

63. After the filing of a request for reexamination by a third party requester, any document filed by either the patent owner or the third party requester must be served on the other party (or parties where two or more third party requester proceedings are merged) in the reexamination proceeding in the manner provided in 37 CFR 1.248. See 37 CFR 1.550(f).

## *Correspondence*

64. Any inquiry concerning this communication or earlier communications from the examiner should be directed to Leonardo Andujar whose telephone number is 571-272-1912. The examiner can normally be reached on Mon.-Thurs. 6:30am-4:30pm. If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisors, Patricia Engle 571-272-6660.

65. Information regarding the status of published or unpublished applications may be obtained from Patent Center. Unpublished application information in Patent Center is available to registered users. To file and manage patent submissions in Patent Center, visit: https://patentcenter.uspto.gov. Visit https://www.uspto.gov/patents/apply/patent-center for more information about Patent Center and https://www.uspto.gov/patents/docx for information about filing in DOCX format. For additional questions, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

66. Telephone Numbers for reexamination inquiries:

| | |
|---|---|
| Central Reexam Unit (CRU) | (571) 272-7705 Reexamination |
| Facsimile Transmission No. | (571) 273-9900 |

67. **All** correspondence relating to this *ex parte* reexamination proceeding may be submitted via:

Electronically: Registered users may submit via Patent Center https://patentcenter.uspto.gov/.

By Mail to: Mail Stop *Ex Parte* Reexam
Central Reexamination Unit
Commissioner for Patents

United States Patent & Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450

By FAX to: (571) 273-9900
Central Reexamination Unit

By hand: Customer Service Window
Knox Building
501 Dulany Street
Alexandria, VA 22314

Signed:

/LEONARDO ANDUJAR/
Primary Examiner, Art Unit 3991

Conferees:

/LEE E SANDERSON/
Reexamination Specialist, Art Unit 3991

/Patricia L Engle/
SPRS, Art Unit 3991