# EXHIBIT A

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/016,057 | 03/18/2026 | 9299646 | 068758.0662D | 2580 |

201116 7590 08/18/2026

Bunsow De Mory LLP
701 El Camino Real
Redwood City, CA 94063

| EXAMINER | |
|---|---|
| ANDUJAR, LEONARDO | |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3991 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 08/18/2026 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

BAKER BOTTS, LLP
2001 ROSS AVENUE
SUITE 900
DALLAS, TX 75201

# *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. *90/016,057* .

PATENT UNDER REEXAMINATION *9299646* .

ART UNIT *3991* .

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified *ex parte* reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the *ex parte* reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

| Office Action in Ex Parte Reexamination | Control No.<br>90/016,057 | Patent Under Reexamination<br>9299646 | |
|---|---|---|---|
| | Examiner<br>LEONARDO ANDUJAR | Art Unit<br>3991 | AIA (First Inventor to File) Status<br>No |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

a. ☐ Responsive to the communication(s) filed on ______.
☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on ______.

b. ☐ This action is made FINAL.

c. ☑ A statement under 37 CFR 1.530 has not been received from the patent owner.

A shortened statutory period for response to this action is set to expire 2 month(s) from the mailing date of this letter.
Failure to respond within the period for response will result in termination of the proceeding and issuance of an *ex parte* reexamination certificate in accordance with this action. 37 CFR 1.550(d). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**
If the period for response specified above is less than thirty (30) days, a response within the statutory minimum of thirty (30) days will be considered timely.

Part I THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:

1. ☐ Notice of References Cited by Examiner, PTO-892.
2. ☐ Information Disclosure Statement, PTO/SB/08.
3. ☐ Interview Summary, PTO-474.
4. ☐ ______.

Part II SUMMARY OF ACTION

1a. ☑ Claims 1-11 are subject to reexamination.
1b. ☐ Claims ______ are not subject to reexamination.
2. ☐ Claims ______ have been canceled in the present reexamination proceeding.
3. ☐ Claims ______ are patentable and/or confirmed.
4. ☑ Claims 1-11 are rejected.
5. ☐ Claims ______ are objected to.
6. ☐ The drawings, filed on ______ are acceptable.
7. ☐ The proposed drawing correction, filed on ______ has been (7a) ☐ approved (7b) ☐ disapproved.
8. ☐ Acknowledgment is made of the priority claim under 35 U.S.C. 119(a)-(d) or (f).
   a) ☐ All b) ☐ Some* c) ☐ None of the certified copies have
   1 ☐ been received.
   2 ☐ not been received.
   3 ☐ been filed in Application No. ______.
   4 ☐ been filed in reexamination Control No. ______.
   5 ☐ been received by the International Bureau in PCT application No. ______.
   * See the attached detailed Office action for a list of the certified copies not received.
9. ☐ Since the proceeding appears to be in condition for issuance of an *ex parte* reexamination certificate except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte* Quayle, 1935 C.D. 11, 453 O.G. 213.
10. ☐ Other: ______

cc: Requester (if third party requester)

## DETAILED ACTION

## REEXAMINATION

1. Reexamination has been ordered for claims 1-11 of United States Patent number 9,299,646 to Kumar et al. entitled: “LEAD FRAME WITH POWER AND GROUND BARS” (hereinafter “the ‘646 patent”).

### ***References***.

a) U.S. Patent Application No. US 2009/0020859 (“Chen")

b) U.S. Patent No. 5,589,709 ("Dobkin")

2. Listed prior art (a)–(b were not of record during the prosecution history of the ‘646 patent and are non-cumulative to the art of record.

3. References (a)-(b) above were published or issued more than one year before the effective filing date of claimed subject matter in United States application’135 (filed on Aug. 23, 2015) that became the ‘646 patent in Mar. 29, 2016. Accordingly, each of references (a)-(b) qualifies as prior art under 35 USC 102(a)(1).

### ***Claim Rejections - 35 USC § 102***

4. In the event the determination of the status of the application as subject to AIA 35 U.S.C. 102 and 103 (or as subject to pre-AIA 35 U.S.C. 102 and 103) is incorrect, any correction of the statutory basis (i.e., changing from AIA to pre-AIA) for the rejection will not be considered a new ground of rejection if the prior art relied upon, and the rationale supporting the rejection, would be the same under either status.

> (a)(1) the claimed invention was patented, described in a printed publication, or in public use, on sale, or otherwise available to the public before the effective filing date of the claimed invention.

5. Claims 1, 4-7, 10 and 11 are rejected under 35 U.S.C. 102 (a)(2) as being anticipated by Chen (US 2009/0020859 ).

1. A semiconductor device, comprising:
a semiconductor die having a plurality of first contact pads and at least one second contact pad disposed on or exposed through a surface thereof;
a package casing that covers the semiconductor die;
a plurality of signal leads spaced apart from the semiconductor die and each having an embedded portion located within the package casing and an exposed portion located outside of the package casing, each of the signal leads being electrically connected to a respective one of the first contact pads;
a power bar extending at least partially in an area between the embedded portions of the plurality of signal leads and the semiconductor die and having a first side opposing the signal leads and a second side opposing the semiconductor die, the power bar being electrically connected to the at least one second contact pad; and
a ground bar that is electrically grounded and extends at least partially in said area, the ground bar having a first portion disposed between the embedded portions of the plurality of signal leads and the first side of the power bar, and a second portion disposed between the second

7. A method of assembling a semiconductor device, the method comprising:

providing a semiconductor die having a plurality of first contact pads and at least one second contact pad disposed on or exposed through a surface thereof;

providing a plurality of signal leads spaced apart from the semiconductor die;

providing a power bar that extends at least partially in an area between the plurality of signal leads and the semiconductor die and having a first side opposing the signal leads and a second side opposing the semiconductor die;

providing a ground bar that extends at least partially in said area, the ground bar having a first portion disposed between the plurality of signal leads and the first side of the power bar, and a second portion disposed between the second side of the power bar and the semiconductor die;

electrically connecting each of the signal leads to a respective one of the first contact pads;

electrically connecting the power bar to the at least one second contact pad; and

encapsulating the semiconductor die, the power bar, the ground bar, and a portion of each of the signal leads in a packaging material.

6. Regarding claims 1 and 7, Chen (e.g. fig. 1) teaches a method of making a device comprising the step of:

- providing a semiconductor die 100 (¶0017) having a plurality of first contact pads and at least one second contact pad disposed on or exposed through a surface thereof;
- providing a plurality of signal leads 205 spaced apart from the semiconductor die;
- providing a power bar 207 that extends at least partially in an area between the plurality of signal leads and the semiconductor die and having a first side

opposing the signal leads and a second side opposing the semiconductor die (e.g. the bar 207 disposed between two bars 207);

- providing a ground bar 207 that extends at least partially in said area, the ground bar having a first portion disposed between the plurality of signal leads 205 and the first side of the power bar (i.e. lower bar 207), and a second ground 207 disposed between the second side of the power bar and the semiconductor die (i.e. top bar 207);
- electrically connecting each of the signal leads to a respective one of the first contact pads (e.g. bonding wires 105; ¶0018);
- electrically connecting the power bar to the at least one second contact pad (e.g. bonding wires 103; ¶0019); and encapsulating the semiconductor die, the power bar, the ground bar, and a portion of each of the signal leads in a packaging material (300/400; ¶¶0023).




FIG. 1

7. Regarding claim 4, Chen teaches that the power bar (i.e. lower/ upper bar 207) is coupled at one end to a power bar lead having an embedded portion located within the package casing and an exposed portion located outside of the package casing (see fig. 1).

8. Regarding claim 5, Chen teaches a plurality of second contact pads and a plurality of second bond wires, each of which electrically connects the power bar to a respective one of the second contact pads (see fig. 1).

9. Regarding claim 6, Chen teaches a plurality of first bond wires, each electrically connecting an embedded portion of one of the signal leads to one of the first contact pads; and at least one second bond wire electrically connecting the power bar to the at least one second contact pad.

10. Regarding claim 10, Chen teaches the step of coupling the power bar (i.e. lower/upper bar 207) at one end to a power bar lead; and encapsulating a portion of the power bar lead in the packaging material (see fig. 1).

11. Regarding claim 11, Chen teaches the step of electrically connecting the signal leads to the first contact pads is performed by wire bonding, and the step of electrically connecting the power bar to that at least one second contact pad is performed by wire bonding (see fig. 1).

## *Claim Rejections - 35 USC § 103*

12. In the event the determination of the status of the application as subject to AIA 35 U.S.C. 102 and 103 (or as subject to pre-AIA 35 U.S.C. 102 and 103) is incorrect, any correction of the statutory basis (i.e., changing from AIA to pre-AIA) for the rejection will not be considered a new ground of rejection if the prior art relied upon, and the rationale supporting the rejection, would be the same under either status.

13. The following is a quotation of pre-AIA 35 U.S.C. 103(a) which forms the basis for all obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negated by the manner in which the invention was made.

14. Claims 2, 3, 8 and 9 are rejected under pre-AIA 35 U.S.C. 103(a) as being unpatentable over Chen (2009/0020859) in view of Dobkin (US 5,589,709).

15. Regarding claims 2 and 8, Chen does not teach the step of providing the ground bar includes forming a third portion of the ground bar that extends perpendicularly with respect to the first and second portions and is adjacent a free end of the power bar

16. However, Dobkin (e.g. figs. 1, 2A & 2B) abstract) teaches an isolator circuit. Dobkin discloses a "capacitor formed from portions of the lead frame structure used in conventional integrated circuit packaging." Specifically, Dobkin illustrates its lead frame capacitor as an interdigitated capacitor with a first electrode ("electrode 14") having fingers ("14A," "14B") on either side of a second electrode ("electrode 12"):



FIG. 1
FIG. 2A
FIG. 2B

17. The bar 14 include a third portion that extends perpendicularly with respect to the first and second portions and is adjacent a free end of the 12 bar. It would have been obvious to one of ordinary skill in the art to make the ground bar of Chang shaped as the

bar 14 and to make the power bar of Chang shaped as the bar 12 to provide an interdigitated capacitor inside the semiconductor package to reduce noise as it is known in the art.

18. Regarding claims 3 and 9, Chen in view of Dobkin teaches the step of coupling the third portion of the ground bar to a ground lead and encapsulating a portion of the ground lead in the packaging material (see fig. 1).

***Conclusion***

19. The patent owner is reminded of the continuing responsibility under 37 CFR 1.565(a) to apprise the Office of any litigation activity, or other prior or concurrent proceeding, involving Patent No. 9,299,646 throughout the course of this reexamination proceeding. The requester is also reminded of the ability to similarly appraise the Office of any such activity or proceeding throughout the course of this reexamination proceeding. See MPEP §§ 2207, 2282 and 2286.

20. After the filing of a request for reexamination by a third party requester, any document filed by either the patent owner or the third party requester must be served on the other party (or parties where two or more third party requester proceedings are merged) in the reexamination proceeding in the manner provided in 37 CFR 1.248. See 37 CFR 1.550(f).

21. Any inquiry concerning this communication or earlier communications from the examiner should be directed to Leonardo Andujar whose telephone number is 571-272-1912. The examiner can normally be reached on Mon.-Thurs. 6:30am-4:30 pm. If

attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisors, Patricia Engle can be reached at 571-272-6660

22. Information regarding the status of published or unpublished applications may be obtained from Patent Center. Unpublished application information in Patent Center is available to registered users. To file and manage patent submissions in Patent Center, visit: https://patentcenter.uspto.gov. Visit https://www.uspto.gov/patents/apply/patent-center for more information about Patent Center and https://www.uspto.gov/patents/docx for information about filing in DOCX format. For additional questions, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

23. Telephone Numbers for reexamination inquiries:

- Central Reexam Unit (CRU) (571) 272-7705 Reexamination
- Facsimile Transmission No. (571) 273-9900

24. **All** correspondence relating to this *ex parte* reexamination proceeding may be submitted via:

Electronically: Registered users may submit via Patent Center
https://patentcenter.uspto.gov/.

By Mail to: Mail Stop *Ex Parte* Reexam
Central Reexamination Unit
Commissioner for Patents
United States Patent & Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450

By FAX to: (571) 273-9900
Central Reexamination Unit

By hand: Customer Service Window
Knox Building
501 Dulany Street
Alexandria, VA 22314

Signed:

***/LEONARDO ANDUJAR/***
Primary Examiner
Central Reexamination Unit 3991

Conferees:

/Patricia L Engle/
SPRS, Art Unit 3991