**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND-ODESSA DIVISION**

| | | |
|---|---|---|
| **CHIP PACKAGING TECHNOLOGIES, LLC,** | § | |
| **Plaintiff,** | § | |
| | § | **No. 7:25-CV-00505-DC-DTG** |
| **v.** | § | |
| | § | |
| **STMICROELECTRONICS, INC.,** | § | |
| **Defendant.** | § | |

**ORDER GRANTING MOTION TO STAY PENDING *EX PARTE* REEXAMINATION (DKT. NO. 39)**

Before the Court is Defendant's Motion to Stay Pending *Ex Parte* Reexamination. (Dkt. No. 39). On September 3, 2026, the Court held a hearing. Dkt. No 56. Having considered the Motion, related briefings, and the parties' arguments, the Court finds that the Motion is **GRANTED**.

## I. BACKGROUND

The plaintiff, Chip Packaging Technologies, LLC, alleges that the defendant, STMicroelectronics, Inc., infringes five patents—U.S. Patent Nos. 9,685,351 (the '351 Patent), 9,263,299 (the '299 patent), 9,299,646 (the '646 Patent), 8,643,189 (the '189 Patent), and 10,151,658 (the '658 Patent). Dkt. No. 1. All five patents are currently subject to *ex parte* reexaminations—four requested by third parties and two requested by the defendant. Dkt. No. 39 at 3. While only some of the *ex parte* reexaminations had been instituted when the defendant filed its opening brief, by the conclusion of the briefing, the USPTO had ordered the reexamination of all five of the asserted patents. Dkt. No. 44; Dkt. No. 51. By the time of the hearing, the USPTO had also issued Non-Final Office Actions rejecting all claims of the '351

Patent and the ’646 Patent. Dkt. No. 53. Reexamination of the ’299 Patent, the ’189 Patent, and the ’658 Patent is still pending. Dkt. No. 53. The defendant requested a hearing on the Motion because the current claim construction hearing is set for September 9, 2026. Dkt. No. 46.

## II. ANALYSIS

Whether to grant a stay is a discretionary decision for the Court. “Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination.” (internal citations omitted) *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988). In deciding whether to stay a case pending USPTO proceedings, courts consider the following three factors: (1) whether a stay will simplify the issues for trial; (2) the status of the litigation, including whether discovery is complete and a trial date is set; and (3) whether a stay would cause the non-movant undue prejudice or give the movant a clear tactical advantage. *Kirsch Rsch. & Dev., LLC v. IKO Indus., Inc.*, No. 6:20-CV-00317-ADA, 2021 WL 4555610, at *2 (W.D. Tex. Oct. 5, 2021). Courts have found that the USPTO’s granting of *ex parte* reexaminations as to all claims of all asserted patents in a case may render a stay proper. *See AGIS Software Dev. LLC v. Google LLC*, No. 2:19-CV-00359-JRG, 2021 WL 465424, at *1 (E.D. Tex. Feb. 9, 2021).

The defendant argues that all three factors favor staying this case. They note that all the asserted claims of all the asserted patents are subject to pending *ex parte* reexaminations. They point out that this case is in the early stages as a claim construction hearing has not occurred and fact discovery has not started. Finally, as the plaintiff seeks only monetary relief, the defendant contends that the plaintiff will suffer minimal prejudice. Dkt. No. 39. The defendant also argues that any potential prejudice is minimized because of the defendant’s willingness to agree to a limited estoppel. *See* Dkt. No. 39 at 6, n.7.

The plaintiff opposes a stay. Dkt. No. 40. The plaintiff argues that whether the *ex parte* reexaminations will simplify the case is speculative at best. It contends that the defendant's limited conditional estoppel does not eliminate the prejudice created by the tactical advantage the defendant will receive from the *ex parte* reexaminations. The plaintiff also argues that the parties have incurred substantial costs briefing and preparing for the upcoming claim construction hearing. Finally, they contend that a stay would cause a substantial delay in the current trial date. Dkt. No. 40.

Having considered the factors outlined above and the unique circumstances of this case, the Court finds that a stay is justified. As of the hearing on this motion, the USPTO has begun reexaminations of all five of the asserted patents and has issued Non-Final Office Actions rejecting all claims in two of the patents. Dkt. No. 44; Dkt. No. 51; Dkt. No. 53. As the parties acknowledged during the hearing, Non-Final Office Actions are anticipated in the other *ex parte* reexaminations as well. Those office actions and any responses will become part of the intrinsic record, which will inform the Court's constructions of any claims. Additionally, granting a stay in this particular case furthers judicial efficiency because cancellation or modification of claims during the *ex parte* reexaminations will also affect the Court's claim construction duties. *See* M.P.E.P. § 2258 (a patent owner may cancel or submit new claims when original claims are rejected in an *ex parte* reexamination). While the parties have completed claim construction briefing, the Court has not conducted a claim construction hearing or issued a claim construction order, and fact discovery has not begun. While some prejudice will accompany a delay, the Court finds that insufficient under the facts and circumstances of this case to outweigh the benefits of a stay. Therefore, the Court finds that a stay is warranted in this case.

## III. CONCLUSION

Considering the above, the Defendant's Motion to Stay Pending *Ex Parte* Reexamination (Dkt. No. 39) is **GRANTED**. The parties are **ORDERED** to file a joint notice updating the Court as to the status of the *ex parte* reexaminations every ninety (90) days, within fourteen (14) days of the conclusion of any of the *ex parte* reexaminations, and a motion requesting a status conference within thirty (30) days of a final disposition in the last *ex parte* reexamination.

Further, in light of this Order, the claim construction hearing set for September 9, 2026, is **HEREBY CANCELLED**.

**SIGNED** this 3rd day of September, 2026.

DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE