**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **CHIP PACKAGING TECHNOLOGIES, LLC,** | § | |
| ***Plaintiff,*** | § | |
| ***v.*** | § | **CASE NO. 7:25-CV-00505-DC-DTG** |
| **STMICROELECTRONICS, INC.,** | § | |
| ***Defendant,*** | § | |

**ORDER**

On this day the Court considered the above-styled and numbered cause. The Court previously stayed this action pending resolution of *ex parte* reexaminations in all five of the asserted patents in this case. *See* Dkt. No. 59.

In light of the stay, and for administrative purposes only, the Clerk of Court is directed to **ADMINISTRATIVELY CLOSE** this case.[1] This administrative closure is not a dismissal or final adjudication and does not affect the stayed status of this action.

All provisions of the Court's prior stay order remain in full force and effect, including the requirements that the parties file a joint notice updating the Court as to the status of the *ex parte* reexaminations every ninety (90) days, within fourteen (14) days of the conclusion of any of the *ex parte* reexaminations, and a motion requesting a status conference within thirty (30) days of a final disposition in the last *ex parte* reexamination.

It is so **ORDERED**.

---

[1] *See Mire v. Full Spectrum Lending, Inc.*, 389 F.3d 163, 167 (5th Cir. 2014) ("District courts frequently make use of this device to remove from their pending cases suits which are temporarily active elsewhere (such as before an arbitration panel) or stayed (such as where a bankruptcy is pending). The effect of an administrative closure is no different from a simple stay. . . .").

**SIGNED** this 4th day of September, 2026.

DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE