**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | |
|---|---|
| CHIP PACKAGING TECHNOLOGIES, LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>STMICROELECTRONICS, INC.,<br><br>*Defendant.* | Civil Action No. 7:25-cv-00505-DC-DTG<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S**
**RULE 72(a) OBJECTIONS (DKT. 57)**

# TABLE OF CONTENTS

I. INTRODUCTION ..... 1

II. LEGAL STANDARD ..... 2

III. JUDGE GILLILAND'S DENIAL OF THE STRIKE WAS NEITHER CLEARLY ERRONEOUS NOR CONTRARY TO LAW ..... 3

A. CPT showed the uncharted products are reasonably similar to the charted exemplars. ..... 3

B. ST would require CPT to prove its groupings before discovery. ..... 4

C. The list corrections do not undermine the reasonably similar groupings. ..... 4

D. None of ST's cases required a strike, and remand is unnecessary ..... 5

IV. CONCLUSION ..... 5

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Coast Runner, Inc. v. Kickstarter, PBC*,
No. 7:25-cv-00396-DC-RCG, Dkt. No. 107 (W.D. Tex. Feb. 22, 2026) ....2, 3

*IGT v. Zynga Inc.*,
No. 6:21-cv-00331-ADA, Dkt. No. 61 (W.D. Tex. Mar. 1, 2022) ....2, 3, 4

*Intell. Tech LLC v. Zebra Techs. Corp.*,
No. 6:19-cv-00628-ADA, Dkt. No. 31 (W.D. Tex. Apr. 29, 2020) ....5

*Laborfest LLC v. City of San Antonio*,
No. 5:19-cv-00060-JKP, Dkt. No. 91 (W.D. Tex. June 24, 2021) ....3

*SVV Tech. Innovations, Inc. v. Samsung Elecs. Co.*,
No. 6:20-cv-00139-ADA, Dkt. No. 35 (W.D. Tex. Aug. 9, 2020) ....5

*Trs. of Purdue Univ. v. STMicroelectronics N.V.*,
No. 6:21-cv-00727-ADA, 2023 WL 11995494 (W.D. Tex. Nov. 27, 2023) ....5

*WSOU Invs. LLC v. OnePlus Tech. (Shenzhen) Co.*,
No. 6:20-CV-00952-ADA, 2022 WL 174517 (W.D. Tex. Jan. 18, 2022) ....5

## Statutes

28 U.S.C. § 636(b)(1)(A) ....2

## Other Authorities

Fed. R. Civ. P. 72 ....5

Fed. R. Civ. P. 72(a) ....2, 5

Plaintiff Chip Packaging Technologies, LLC ("CPT") respectfully submits this response to the objections (Dkt. 57, the "Objections" or "Obj.") of Defendant STMicroelectronics, Inc. ("ST") to Judge Gilliland's August 17, 2026 order denying ST's request to strike the uncharted accused products (the "Order," Dkt. 50).[1]

## I. INTRODUCTION

The asserted patents claim structures inside ST's semiconductor packages: lead frames, power and ground bars, mold locks, and the sensor gel, diaphragm, and lid. None of these patented structures are visible from the outside of a finished package. As a practical matter, there are two ways to see inside an ST package: (1) destroy a publicly available physical unit, or (2) analyze ST's internal design and assembly documents. Dkt. 50 at 2. CPT took the path available to it before discovery. It tore down and X-rayed one exemplar for each asserted patent and charted every claim element. Obj. at 3. From the outset, CPT also accused products ST markets within the same package families, on the good-faith belief that they share the exemplars' internal structures. Dkt. 50 at 2. When ST demanded a complete product-by-product list, CPT supplied one, built from ST's own catalog. When ST demanded a more explicit representativeness explanation, CPT revised the list and made that basis explicit, patent by patent.

ST then asked Judge Gilliland to strike every accused product CPT did not physically deconstruct—before fact discovery has opened, and before ST has produced the internal documents that can confirm or disprove CPT's disclosed groupings. Judge Gilliland reviewed the parties' joint submission, found a hearing unnecessary, and declined. Dkt. 50 at 1. A companion order denied CPT's request for early production of those internal documents "without prejudice to seeking the information once fact discovery opens." Dkt. 49 at 1. Together, the two orders left the groupings to be tested in fact discovery.

[1] On September 3, 2026, the Court granted ST's motion to stay this action pending *ex parte* reexamination. Dkt. 59. The Court thereafter administratively closed the case, while confirming that the stay remains in full force and effect. Dkt. 60. CPT nevertheless files this response out of an abundance of caution because its response to ST's Objections would otherwise have been due September 8, 2026.

The question under Rule 72(a) is narrow: was it clearly erroneous or contrary to law to allow CPT to test its disclosed product groupings in fact discovery rather than strike them at the outset? At this preliminary stage, CPT needed only to show that the uncharted products are "reasonably similar" to the charted exemplars, a materially lower bar than the one governing final contentions. *IGT v. Zynga Inc.*, No. 6:21-cv-00331-ADA, Dkt. No. 61 at 4 (W.D. Tex. Mar. 1, 2022). CPT did exactly that: its teardown charts, its package-family groupings, and its patent-by-patent identification of the shared internal features amply supported letting the groupings proceed to discovery. ST's Objections acknowledge that they raise the same arguments ST made in the joint chart. Obj. at 1. Judge Gilliland reviewed those arguments and rejected them. Dkt. 50 at 1.

ST's Objections rest on the false premise that the Order shifted to ST the burden of establishing whether CPT's product groupings are proper. It did not. The Order simply permits CPT to test its preliminary showing in fact discovery rather than requiring CPT to prove its groupings conclusively before discovery begins. Nothing in ST's cited cases requires otherwise, much less supports striking accused products at this stage. Nor is remand necessary: the joint chart incorporated into the Order identifies the disputed groupings and the basis on which they were permitted to proceed. The Objections should be overruled.

## II. LEGAL STANDARD

The Order is a nondispositive pretrial ruling reviewed under Rule 72(a). "Factual findings are reviewed for clear error while legal conclusions are reviewed under the contrary to law standard"; "[*d*]*e novo* review applies to the contrary to law standard." *Coast Runner, Inc. v. Kickstarter, PBC*, No. 7:25-cv-00396-DC-RCG, Dkt. No. 107 at 6 (W.D. Tex. Feb. 22, 2026); *see* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).

Clear-error review is "highly deferential": an order stands unless the reviewing court is left with "the definite and firm conviction that a mistake has been committed." *Coast Runner*, Dkt. No. 107 at 6. A district court may not reverse merely because it would have decided the

matter differently. *Laborfest LLC v. City of San Antonio*, No. 5:19-cv-00060-JKP, Dkt. No. 91 at 2–3 (W.D. Tex. June 24, 2021). Once the law is correctly applied, the remaining range of case-management choices is reviewed for abuse of discretion. *Id.* ST cannot show that Judge Gilliland's ruling fell outside those bounds.

## III. JUDGE GILLILAND'S DENIAL OF THE STRIKE WAS NEITHER CLEARLY ERRONEOUS NOR CONTRARY TO LAW

### A. CPT showed the uncharted products are reasonably similar to the charted exemplars.

On February 12, 2026, CPT served preliminary infringement contentions charting one exemplary product for each asserted patent: STL220N6F7 for U.S. Patent No. 9,263,299, SPC582B60E1 for U.S. Patent No. 9,299,646, STM32G071CB for U.S. Patent No. 8,643,189, SR5E1E7 for U.S. Patent No. 9,685,351, and LPS28DFW for U.S. Patent No. 10,151,658. Obj. at 3. As both parties described those charts to Judge Gilliland, they relied on physical teardowns, including annotated reverse-engineering photographs, X-ray images, and cross-sectional views. Dkt. 50 at 2; Obj. at 3. From the outset, the contentions referred to additional accused products beyond those five, and at ST's request the March 27, 2026 supplement named them individually: by family, part number, and package. *See* Obj. at 3; Dkt. 50 at 2.

When ST then demanded a more explicit statement of representativeness, the June 16, 2026 supplement clarified the groupings CPT had previously provided at ST's request: for each patent, it identified the accused products and the internal feature they allegedly share with the charted exemplar, based on CPT's reverse engineering of the exemplars and ST's published package and datasheet documentation, on information and belief. Ex. A to the Objections ("Ex. A") (Dkt. 57-1) at 12, 14–15, 17, 19, 22, 25–26. Having charted the claimed structures in the exemplars, CPT grouped the accused products by package type and product line based on the package-level structures relevant to the asserted claims. *Id.* at 14–26. That is all the preliminary stage requires: uncharted products need only be "reasonably similar" to those specifically charted. *IGT*, Dkt. No. 61 at 4.

**B. ST would require CPT to prove its groupings before discovery.**

ST faults CPT for not confirming, before discovery, that every product in each family shares the accused internal structure. Obj. at 7–9. That would require CPT to prove before discovery the very internal similarities that discovery is needed to test. Seeing inside a package means destroying it or reading ST's internal design and assembly documents, so ST would have CPT buy and tear down hundreds of parts to answer a question ST can answer from its own files, files ST has opposed producing before fact discovery. Dkt. 50 at 2–3; *see also* Dkt. 49 at 1. And the statement ST quotes as a concession was CPT's complaint about ST's deficient production, not an admission: ST's public documents "do not show the internal package structures at all." Ex. A at 5–6.

*IGT* says the same thing: "even if [the defendant] is correct that products are not fairly represented, Plaintiff is still entitled to discovery to verify it when such information is not publicly available." *IGT*, Dkt. 61 at 5. That discovery is defined and waiting. CPT's June 16, 2026 letter mapped each accused package group to the ST design and assembly documents that will verify the groupings, and the companion order preserves CPT's right to seek them once fact discovery opens. Ex. A at 9–10; Dkt. 49 at 1. ST has offered nothing on the merits: no declaration and no technical document, "only attorney argument and pin counts." Dkt. 50 at 3. Striking the products now would not cure anything; it would cut off the verification *IGT* permits.

**C. The list corrections do not undermine the reasonably similar groupings.**

The list ST attacks is the list ST demanded. When ST insisted on part numbers, CPT built the list from ST's own datasheets and part-numbering conventions—a good-faith effort to map a sprawling catalog that ST alone controls. Obj. at 3; Dkt. 50 at 2; Ex. A at 2–3. The corrections do not undermine those groupings. Whether a predicted part number exists, or carries a different pin count, is something ST could confirm from its own catalog, and ST took weeks to do so. Dkt. 50 at 3. CPT dropped each part promptly once ST identified it: more than 70 entries, all before Judge Gilliland ruled. Ex. A at 12, 14, 19, 21–22, 24–25; Dkt. 50 at 3. The list was about naming products. Whether the remaining products contain the claimed internal features is a different

question, one the catalogs never answered, and one CPT will answer with ST's documents in fact discovery; if a product lacks the feature, CPT will narrow its contentions.

### D. None of ST's cases required a strike, and remand is unnecessary.

None of ST's cases required the wholesale strike ST seeks here. *See Intell. Tech LLC v. Zebra Techs. Corp.*, No. 6:19-cv-00628-ADA, Dkt. No. 31 at 1 (W.D. Tex. Apr. 29, 2020) (ordering supplemental charts and a representativeness analysis rather than striking products); *WSOU Invs. LLC v. OnePlus Tech. (Shenzhen) Co.*, No. 6:20-CV-00952-ADA, 2022 WL 174517, at *2–3 (W.D. Tex. Jan. 18, 2022) (denying motion to strike and directing further detail to imminent final contentions); *SVV Tech. Innovations, Inc. v. Samsung Elecs. Co.*, No. 6:20-cv-00139-ADA, Dkt. No. 35 at 2–3 (W.D. Tex. Aug. 9, 2020) (declining plaintiff's proposed representative-product scheduling procedure; no products stricken).

Remand is unnecessary. ST does not contend that a hearing or detailed findings were required. Obj. at 5, 10. Its argument is only that the record does not permit meaningful review. It does. The joint chart attached to the Order presents the dispute, the evidence, and both sides' requested relief, and it is before this Court just as it was before Judge Gilliland. Dkt. 50 at 1–4. *Purdue* reinforces the procedural point: there, ST likewise sought Rule 72 review of Judge Gilliland's denial of a motion to strike infringement contentions, and Judge Albright overruled the objections without remanding. *Trs. of Purdue Univ. v. STMicroelectronics N.V.*, No. 6:21-cv-00727-ADA, 2023 WL 11995494 (W.D. Tex. Nov. 27, 2023).

## IV. CONCLUSION

For the foregoing reasons, CPT respectfully requests that the Court overrule ST's Rule 72(a) Objections (Dkt. 57).

Dated: September 8, 2026

Respectfully submitted,

*/s/ Natalie Lieber*
Garland Stephens (Texas Bar No. 24053910)
garland@bluepeak.law
Robert Magee (*pro hac vice*)
robert@bluepeak.law
Justin Constant (*pro hac vice*)
justin@bluepeak.law
Richard Koehl (Texas Bar No. 24115754)
richard@bluepeak.law
Kate Falkenstien (*pro hac vice*)
kate@bluepeak.law
Heng Gong (New York Bar No. 4930509)
heng@bluepeak.law
Natalie Lieber (New York Bar No. 4672762)
lieber@bluepeak.law
Ameet Modi (*pro hac vice*)
modi@bluepeak.law
**BLUE PEAK LAW GROUP LLP**
3139 West Holcombe Blvd.
PMB 8160
Houston, TX 77025
Telephone: (281) 972-3036

*Of Counsel*:
Mark D. Siegmund (Texas Bar No. 24117055)
msiegmund@cjsjlaw.com
**CHERRY JOHNSON SIEGMUND JAMES, PC**
7901 Fish Pond Road, 2nd Floor
Waco, TX 76710
Telephone: (254) 732-2242
Fax: (866) 627-3509

William D. Ellerman (Texas Bar No. 24007151)
wellerman@cjsjlaw.com
**CHERRY JOHNSON SIEGMUND JAMES, PC**
One Glen Lakes Tower
8140 Walnut Hill Lane, Suite 105
Dallas, TX 75231
Telephone: (254) 732-2242
Fax: (866) 627-3509

ATTORNEYS FOR PLAINTIFF CHIP PACKAGING TECHNOLOGIES, LLC

## CERTIFICATE OF SERVICE

A true and correct copy of Plaintiff's Opposition to Defendant's Rule 72(a) Objections (Dkt. 57) was served via CM/ECF to all counsel of record on September 8, 2026.

*/s/ Natalie Lieber*
Natalie Lieber